DANIEL H. HANDMAN (SBN 236345)
dhandman@hkemploymentlaw.com
HIRSCHFELD KRAEMER LLP
1299 Ocean Avenue, Suite 750
Santa Monica, California 90401
Telephone:  (310) 255-0705
Facsimile:   (310) 255-0986

Attorneys for Defendants
OSAIC WEALTH, INC., JOHN JANIOS,
and ANTHONY MARTINEZ

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOGIX FEDERAL CREDIT UNION,<br><br>Plaintiff,<br><br>vs.<br><br>OSAIC WEALTH, INC.; JOHN JANIOS; ANTHONY MARTINEZ; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:25-cv-07788-RGK-MAR<br><br>[Hon. R. Gary Klausner, Ctrm 850]<br><br>**DEFENDANTS OSAIC WEALTH, INC. JOHN JANIOS AND ANTHONY MARTINEZ'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF LOGIX FEDERAL CREDIT UNION'S COMPLAINT**<br><br>Date:       November 17, 2025<br>Time:       9:00 a.m.<br>Ctrm:       850<br><br>Complaint Filed:  August 19, 2025 |

/ / /

/ / /

/ / /

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

Defendants submit this Reply in response to Logix's Opposition to Defendants' Motion to Dismiss ("Opposition"), and state as follows:

**1. Logix's Opposition proves that Counts III and VI-XI are superseded.**

As stated in Defendants' Memorandum in support of their Motion to Dismiss ("Memorandum"), the test for whether the CUTSA supersedes Counts III and VI-XI is whether there is a "material distinction" between Logix's misappropriation allegations and the supposed other supposed "aspect[s] of a larger scheme between the Individual Defendants and Osaic." *See Race Winning Brands, Inc. v. Gearhart*, 2023 WL 4681539, at *6 (C.D. Cal. Apr. 21, 2023); Opposition, p. 7. Logix's Opposition only further proves there is not.

Logix attempts to recharacterize what are clearly misappropriation allegations into something more by arguing:

> Defendants (a) planned to usurp Logix's business opportunities and undermine or transfer its customer relationships while working for Logix; (b) accessed, took, and retained company materials including both trade secret and non-trade secret files, documents, and information; (c) used these materials to approach Logix customers and market or sell them products and services offered by Osaic and its subsidiaries; and (d) made representations to Logix customers to induce them to migrate their business to Defendants, all outside the scope of their employment with Logix, without authorization and in violation of both express contractual obligations and common law duties to Logix.

Opposition, p. 7. Regardless of how much reframing Logix attempts, the foregoing clearly alleges that Defendants planned to and did take information and thereafter used that information to solicit (or as Logix calls it "approach" and "induce") customers – in other words: misappropriation.[1] Notably, Logix has not, and cannot

---

[1] To be sure: subpart (a) simply alleges that Defendants planned to misappropriate

1

DEFENDANTS' REPLY ISO THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT
CASE NO.: 2:25-cv-07788-RGK-MAR

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

under California law, assert a stand-alone claim for solicitation.  *See, e.g., Olson v. World Fin. Grp. Ins. Agency, LLC*, 2025 WL 1101520, at *5-6 (N.D. Cal. Apr. 14, 2025) (citing Cal. Bus. & Prof. Code § 16600).  Moreover, Logix admits that it "seeks only to ensure that Janios and Martinez, wherever they go, and whatever they do, act lawfully, and *leave Logix's hard-earned customer information alone in the process*" (Opposition, p. 13) and "is not seeking to prevent former employees from dealing with customers, but from *using information Logix has compiled* to shortcut the process of developing relationships and history with customers that then yields insight into their preferences and interests, and services and products that they would be more willing to purchase" (Opposition, fn. 7).[2]  In its Introduction, Logix summarizes its claims as follows: "The Complaint [Dkt. 1] alleges, clearly and specifically, the acts giving rise to Logix's claims, *namely, the Individual Defendants' brazen recording and printing of company material, and thereafter using it to solicit and abscond with Logix customers, through and for the benefit of Osaic."*  Opposition, p. 1 (emphasis added).  Thus, Counts III and VI-XI are clearly superseded by CUTSA.

**2. Logix doubles down on its generic and non-descript allegations of supposed trade secrets which are insufficient to sustain Counts IV and V.**

information (the Complaint actually does not allege any specific instances of supposed predeparture planning); subparts (b) and (c) allege actual misappropriation; and subpart (d) simply restates subpart (c).

[2] Any notion that the Individual Defendants needed to take information to "shortcut the process of developing relationships" is absurd.  The Individual Defendants have long-standing personal relationships with the customers as their financial advisors. Logix, on the other hand, has no such relationships with customers, and therefore, no insight whatsoever into their supposed wealth management needs and preferences.  As stated in the Memorandum, Logix readily admits on its own website that all wealth management services were provided by Defendants, which is the case because Logix is prohibited by securities laws and regulations from selling securities or providing investment advisory services to customers.

2

Rather than provide clarification of their supposed trade secrets, Logix instead repeats the same generic non-descript allegations which Courts have consistently found insufficient. *See* Opposition, p. 1, 3. Logix cites the general rule statements concerning pleading trade secret claims, but ignores the cases cited by Defendants applying those rules to dismiss misappropriation claims under both CUTSA and DTSA based on the same exact type of generic language used here. *See, e.g., Race Winning Brands, Inc. v. Gearhart* 2023 WL 4681539, at *5 (C.D. Cal. Apr. 21, 2023) ("customer lists, customer contacts, and customer sales" constituted "generic list of categories of various types of information and a high-level overview of [] purported trade secrets … insufficient to adequately identify a trade secret under the applicable pleading standards."); *Unified Grocers, Inc. v. VM Int'l, Inc.,* 2020 WL 5370621, at *3-4 (C.D. Cal. Apr. 8, 2020) ("customer information … customer preferences" "does not sufficiently spell out the [t]rade [s]ecrets, and instead groups them into conclusory groups" that are "insufficient to state a [DTSA] claim"); *Vendavo, Inc. v. Price f(x) AG,* 2018 WL 1456697, at *4 (N.D. Cal. Mar. 23, 2018) ("customer lists and customer related information … learned through the course of research and development" are "conclusory and generalized allegations" that are "insufficient" to state a trade secrets claim). Applying the foregoing, Logix's assertion that it has alleged misappropriation of "customer information … including, but not limited to, their identity and history with the institution, account status, and areas of interest and preferences" is still not sufficient under CUTSA or DTSA and therefore cannot save its claims from dismissal.[3]

Ultimately, Defendants are merely asking, as they have repeatedly asked, for Logix to make a basic identification of the information that Defendnats supposedly

_____

[3] Logix takes time to claim the supposed time, effort, and cost at which such unidentified information was supposedly compiled, but that does not shed any further light on what the information supposedly is.

DEFENDANTS' REPLY ISO THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT
CASE NO.: 2:25-cv-07788-RGK-MAR

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

photographed, printed, and/or removed from Logix premises.  A spreadsheet containing customer names? Some other customer list?  LPL brokerage account statements?  Logix checking account statements?  If Logix actually had evidence of wrongdoing, it could easily describe the trade secrets supposedly taken by Defendants beyond vague terms like "customer information" without compromising its purported confidentiality.  For instance, Logix could identify the names or general types of documents appearing on the supposed log of Defendants' alleged predeparture printing activity.  There is a simple explanation for why Logix has failed to do so: Defendants did not photograph, print or take anything from Logix.[4]  Thus, the Court should dismiss Counts IV and V.

Moreover, Logix's appeal to *Sun Distrib. Co., LLC v. Corbett,* 2018 WL 4951966, at \*4 (S.D. Cal. Oct. 12, 2018), as an apparent counter to *The Retirement Group. v. Galante*, 176 Cal. App. 4th 1226, 1240, 98 Cal. Rptr. 3d 585, 595 (2009), is misplaced.  Defendants do not argue that the customers' possession of their own information belies its confidentiality, but rather that the storage of that information at an unaffiliated third-party brokerage firm (LPL) which specifically permitted the Individual Defendants, in writing, to retain the information upon their departure does. *See* Memorandum, ps. 16-18.

**3. Logix misinterprets the securities laws and regulations concerning third-party brokerage arrangements that warrant dismissal of Counts I, II and VII.**

Logix's claim that Section 15(a) of the Exchange Act does not apply here is not supported by any caselaw.  As Logix notes, Section 15(a) requires an entity to register as a broker when either: (1)"mak[ing] use of the mails or any means or

---

[4] Logix's falsely claims in Opposition footnote 2 that "Defendants have not disputed, in their pre-litigation letters or the motion, the fact that Janios and Martinez did these things."  Defendants have repeatedly stated, including in their Memorandum, prior correspondences through counsel, and herein, that they did not take pictures of Logix's computers or print or take Logix's confidential information.

DEFENDANTS' REPLY ISO THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT
CASE NO.: 2:25-cv-07788-RGK-MAR

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

instrumentality of interstate commerce to effect any transactions in . . . any security," or (2) "induc[ing] or attempt[ing] to induce the purchase or sale of, any security." *See* Opposition, p. 12 (*citing* 15 U.S.C. § 78o(a)(1) and FINRA Rule 2040). Contrary to Logix's claim that Section 15(a) is not applicable, which Logix does not support with any caselaw, Defendants have cited cases demonstrating that it does apply here. For example, the court in *Schatzki v. Weiser Capital Mgmt., LLC,* interpreted Section 15(a) and FINRA Rule 2040 as follows:

> Both the Securities and Exchange Commission ("SEC") and the Financial Industry Regulatory Authority ("FINRA") have asserted that it is unlawful for registered representatives (like Plaintiff Schatzki) to share securities-related commissions with non-registered companies (like WCM). In a 1993 no-action letter, the SEC declined to recommend no enforcement action where a registered broker-dealer ("SML") proposed an arrangement that would calculate compensation for a non-broker-dealer insurance firm according to securities sales by its agents in exchange for facilitating recruitment of those agents by the broker dealer. *See The Sec. Mut. Life Ins. Co. of Lincoln, Nebraska*, 1993 WL 455423 (S.E.C. No-Action Letter Oct. 26, 1993). The principal objections raised by the SEC were that "(1) SML would receive compensation directly based on securities transactions; (2) SML would receive such compensation on a continuous basis; and (3) SML would receive such compensation based on the activities of its Agents ...." *Id.* at *5.
>
> In another no-action letter, the SEC declined to recommend no enforcement action where a non-broker-dealer firm proposed deducting overhead expenses from commission checks received by the registered representatives who were also shareholder/owners of the firm. *See Herbruck, Alder & Co.*, 2002 WL 32169905 (S.E.C. No-Action Letter

5

May 3, 2002). The SEC noted that "[a]bsent an exemption, an entity that receives securities commissions or other transaction-based compensation ... generally is itself [ ] required to register as a broker-dealer." *Id.* at *2. The SEC also noted that this principle applies not only to the person taking orders for securities transactions, but "also [to] any other person who acts as a broker with respect to that order, such as the employer of the registered representative or any other person in a position to direct ... securities activities." *Id.*

2016 WL 6662264, at *5 (S.D.N.Y. Nov. 9, 2016); *see also Brumberg, Mackey & Wall, P.L.C.,* 2010 WL 1976174, at *1-2 (S.E.C. No - Action Letter May 17, 2010) ("any person receiving transaction-based compensation in connection with another person's purchase or sale of securities typically must register as a broker-dealer or be an associated person of a registered broker-dealer").  Logix does not cite any cases challenging the foregoing, cited by Defendants in their Memorandum, and instead relies only on its own interpretation of the text of Section 15(a).[5][6]  Thus, as

---

[5] There is a purpose to the SEC's registration requirements: "'Registration as a broker-dealer provides a framework of rules to regulate the conduct of persons who receive securities transaction-based compensation, the receipt of which can create potential incentives for abusive sales practices.'" *In the Matter of Department of Enforcement v. Makkai*, 2023 FINRA Discip. LEXIS 2, *17 (Jan. 6, 2023) (citing Approval Order, 80 Fed. Reg. at 554). "This 'helps to ensure that persons who have a 'salesman's stake' in a securities transaction operate in a manner that is consistent with customer protection standards governing broker-dealers and their associated persons.'" *Id.* (*quoting Herbruck, Alder & Co.*, 2002 SEC No-Act. LEXIS 499, at *4; *accord 1st Glob., Inc.*, 2001 SEC No-Act. LEXIS 557, at *5).

[6] Logix's citation to *Marsh & McLennan Agency, LLC v. Teros Advisors, LLC,* No. 20-CV-02679-HSG, 2021 WL 4133858, at *7 (N.D. Cal. Sept. 10, 2021) is inapposite.  In that case, the court rejected FINRA Rule 2040 as a basis for dismissal of *trade secret misappropriation claims*.  Here, Defendants invoke FINRA Rule 2040 and Section 15(a) in support of voiding the FIS Agreements and Offer Letters and dismissing Logix's *contract* claims.

---

6

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

explained in Section IV(3) of Defendants' Memorandum, it is a matter of law that Logix was required to register with the SEC as a broker in order to lawfully receive compensation "in connection with" Individual Defendants' sale of securities and provision investment advisory services (per the FIS Agreements and Offer Letters).

That the Exchange Act required Logix to register as a broker is further supported by the limited exception to the rule.  In 2007, the SEC and the Federal Reserve created an exception to the broker registration requirement specifically for *banks* engaged in "third party brokerage arrangements" (like the one between Logix, LPL, and Individual Defendants) by removing such *banks* from the SEC's definition of "broker."  *See* SEC Regulation R, 72 FR 56514-01, 2007 WL 2850893, October 3, 2007; 15 U.S.C.A. § 78c(a)(4).  However, it is undisputed that Logix is a credit union not a bank, and this so-called "bank exception" does not apply to credit unions.  During the period of public comment on the proposed law, several credit unions wrote letters urging the SEC to extend the registration exemption to credit unions (which previous drafts of the law did, but the final draft did not), but the SEC declined and stated: "'bank' exceptions do not by their terms apply to credit unions."  SEC Regulation R, 72 FR 56514-01, 2007 WL 2850893, October 3, 2007, fn. 26; *see also* 15 U.S.C.A. § 78c(a)(4), (6).  Thus, Logix was still required to comply with 15 U.S.C. §78cc(b)'s registration requirement (which it did not) in order to receive the securities related compensation called for in the FIS Agreements and Offer Letters.  Consequently, as explained in Section 3 of Defendants' Memorandum, the agreements were void and unenforceable pursuant to 15 U.S.C. §78cc(b), and Counts I, II, and VII should be dismissed.

And again, though voiding a contract may be a "harsh" result, it is "what Congress intended."  *Regional Properties, Inc. v. Financial and Real Estate Consulting Company*, 678 F. 2d 552, 560-61 (5th Cir. 1982) (*quoting Eastside Church of Christ v. National Plan, Inc.*, 391 F. 2d 357, 362 (5th Cir. 1968)); *see also Lawrence v. Richman Grp. of Conn., LLC*, 407 F. Supp. 2d 385, 393 (D. Conn.

7

2005) ("[W]hile recognizing that the result 'might seem unequal, and therefore unjust, to give the defendant the privilege of setting up his own participation in the illegal contract, resulting in his gain, and deny the privilege to the plaintiff, to his loss,' courts nevertheless will not enforce an illegal contract, 'nor will they enforce any alleged right directly springing from such contract[.].'" (*quoting Design Development, Inc. v. Brignole*, 20 Conn. App. 685, 690, 570 A.2d 221 (Conn. App. Ct. 1990)); *Couldock & Bohan, Inc. v. Societe Generale Securities Corp.*, 93 F. Supp. 2d 220, 233 (D. Conn. 2000) ("[The Court] need not decide whether Defendant is an innocent party, since . . . it seeks to avoid the contract [violating § 29(b)], not to enforce it . . . The Court will not lend its assistance in enforcing the [] agreement.").

**4. Logix does not address, and therefore concedes, Defendants' request for dismissal of all Counts for violation of Cal. Bus. & Prof. Code § 16600's prohibition on *non-solicitation* agreements.**

Logix claims that Defendants are attempting to "reframe Logix's Complaint as a means of restricting their ability to *work elsewhere* in the industry." *See* Opposition, p. 13 (emphasis added). However, Defendants do not argue that the Individual Defendants are being prevented from working, but rather contacting their former customers. Defendants argue in Section IV(7) of their Memorandum that Logix is attempting to, in violation of Section 16600, impose a *de facto* non-solicitation against Defendants by preventing them from even notifying their clients that they left Logix. Logix does not address that specific argument or explain how their attempted use of restrictive covenants does not restrict Defendants' ability to contact customers, and therefore concedes the point. *See, e.g., Kroeger v. Vertex Aerospace LLC*, 2020 WL 3546086, at *11 (C.D. Cal. June 30, 2020) (argument not addressed was conceded). Thus, as set forth in Memorandum Section IV(7), the Court should dismiss all Counts based on violation of Section 16600.

**5. Logix is not entitled to amend the Complaint.**

Lastly, Logix's assertion that it "received no prior opportunity to correct

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

8

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

purported defects in its pleading because Defendnats did not engage in sufficient efforts to meet and confer before filing the motion" is false.  *See* Opposition, fn. 10.  The parties held a meet-and-confer by phone on October 1, 2025.  During that call, counsel for Defendants specifically asked whether Logix, having reviewed the Motion to Dismiss and Memorandum served on them, wanted to amend any of their claims, and offered to wait to refile the Motion until after Logix filed a new Complaint.  Logix's counsel responded by suggesting that the burden was on Defendants to identify areas of the Complaint to be amended, which Defendants' counsel naturally rejected.  Thus, Logix has already declined one opportunity to amend their Complaint and should not be given another.

## CONCLUSION

Based on their Motion, Memorandum and Reply, Defendants respectfully request that the Court dismiss the Complaint.

Dated:  November 6, 2025

HIRSCHFELD KRAEMER LLP

By: _____

Daniel H. Handman
Attorneys for Defendants
OSAIC WEALTH, INC., JOHN JANIOS,
and ANTHONY MARTINEZ

Steven L. Manchel (*Pro Hac Vice* to be filed)
Patrick M. Capodilupo (*Pro Hac Vice* to be filed)
Bowditch & Dewey
75 Federal Street, Suite 1000
Boston, MA 02110
(617) 757-6500
(508) 929-3099 (fax)
smanchel@bowditch.com
pcapodilupo@bowditch.com

9

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 11-6.1

I hereby certify that the Points and Authorities for this Motion comply with Local Rule 11-6.1 as it is under 7,000 words excluding indices and exhibits and it is under 10 pages.

\_\_ _[signature]_ \_\_

Daniel H. Handman

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

1

DEFENDANTS' REPLY ISO THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT
CASE NO.: 2:25-cv-07788-RGK-MAR

**PROOF OF SERVICE**
**Inmar Salinas v. Pitzer College, et al.**
**Case No. 25-STCV06516**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of California.  My business address is 233 Wilshire Boulevard, Suite 600, Santa Monica, CA 90401.

On **November 6, 2025**, I served true copies of the following document(s) described as **DEFENDANTS OSAIC WEALTH, INC. JOHN JANIOS AND ANTHONY MARTINEZ'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF LOGIX FEDERAL CREDIT UNION'S COMPLAINT** on the interested parties in this action as follows:

Rob A. Rodriguez, Esq.                Telephone:  (909) 944-3777
Richard A. Apodaca, Esq.              Facsimile:  (909) 285-2163
Michael Pimentel, Esq.               Email: robr@ralawllp.com
RODRIGUEZ APODACA LAW FIRM LLP             richarda@ralawllp.com
2850 Inland Empire Blvd., Bldg. B           michaelp@ralawllp.com
Ontario, CA 91764                    savannahf@ralawllp.com

*Attorneys for Plaintiff Inmar Salinas*

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address mvera@hkemploymentlaw.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **November 6, 2025**, at Santa Monica, California.

_____
Mayra L. Vera

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

1

DEFENDANTS' REPLY ISO THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT
CASE NO.: 2:25-cv-07788-RGK-MAR