SEYFARTH SHAW LLP
Katherine E. Perrelli (*pro hac vice*)
kperrelli@seyfarth.com
Seaport East
Two Seaport Lane, Suite 1200
Boston, Massachusetts 02210-2028
Telephone:  (617) 946-4800
Facsimile:   (617) 946-4801

Michael D. Wexler (*pro hac vice*)
mwexler@seyfarth.com
Besma Fakhri (*pro hac vice* to be filed)
bfakhri@seyfarth.com
233 South Wacker Drive, Suite 8000
Chicago, Illinois 60606-6448
Telephone:  (312) 460-5000
Facsimile:   (312) 460-7000

Sierra J. Chinn-Liu (SBN 322994)
schinnliu@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:  (310) 277-7200
Facsimile:   (310) 201-5219

*Attorneys for Plaintiff*
LOGIX FEDERAL CREDIT UNION

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOGIX FEDERAL CREDIT UNION,<br><br>Plaintiff,<br><br>v.<br><br>OSAIC WEALTH, INC.; JOHN JANIOS; ANTHONY MARTINEZ; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:25-cv-07788-RGK-MAR<br><br>**PLAINTIFF LOGIX FEDERAL CREDIT UNION'S NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF THE COURT'S ORDER ON DEFENDANTS' MOTION TO DISMISS (DKT. 52) OR, ALTERNATIVELY, TO AMEND ITS COMPLAINT**<br><br>Date:        January 26, 2026<br>Time:       9:00 a.m.<br>Judge:     Hon. R. Gary Klausner<br>Courtroom:  850<br><br>Date Action Filed:  August 19, 2025 |

PLAINTIFF'S MOTION FOR RECONSIDERATION

**TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on January 26, 2026, at 9:00 a.m., or as soon thereafter as counsel may be heard before the Honorable R. Gary Klausner, United States District Judge, in Courtroom 850 of the Edward R. Roybal Federal Building and United States Courthouse, located at 255 East Temple Street, Los Angeles, California 90012-3332, Plaintiff Logix Federal Credit Union ("Logix") will, and hereby does, move pursuant to Rules 15(a)(2) and 60(b)(6) of the Federal Rules of Civil Procedure and Local Rule 7-18(c) for reconsideration of the Court's December 8, 2025 Order (Dkt. 52) on the Motion to Dismiss Logix's Complaint filed by Defendants Osaic Wealth, Inc., John Janios, and Anthony Martinez (collectively, "Defendants") or, alternatively, to amend Logix's Complaint.

This Motion is brought pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure, which provides that the Court may relieve a party from an order for "any . . . reason that justifies relief" and Local Rule 7-18, which permits motions for reconsideration of this Court's orders.  The Motion is also made pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, which states that "[t]he court should freely give leave" to amend pleadings "when justice so requires."

This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities filed concurrently herewith, all the pleadings, records, and papers on file in this action, and such other further evidence and arguments as may be presented at the time of the hearing on this matter.

//

//

2

PLAINTIFF'S MOTION FOR RECONSIDERATION

This Motion was made following the conference of counsel pursuant to Local Rule 7-3, which occurred on December 17 and December 22, 2025. *See* Declaration of Besma Fakhri.

DATED: _December 22, 2025                    Respectfully submitted,

SEYFARTH SHAW LLP


By: /s/ *Sierra J. Chinn-Liu*
    Katherine E. Perrelli (*pro hac vice*)
    Michael D. Wexler (*pro hac vice*)
    Sierra J. Chinn-Liu
    Besma Fakhri (*pro hac vice* to be filed)

    Attorneys for Plaintiff
    LOGIX FEDERAL CREDIT UNION

PLAINTIFF'S MOTION FOR RECONSIDERATION

## TABLE OF CONTENTS

I.    INTRODUCTION AND RELEVANT BACKGROUND...................................1

II.   ARGUMENT..........................................................................................2

  A.   Logix's Claims for Breach of the Duty of Loyalty, Tortious Interference, and RICO Violations Withstand Rule 12(b)(6) Dismissal..........................................................................................2

    1.   Logix's Duty of Loyalty and Tortious Interference Claims Are Not Superseded by CUTSA. ................................................2

      a.   Count III Is Not Superseded by CUTSA..............................3

      b.   Count VII Is Not Superseded By CUTSA. ..........................5

      c.   Count VIII Is Not Superseded by CUTSA...........................6

    2.   Logix Has Properly Pleaded Its RICO Claims. ...............................7

  B.   In the Alternative, Logix Should Be Granted Leave to Amend. .............9

III.  CONCLUSION ....................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Allwaste, Inc. v. Hecht*,
65 F.3d 1523 (9th Cir. 1995) .................................................................................7, 8

*Am. Ironworks & Erectors, Inc. v. N.A. Constr. Corp.*,
248 F.3d 892 (9th Cir. 2001) .......................................................................................2

*Arthur J. Gallagher & Co. v. Tarantino*,
No. 20-cv-05505-EMC, 2022 WL 4092673 (N.D. Cal. July 27, 2022).....................4

*Bridgetree, Inc. v. Red F Mktg. LLC*,
No. 3:10-cv-228-FDW-DSC, 2010 WL 3081372 (W.D.N.C. Aug. 6,
2010) ............................................................................................................................8

*ChromaDex, Inc. v. Elysium Health, Inc.*,
369 F. Supp. 3d 983 (C.D. Cal. 2019) ........................................................................3

*Doe v. United States*,
58 F.3d 494 (9th Cir. 1995) ......................................................................................10

*First Advantage Background Services Corp. v. Private Eyes, Inc.*,
569 F. Supp. 2d 929 (N.D. Cal. 2008).........................................................................6

*Foman v. Davis*,
371 U.S. 178 (1962)...................................................................................................10

*Gen. Motors Corp. v. Ignacio Lopez de Arriortua*,
948 F. Supp. 670 (E.D. Mich. 1996) ...........................................................................8

*Henry Schein, Inc. v. Cook*,
No. 16-cv-03166-JST, 2017 WL 783617 (N.D. Cal. Mar. 1, 2017) ..........................4

*JEB Grp., Inc. v. San Jose III*,
No. CV-19-04230-CJC(AGRx), 2020 WL 2790012 (C.D. Cal. Mar. 31,
2020) .......................................................................................................................2, 6

*L-3 Servs., Inc. v. Szekely*,
No. 2:10cv350, 2010 WL 11579457 (E.D. Va. Sept. 24, 2010) .................................8

*Leatt Corp. v. Innovative Safety Tech., LLC*,
No. 09-CV-1301-IEG (POR), 2010 WL 2803947 (S.D. Cal. July 15,
2010) ............................................................................................................................5

*Manchester v. Sivantos GMBH*,
No. 2:17-CV-05309-ODW, 2018 WL 587849 (C.D. Cal. Jan. 29, 2018)...................5

*Nat. Immunogenics Corp. v. Newport Trial Group*,
No. SAVC 15-02034 JVS (JCGx), 2016 WL 11520711 (C.D. Cal. Aug.
1, 2016) .......................................................................................................................9

PLAINTIFF'S MOTION FOR RECONSIDERATION

*Officia Imaging, Inc. v. Langridge,*
  No. CV 17-2228-DOC, 2018 WL 6137183 (C.D. Cal. Aug. 7, 2018)........................4

*Owens v. Kaiser Found. Health Plan, Inc.,*
  244 F.3d 708 (9th Cir. 2001) ...............................................................................9

*R.R. Donnelley & Sons Co. v. Pappas,*
  No. 2:21-cv-00753-JAM-AC, 2021 WL 3488502 (E.D. Cal. Aug. 9,
  2021) ...............................................................................................................4

*Remedi8, LLC v. All. Envtl. Grp., LLC,*
  No. CV 23-05669 TJH, 2024 WL 1829617 (C.D. Cal. Feb. 5, 2024) ....................4, 6

*Spring Design, Inc. v. Barnesandnoble.com, LLC,*
  No. C 09-05185 JW, 2010 WL 11607095 (N.D. Cal. Apr. 8, 2010) .........................6

*Tatung Co., Ltd. v. Shu Tze Hsu,*
  217 F. Supp. 3d 1138 (C.D. Cal. 2016) .................................................................9

**State Cases**

*Angelica Textile Servs., Inc. v. Park,*
  220 Cal. App. 4th 495 (2013) ..............................................................................5

*Huong Que, Inc. v. Luu,*
  150 Cal. App. 4th 400 (2007) ..............................................................................3

**Federal Statutes**

18 U.S.C. § 1962(d) ..............................................................................................9

Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962 ...............*passim*

**State Statutes**

California Uniform Trade Secrets Act, Cal. Civ. Code § 3426.1, et seq.................*passim*

**Rules**

Central District Local Rule 7-18.............................................................................2

Federal Rule of Civil Procedure 15 .......................................................................9

Federal Rule of Civil Procedure 60 .......................................................................2

Federal Rule of Civil Procedure 12 .......................................................................2

iii

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION AND RELEVANT BACKGROUND

Logix initiated this action against former employees John Janios and Anthony Martinez (the "Individual Defendants") and their new employer Osaic Wealth, Inc., ("Osaic") based on Defendants' misappropriation of Logix trade secret and confidential information and unlawful solicitation and diversion of Logix customers and members. (*See* Compl., Dkt 1).

On October 15, 2025, Defendants filed their Motion to Dismiss Logix's Complaint for failure to state a claim. (Dkt. 34). In its December 8, 2025 Order, this Court denied in large part Defendants' motion. (Dkt. 52). Certain of Logix's claims, however, were dismissed, including its claims for the Individual Defendants' breach of their duty of loyalty (Count III); Osaic's tortious interference with contract (Count VII); the Individual Defendants' tortious interference with Logix's prospective business relationships (Count VIII); and Defendants' conduct proscribed by the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962, (Counts XII and XIII). (Dkt. 52, at 5-9).

As highlighted below, the material facts of the Complaint manifestly show that Logix has sufficiently alleged these claims in particular because the trade secrets matters/allegations were in actuality not incorporated into every claim and the timeline required for the continuity of the conduct under RICO is in fact spread out over many months and continues today. Logix's Complaint contains well-pleaded facts establishing that its claims for breach of the duty of loyalty and tortious interference are not superseded by the California Uniform Trade Secrets Act ("CUTSA"), Cal. Civ. Code § 3426.1, et seq. Further, Logix's Complaint—discussing the "several months" Defendants plotted and executed their scheme to usurp Logix's business, together with their continued use of Logix's trade secrets and confidential information—adequately pleads the continuity requirement and all other necessary elements of Logix's RICO claims.

Logix, accordingly, requests that this Court reconsider its December 8 Order and allow these claims to proceed as pleaded. Alternatively, Logix submits that any

deficiencies can be cured by amendment and requests leave of Court to file an amended Complaint.

## II.   ARGUMENT

### A.   Logix's Claims for Breach of the Duty of Loyalty, Tortious Interference, and RICO Violations Withstand Rule 12(b)(6) Dismissal.

A party may request relief from a court order pursuant to Federal Rule of Civil Procedure 60(b). *See Am. Ironworks & Erectors, Inc. v. N.A. Constr. Corp.*, 248 F.3d 892, 888-89 (9th Cir. 2001). In pertinent part, Rule 60(b) provides that, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).

Additionally, Local Rule 7-18 empowers this Court to reconsider its prior orders and decisions. Rule 7-18 provides, in relevant part, that "[a] motion for reconsideration of an Order on any motion or application may be made" on grounds of a "manifest showing of a failure to consider material facts presented to the Court before the Order was entered." L.R. 7-18(c).

Material facts in the Complaint, not fully addressed by this Court's December 8 Order, show that Logix's claims for duty of loyalty, tortious interference, and RICO were properly alleged and survive Rule 12(b)(6) dismissal.

#### 1.   Logix's Duty of Loyalty and Tortious Interference Claims Are Not Superseded by CUTSA.

Claims that, "although related to a trade secret misappropriation, are independent and based on facts distinct from the facts that support the misappropriation claim" are not superseded by CUTSA. *JEB Grp., Inc. v. San Jose III*, No. CV-19-04230-CJC(AGRx), 2020 WL 2790012, at *4 (C.D. Cal. Mar. 31, 2020). Consideration of Logix's allegations, in tandem with governing law, demonstrates that Logix's claims for breach of the duty of loyalty and tortious interference are not supplanted by CUTSA.

### a.    Count III Is Not Superseded by CUTSA.

Count III of Logix's Complaint alleges that the Individual Defendants, as Logix employees, breached their duty of loyalty to Logix. (Dkt. 1, ¶¶ 36-40). It is well-settled that "an employee, while employed, owes an undivided loyalty to his employer." *Huong Que, Inc. v. Luu*, 150 Cal. App. 4th 400, 414 (2007). Consistent with this duty, "California law does not authorize an employee to transfer his loyalty to a competitor" before departing from his employer. *Id.* This Court dismissed Count III on grounds of CUTSA supersession, summarizing Logix's allegations as being based on the Individual Defendants' "plan to undermine Logix's business relationships by using the misappropriated trade secrets." (Dkt. 52, at 6).

Logix's allegations, however, extend beyond trade secret misappropriation. Logix alleges that, "by virtue of their relationship of trust and confidence with Logix," the Individual Defendants were afforded access to Logix's "customers and members" and their respective accounts with Logix. (Dkt. 1, ¶¶ 37-38). In breach of their duty of loyalty to Logix, the Individual Defendants "while employed by and under contract with Logix," architected and participated in a plan to "convert [Logix's] confidential information, undermine its relationships, and transfer them over to a competing entity." (*Id.* ¶ 39). Logix expressly alleges that its cause of action for breach of the duty of loyalty "is not based on the misappropriation of trade secrets," but upon the Individual Defendants' misconduct to "gain control of and interfere" with Logix customers and "use the same for the benefit of Osaic or their own competing entity." (*Id.* ¶ 38).

These material facts alleged in the Complaint warrant reconsideration. Because Logix's claim for breach of the duty of loyalty is premised on misconduct "broader and different" from Defendants' taking of Logix's trade secrets, it is not displaced by CUTSA. *ChromaDex, Inc. v. Elysium Health, Inc.*, 369 F. Supp. 3d 983, 990 (C.D. Cal. 2019). Indeed, courts routinely permit duty of loyalty claims where, as here, a defendant, while still employed, acted to "undermine" customer relationships and "transfer them over to a competing entity," in addition to misappropriating trade secrets. (Dkt. ¶ 39); *see*

3

PLAINTIFF'S MOTION FOR RECONSIDERATION

*R.R. Donnelley & Sons Co. v. Pappas*, No. 2:21-cv-00753-JAM-AC, 2021 WL 3488502, at *2-3 (E.D. Cal. Aug. 9, 2021) (duty of loyalty claim not superseded where plaintiff alleged that employee "divert[ed] business away" and "failed to disclose" business opportunities, in addition to trade secret misappropriation); *Remedi8, LLC v. All. Envtl. Grp., LLC*, No. CV 23-05669 TJH (JPRx), 2024 WL 1829617, at *3 (C.D. Cal. Feb. 5, 2024) (duty of loyalty claim not superseded where it was "based on the individual Defendants' solicitation" of customers and employees and, thus, had "a factual basis independent of the misappropriation of trade secrets"); *Arthur J. Gallagher & Co. v. Tarantino*, No. 20-cv-05505-EMC, 2022 WL 4092673, at *11 (N.D. Cal. July 27, 2022) (no supersession where plaintiff alleged former employee's breach of loyalty through "soliciting customers and employees from [plaintiff] while they were still employed") ("The claim of breach of fiduciary duty is broader (though it includes) the claims of trade secret misappropriation, and as such, is not preempted."); *Henry Schein, Inc. v. Cook*, No. 16-cv-03166-JST, 2017 WL 783617, at *3 (N.D. Cal. Mar. 1, 2017) (loyalty claim not superseded where allegations did "not merely restate the same facts as the CUTSA claim" and instead pleaded that defendant "schem[ed] to deceive and defraud" plaintiff and attempted to "solicit and divert customers away from" plaintiff).

The Individual Defendants engaged in independently wrongful conduct, separate and apart from trade secret misappropriation, by attempting to "gain control of and interfere" with Logix's customers relationships "for the benefit of Osaic," while employed at Logix, thereby transferring its loyalties to Osaic while still employed by Logix. (Dkt. 1, ¶ 38). Count III is, therefore, not superseded by CUTSA.

Moreover, Logix alleges that the Individual Defendants unlawfully took Logix's "confidential information," including highly sensitive customer profile information, in breach of their duty of loyalty to Logix. (Dkt. 1, ¶ 39). A claim based on the Individual Defendants' failure to refrain from conduct that is inimical to Logix's best interests does not "require that the confidential information qualify as a trade secret." *Officia Imaging, Inc. v. Langridge*, No. CV 17-2228-DOC (DFMx), 2018 WL 6137183, at *9-10 (C.D.

4

Cal. Aug. 7, 2018) (duty of loyalty claim not superseded by CUTSA, where plaintiff alleged that defendant "divert[ed] such confidential information for his own use and for the benefit of [new employer]"). Because Logix's breach of duty of loyalty claim "ha[s] a basis independent of any misappropriation of trade secret," it avoids CUTSA supersession. *Angelica Textile Servs., Inc. v. Park*, 220 Cal. App. 4th 495, 508 (2013) (finding claim for breach of fiduciary duty was independent of trade secret claim).

### b. Count VII Is Not Superseded By CUTSA.

Logix's claim for Osaic's tortious interference with the Individual Defendants' contractual obligations to protect Logix's confidential information also withstands dismissal.

Logix alleges that "[i]n addition to information claimed as trade secrets," Logix maintains "***other*** information as confidential that derives value from not being publicly known, or which Logix has legal or contractual obligations to maintain as confidential." (Dkt. 1 ¶ 12) (emphasis added). This information ("Confidential Information") includes, *inter alia*, "company-specific processes and methods of doing business" and "compilations and records of data other than customer and member data," all of which Logix safeguards through numerous measures, including limiting access to this information on a "need to know" basis. (*Id.* ¶¶ 12-13). The Individual Defendants also executed agreements prohibiting the unauthorized disclosure of Logix Confidential Information. (*Id.* ¶ 15).

As this Court acknowledged, Count VII is premised on Osaic's conduct in inducing the Individual Defendants to purloin "Logix's Confidential Information," in order to bypass or shortcut business development, "resulting in immense cost-savings to" Osaic. (*Id.* ¶ 69) (emphasis added). Critically, "claims that rely on facts falling short of a 'trade secret' survive CUTSA's preemptive effect." *Manchester v. Sivantos GMBH*, No. 2:17-CV-05309-ODW (JEMx), 2018 WL 587849, at *6 (C.D. Cal. Jan. 29, 2018) (emphasis added). Courts recognize this distinction between trade secrets and confidential information in the context of CUTSA supersession. *See also Leatt Corp. v.*

5

*Innovative Safety Tech., LLC*, No. 09-CV-1301-IEG (POR), 2010 WL 2803947, at *6 (S.D. Cal. July 15, 2010) ("To the extent these claims are based upon non-trade secret information, the Court agrees that they should be allowed to go forward at this stage."); *First Advantage Background Services Corp. v. Private Eyes, Inc.*, 569 F. Supp. 2d 929, 942 (N.D. Cal. 2008) ("so long as the confidential information at the foundation of the claim is not a trade secret," claim is not superseded by CUTSA); *Spring Design, Inc. v. Barnesandnoble.com, LLC*, No. C 09-05185 JW, 2010 WL 11607095, at *2 (N.D. Cal. Apr. 8, 2010) (rejecting CUTSA supersession argument where plaintiff pleaded difference between trade secrets and confidential information, reasoning that "if the confidential information is not a trade secret, then preemption would not apply").

Logix's facts outlining the contours of, and the distinction between, Logix "Confidential Information" (Dkt. 1, ¶¶ 12-13) and Logix's "Trade Secrets" (*id.* ¶¶ 10-11) are critical ones that justify reconsideration here. The trade secret allegations are not incorporated into each claim, nor do they serve as the sole basis of the claims in which the allegations *are* incorporated. The allegations in the Complaint are carefully delineated for this exact reason. Because Count VII is predicated on Osaic inducing the Individual Defendants to use and disclose Logix's Confidential Information in violation of their contractual duties, the claim is not subject to CUTSA supersession.

### c.   Count VIII Is Not Superseded by CUTSA.

As to Count VIII, Logix alleges that the Individual Defendants, "well aware of" Logix's prospective business relations with customers and members, "willfully and intentionally interfered with these relationships" by "aiding, abetting, assisting, and/or inducing the customers and members to terminate their relationships with Logix and obtain the same or similar services" from Individual Defendants and/or Osaic. (Dkt. 1, ¶¶ 73-74). Because "the gravamen of the wrongful conduct asserted in th[is] claim[] is *not* the misappropriation of trade secrets, but the improper solicitation of [Logix's] clients," this claim also is not superseded by CUTSA. *JEB Grp.*, 2020 WL 2790012, at *4 (emphasis added) (internal quotation marks omitted); *see also Remedi8*, 2024 WL

6

PLAINTIFF'S MOTION FOR RECONSIDERATION

1829617, at *4-5 (CUTSA not displaced where plaintiff's claim for tortious interference was "based on the allegation that the Defendants interfered with [plaintiff's] relationships with its customers so that they could foster their own relationships with those same customers").

### 2.    Logix Has Properly Pleaded Its RICO Claims.

Logix's Complaint alleges facts sufficient to maintain its RICO claim (Count XII), including specific facts to support RICO's continuity requirement. A plaintiff can establish that predicate acts were continuous by either pleading "closed-ended continuity" (i.e., a closed period of repeated conduct) or "open-ended continuity" (i.e., conduct that demonstrates a threat of future criminal conduct). *Allwaste, Inc. v. Hecht*, 65 F.3d 1523, 1526 (9th Cir. 1995). The Ninth Circuit has confirmed that, in relation to the continuity requirement, "flexibility rather than rigidity should govern the application of RICO." *Id.* at 1528.

Logix alleges that Defendants engaged "in a scheme to steal Logix property, undermine and convert its customer relationships and partnerships with third parties, and mislead customers." (Dkt. 1, ¶ 97). Defendants' plan was effectuated through "a series of unlawful acts," principally Defendants' misappropriation of Logix's confidential and trade secret material "for their own benefit," and was perpetrated "over a prolonged period of time—a minimum of several months." (*Id.* ¶¶ 97-98). The scheme included the Individual Defendants unlawfully "taking photographs of information on their onsite Logix computers *the day of their abrupt departures*" and, separately, "stuffing documents into computer cases *just prior to departure*" and going "on a printing spree, creating hard copies of massive amounts of [Logix] information *also prior to departure*." (*Id.* ¶ 19) (emphasis in original).

Given the timing of these activities and the coordinated nature of their abrupt departures, the Individual Defendants necessarily began collaborating with Osaic over a time period that precedes the departures themselves. Accordingly, Logix does not plead that these predicate acts "occurred on the same day." (Dkt. 52, at 8). Rather, Logix

PLAINTIFF'S MOTION FOR RECONSIDERATION

alleges that Defendants developed and executed their scheme to divert Logix's business over "several months" and that their "nefarious acts" manifested in "short spurts"—i.e., mass printing and stealing documents—"during that same prolonged timeframe." (*Id.* ¶ 97). Viewing these allegations in the light most favorable to Logix, the close-ended continuity requirement has been met.

An examination of the facts also shows that Logix has pleaded open-ended continuity or "past conduct that by its nature projects into the future with a threat of repetition." *Allwaste*, 65 F.3d at 1526. Logix alleges that "[f]or several months, continuing to date," the Individual Defendants and Osaic have worked "in concert with one another to commit numerous and repeated violations" of law, including the DTSA, by continuing to misappropriate and access Logix's trade secret material for Defendants' "own benefit." (Dkt. 1, ¶ 99). That is, Defendants' unlawful scheme is ongoing in the form of their continued exploitation of Logix's trade secrets.

Significantly, courts recognize that repeated, unauthorized use of trade secrets satisfies the RICO continuity requirement, as "the thief who steals a trade secret victimizes the owner every time the trade secret is used." *Gen. Motors Corp. v. Ignacio Lopez de Arriortua*, 948 F. Supp. 670, 679 (E.D. Mich. 1996) (denying motion to dismiss RICO claim); *see also L-3 Servs., Inc. v. Szekely*, No. 2:10cv350, 2010 WL 11579457, at *13 (E.D. Va. Sept. 24, 2010) (same, reasoning, "[a]lthough the fraudulent obtainment aspect of the scheme has ceased, Defendants allegedly continue "to illicitly exploit [Defendant's technology] and other proprietary business assets—some of which may be [patented]—as if the product of its own efforts"); *Bridgetree, Inc. v. Red F Mktg. LLC*, No. 3:10-cv-228-FDW-DSC, 2010 WL 3081372, at *4 (W.D.N.C. Aug. 6, 2010) (same, emphasizing allegations that "Red F continues to illicitly exploit Bridgetree's source code and other proprietary business assets"). Defendants "continue to engage" in their illegal enterprise to "convert Logix clients and their business to Osaic," which "continues to result in lost business and damages to Logix." (Dkt. 1, ¶¶ 1, 23). In view of these facts,

PLAINTIFF'S MOTION FOR RECONSIDERATION

and particularly under the governing liberal pleading standard, Logix satisfies the continuity requirement.

Additionally, Logix, in Count XIII, has sufficiently alleged conspiracy to commit RICO violations, a separate cause of action not analyzed in the December 8 Order. *See* 18 U.S.C. § 1962(d) (providing that "[i]t shall be unlawful for any person to conspire to violate any of the provisions" of RICO). "Importantly, it is the mere agreement to violate RICO that § 1962(d) forbids; it is not necessary to prove any substantive RICO violations ever occurred as a result of the conspiracy." *Tatung Co., Ltd. v. Shu Tze Hsu*, 217 F. Supp. 3d 1138, 1170 (C.D. Cal. 2016) (internal quotation marks and brackets omitted). The agreement need not be express and can be "inferred from the words, actions, or interdependence of activities and persons involved." *Id.* at 1173; *see also Nat. Immunogenics Corp. v. Newport Trial Group*, No. SAVC 15-02034 JVS (JCGx), 2016 WL 11520711, at *13 (C.D. Cal. Aug. 1, 2016) (denying motion to dismiss RICO conspiracy claims).

In addition to sufficiently alleging the requisite substantive elements of RICO (*see supra*), Logix has alleged that the Individual Defendants, together with Osaic, "designed and perpetrated a scheme to exfiltrate [Logix] Trade Secrets and Confidential Information" and use such information to "siphon away Logix customers and their business to Osaic," and that Defendants "knowingly agreed to facilitate" this scheme. (Dkt. 1 ¶¶ 17, 106). Drawing all reasonable inferences in its favor, Logix has sufficiently alleged a viable claim for RICO conspiracy.

**B.    In the Alternative, Logix Should Be Granted Leave to Amend.**

While Logix maintains that its claims are adequately pleaded, any deficiencies perceived by this Court may be remedied by amendment, and Logix respectfully renews its request for leave to amend.[1] Federal Rule of Civil Procedure 15 provides that "[t]he court should freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). This standard is "to be applied with extreme liberality." *Owens v. Kaiser Found.*

---

[1] Logix requested leave to amend, if necessary, in its Opposition brief. (Dkt. 39, at 14).

PLAINTIFF'S MOTION FOR RECONSIDERATION

*Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001); *see also Foman v. Davis*, 371 U.S. 178 (1962) (leave should be freely given, absent undue delay, bad faith, failure to cure deficiencies, and undue prejudice to opposing party). Ordinarily, a district court should grant leave to amend "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

Application of the *Foman* factors here strongly militates in favor of leave to amend. This case is still in the pleadings stage, Logix has made no prior amendments, the present request is not made in bad faith, and Defendants would not be prejudiced, as there is still ample time to conduct discovery. Relatedly, amendment would not be futile in that Logix, herein, has demonstrated how its causes of action are legally viable. If reconsideration of this Court's December 8 Order is not granted, Logix should be permitted leave of Court to amend its Complaint to cure any deficiencies, including supplementing its claims with additional factual support.

## III.   CONCLUSION

Logix submits that, for the foregoing reasons, its causes of action in Counts III, VII, VIII, XII, and XIII of its Complaint are sufficiently alleged and survive dismissal. Accordingly, Logix respectfully requests that this Court reconsider and modify its December 8 Order.

DATED: December 22, 2025

Respectfully submitted,

SEYFARTH SHAW LLP

By: /s/ *Sierra J. Chinn-Liu*
Katherine E. Perrelli (*pro hac vice*)
Michael D. Wexler (*pro hac vice*)
Sierra J. Chinn-Liu
Besma Fakhri (*pro hac vice* to be filed)

Attorneys for Plaintiff
LOGIX FEDERAL CREDIT UNION

10

PLAINTIFF'S MOTION FOR RECONSIDERATION

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 11-6.1

The undersigned, counsel of record for Plaintiff LOGIX FEDERAL CREDIT UNION, certifies that this brief contains 3,241 words, which complies with the word limit of L.R. 11-6.1.

DATED: December 22, 2025

By: /s/ *Sierra J. Chinn-Liu*
Katherine E. Perrelli (*pro hac vice*)
Michael D. Wexler (*pro hac vice*)
Sierra J. Chinn-Liu
Besma Fakhri (*pro hac vice* to be filed)

Attorneys for Plaintiff
LOGIX FEDERAL CREDIT UNION

11

PLAINTIFF'S MOTION FOR RECONSIDERATION

322569363v.2