DANIEL H. HANDMAN (SBN 236345)
dhandman@hkemploymentlaw.com
HIRSCHFELD KRAEMER LLP
1299 Ocean Avenue, Suite 750
Santa Monica, California 90401
Telephone: (310) 255-0705
Facsimile: (310) 255-0986

Steven L. Manchel (*pro hac vice*)
Patrick M. Capodilupo (*pro hac vice*)
smanchel@bowditch.com
pcapodilupo@bowditch.com
Bowditch & Dewey
75 Federal Street, Suite 1000
Boston, MA 02110
Telephone: (617) 757-6528
Facsimile: (508) 929-3099

Attorneys for Defendants
OSAIC WEALTH, INC., JOHN JANIOS,
and ANTHONY MARTINEZ

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOGIX FEDERAL CREDIT UNION,<br><br>Plaintiff,<br><br>v.<br><br>OSAIC WEALTH, INC.; JOHN JANIOS; ANTHONY MARTINEZ; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:25-cv-07788-RGK-MAR<br><br>**DISCOVERY MATTER**<br><br>[LOCAL RULES 7-19 and 7-19.1]<br><br>**DEFENDANTS' FIRST OPPOSED *EX PARTE* APPLICATION TO QUASH PLAINTIFF'S SUBPOENAS FOR PHONE RECORDS**<br><br>Judge: Hon. Margo A. Rocconi<br>Courtroom: 790<br><br>Date Action Filed: August 19, 2025 |

**TO PLAINTIFF AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to Federal Rule of Civil Procedure 45 and Local Rules 7-19 and 7-19.1, Defendants Osaic Wealth, Inc. ("Osaic"), John Janios ("Janios"), and Anthony Martinez ("Martinez"), by and through their undersigned counsel, hereby submit this First Opposed *Ex Parte* Application

i

("Application") to Quash Plaintiff Logix Federal Credit Union's ("Logix") Subpoenas to Verizon Communications, Inc. ("Verizon") and Charter Communications, Inc. ("Charter") (the "Subpoenas").

In short, Plaintiff has served two egregiously overboard Subpoenas to Verizon and Charter seeking, *inter alia*, all of the Individual Defendants' text messages, regardless of the subject matter, sender, or recipient. Not only do the Subpoenas plainly violate the basic rules of discovery and the Individual Defendants' rights to privacy, they are a clear breach of the Stored Communications Act, 18 U.S.C. § 2703, *et seq.*, under which the Ninth Circuit has previously allowed claims to proceed against attorneys who served nearly identical subpoenas. Notably, this is not the first time that Plaintiff has deliberately attempted to intrude on the Individual Defendants' private personal lives, as the Court recently ruled in its May 14, 2025 Order that Plaintiff's earlier document requests to Defendants for a subset of the same exact text messages were "wildly overbroad." Despite the Court's clear ruling, and despite Defendants' repeated requests to Plaintiff, they have still not withdrawn or modified the Subpoenas. Consequently, the Individual Defendants have been left with no choice but to bring this Application in order to protect their private personal text messages.

This dispute presents a sufficient emergency for *ex parte* relief because Defendants, despite their numerous attempts, have been given no assurances, from Plaintiff, Verizon, Charter, or otherwise, that their irrelevant personal text messages will not be released before the Court can intervene. In accordance with Local Rule 7-19.1, counsel for Defendants notified counsel for Plaintiff of the substance of this Application by way of an April 29, 2026 letter objecting to the Subpoenas, a May 12, 2026 telephonic meet-and-confer, and email dated May 26, 2026 attaching the Application. Through those correspondences, and others, Defendants made numerous attempts to obtain the relief requested in this Application without Court intervention, but were unsuccessful.

ii

DEFENDANTS' FIRST OPPOSED EX PARTE APPLICATION TO QUASH PLAINTIFF'S SUBPOENAS FOR PHONE RECORDS

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.     BRIEF FACTUAL AND PROCEDURAL BACKGROUND

This case concerns an industry standard and FINRA- and SEC-compliant transition of two financial advisors from one brokerage firm, LPL Financial, LLC ("LPL") to another, Osaic.  Logix's relationship to this matter is as a credit union, which, because it is prohibited by FINRA and the SEC from engaging in any securities business or holding securities accounts, contracts with LPL to permit financial advisors, like the Individual Defendants, to offer securities services to Logix's credit union customers.  *See Compl.*, ¶ 10; ¶¶ 25, 31.[1]  In exchange, Logix receives a referral fee in the form of a share of the securities commissions earned by the advisors.  *Id.*

On April 9, 2025, the Individual Defendants terminated their affiliation with LPL and Logix and became affiliated with Osaic.  *Compl.*, ¶¶ 1, 2, 20-23.  Upon their termination, the Individual Defendants retained only non-confidential and publicly available contact information for their long-time customers.  Over the ensuring months, many of the Individual Defendants' customers transferred their securities accounts from LPL to Osaic in order to continue being serviced by the financial advisors with whom they have entrusted their families' financial well-being for years.

---

[1] S*ee also* https://www.logixbanking.com/investments ("Brokerage Disclosures: The financial consultants of Logix Financial Services are registered representatives with, and Securities and advisory services are offered through LPL Financial (LPL), a registered investment advisor and broker/dealer (member FINRA/SIPC). Insurance products are offered through LPL or its licensed affiliates. Logix Federal Credit Union (LFCU) and Logix Financial Services are not registered as a broker/dealer or investment advisor.  Registered representatives of LPL offer products and services using the name Logix Financial Services, and may also be employees of LFCU.  These products and services are being offered through LPL or its affiliates, which are separate entities from and not affiliates of LFCU or Logix Financial Services … Securities and insurance offered through LPL or its affiliates are … Not Credit Union Deposits or Obligations.  Logix Federal Credit Union provides referrals to financial professionals of LPL Financial LLC ("LPL") pursuant to an agreement that allows LPL to pay the Financial Institution for these referrals." ).

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

1

On August 19, 2025 Logix filed a thirteen-Count Complaint ("Complaint") against Defendants alleging that the Defendants misappropriated Logix's confidential information and trade secrets to solicit customers to move their LPL securities accounts to Osaic.  On October 15, 2025, Defendants filed a Motion to Dismiss.  On December 8, 2025, the Court dismissed seven counts: Count III – Breach of Duty of Loyalty; Count VII – Tortious Interference with Contract; Count VIII – Tortious Interference with Prospective Economic Advantage; Count X – Conspiracy; Count XI – Conversion; Count XII – Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c); and Count XIII – RICO Conspiracy, 18 U.S.C. § 1962(d).  Dkt. 52.  Logix moved for reconsideration on December 22, 2025, which the Court denied on February 6, 2026.  Dkt. 61.  The following six counts remain:  Count I – Breach of Contract (against Janios); Count II – Breach of Contract (against Martinez); Count IV – Misappropriation of Trade Secrets under DTSA; Count V – Misappropriation of Trade Secrets under CUTSA; Count VI – Violation of California Penal Code § 502; and Count IX – Unfair Competition in Violation of Cal. Bus. & Prof. Code § 17200 *et seq*.

On April 7, 2026, Logix filed an extensive Motion to Compel, which the Court ultimately denied on May 14, 2026 as either moot, or beyond the scope of permissible discovery.  Dkt. 81.  While the Motion to Compel was still pending, Logix served Subpoenas on the phone carriers for the Individual Defendants' personal cell phones on April 16, 2026.  Copies of the Subpoenas are attached as Exhibit 1 to the Declaration of Patrick M. Capodilupo ("Capodilupo Decl.") submitted herewith.  Consistent with Logix's tactics throughout this litigation, the Subpoenas are egregiously overbroad and do not even attempt to target relevant information.  In the Subpoenas, Logix makes four requests for the Individual Defendants' personal phone records from April 1, 2024 to April 1, 2026: (1) a log of all phone calls, regardless of the caller/recipient; (2) all text message communications, regardless of the caller/recipient and subject matter; (3) a

2

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

complete record of billing statements; and (4) a log of all voicemails (excluding the content of the voicemail), regardless of the caller/recipient.  Capodilupo Decl., Ex. 1.  Indeed, the Subpoenas are so overly broad that they necessarily seek the Individual Defendants' text messages with family members, friends, and others concerning private and personal matters.  Moreover, Plaintiff also served the Subpoenas while their Motion to Compel production of a subset of the same exact text messages was still pending before the Court.  *Compare* Capodilupo Decl. Ex. 1 *with* Dkt. 81, Page ID# 1115.

The Individual Defendants timely objected to the Subpoenas via letter dated April 29, 2026.  Capodilupo Decl.,¶ 4.  In the letter, the Individual Defendants informed Logix that they would move to quash if Logix did not withdraw the Subpoenas and reissue new subpoenas that are properly tailored to the surviving claims.  *Id.*  The Individual Defendants also served Verizon and Charter with notice of the Individual Defendants' objections.  *Id.* at ¶ 5.  In response, not only did Plaintiff refuse Defendants' reasonable request to place basic subject matter limitations on the subpoenas, Plaintiff threatened to seek sanctions against Defendants and stated that they planned to tell Verizon and Charter to ignore Defendants' objections.  *Id.* at ¶ 6.  Defendants also requested that Plaintiff provide the names and contact information of anyone from Verizon or Charter with whom they have been in contact with so that the Individual Defendants could ensure their private personal communications are not released before the Court has an opportunity to rule on the matter; however, Plaintiff declined this simple request as well.  *Id.* at ¶ 4, 8.

Counsel for the parties held a telephonic meet-and-confer on May 12, 2026.  *Id.* at ¶ 7.  Counsel for the parties further discussed the phone subpoenas in the context of other discovery in a subsequent phone call, during which Defendants' counsel again informed them of their intent to move to quash if they did not narrow

Hirschfeld Kraemer LLP
Attorneys At Law
Santa Monica

DEFENDANTS' FIRST OPPOSED EX PARTE APPLICATION TO QUASH PLAINTIFF'S
SUBPOENAS FOR PHONE RECORDS

the Subpoenas. *Id.* As of the date of this filing, Logix has not withdrawn or modified the Subpoenas. *Id.* at 8.

## II.    LEGAL STANDARD

Federal Rule 45 permits a party to move to quash a subpoena "within a reasonable time after … informal [and] …good faith efforts to resolve the matter outside of Court[.]" *In re DMCA § 512(h) Subpoena to Twitter, Inc.*, 608 F. Supp. 3d 868, 875 (N.D. Cal. 2022). The right to quash extends beyond the subpoenaed party to persons with a personal right or privilege in the information sought. *See ASHKAN RAJAEE, an individual, Plaintiff, v. KRESSES & PIASECKI LEGAL PC, et al., Defendants. Additional Party Names: Chris Bruck, Kolette Kresses*, 2023 WL 12263416, at *3 (S.D. Cal. Nov. 7, 2023) (*citing Crispin v. Christian Audigier, Inc.*, 717 F. Supp. 2d 965, 974–76 (C.D. Cal. 2010) (finding a personal right to the profile or inbox of a social media profile); *Sines v. Kessler*, 2018 WL 3730434, at *9 (N.D. Cal. Aug. 6, 2018) ("Although Doe is not a party, decisions in this district have found that non-parties with a 'personal right or privilege' in the information sought by the subpoena have standing, particularly where the information is protected by the [Stored Communications Act]."); *Chevron Corp. v. Donziger*, 2013 WL 4536808, at *5 (N.D. Cal. Aug. 22, 2013) ("Ownership of the email addresses gives the Doe movants a personal stake in the outcome of this dispute, and therefore standing to quash the subpoenas for those thirty-two email addresses."). A subpoena "must be relevant to the party's claim" and must be quashed or modified if it "subjects a person to undue burden" or "requires disclosure of privileged or other protected matter[.]" *See ASHKAN RAJAEE,* 2023 WL 12263416, at *4-5 (citing Rules 45 and 26).

## III.    ARGUMENT

It is without question that the Subpoenas, including in particular, Logix's demand for all text messages without any regard for the subject matter, sender, or

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

4

recipient, violate the basic rules of discovery, the Individual Defendants' rights to privacy, and the Stored Communications Act, 18 U.S.C. § 2703.  Notably, Logix has declined to withdraw the Subpoenas even after the Court ruled in its May 14 Order that Logix's document requests to Defendants for the same exact text messages were, "wildly overbroad and disproportionate."  Dkt. 81, Page ID# 1115.

As has been noted in this litigation, it is simply axiomatic that discovery requests must contain limitations on the subject-matter of information sought, a basic discovery requirement that Plaintiff has repeatedly ignored.  *See* Dkt. 81, Page ID# 1115-6.  *See, e.g., Struck v. Gao*, 2023 WL 4155373, at *11 (C.D. Cal. Mar. 15, 2023) ("seeking 'all communications' between two parties has been found 'to be overbroad if there is no further limiting language.'" (citing cases)); *Associated Indus. Ins. Co. v. San Joaquin Hills Transp. Corridor Agency*, 2023 WL 2347387, at *4 (C.D. Cal. Feb. 13, 2023) (finding requests without any "subject matter limitation tied to the issues in this case … not proportional"); *Grober v. Mako Prods., Inc.*, 2016 WL 7429139, at *1 (C.D. Cal. Aug. 9, 2016), *aff'd,* 745 F. App'x 159 (Fed. Cir. 2018) (Litigants are not entitled "to see every single document that might in any possible way be related to th[e] litigation."); *VibrantCare Rehab., Inc. v. Deol*, 2022 WL 2392478, at *3 (E.D. Cal. July 1, 2022) (citing Fed. R. Civ. P. 26(b)(1)) ("relevance alone will not justify discovery; discovery must also be proportional to the needs of the case").  *See also*, *In re Grand Jury Subpoena, JK-15-029*, 828 F.3d 1083, 1089 (9th Cir. 2016) (quashing subpoena where "there [was] no subject matter limitation whatsoever on the documents sought").

Moreover, courts have long held that individuals have a strong privacy interest in their personal phone records, and quashed subpoenas on that basis.  *See*, *e.g.*, *Mountains of Spices LLC v. Lafrenz*, 2023 WL 2716645, at *3 (D. Ariz. Mar. 30, 2023) (quashing subpoena for "all of [subpoenaed party's] ingoing and outgoing call records, billing and payment records, and text messages for a three-year period"); *Clay v. Lambert*, 2017 WL 4755152, at *4 (D. Colo. Oct. 20, 2017)

5

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

("a reasonable person would not expect the numbers they dial on their personal cell phone to become public knowledge."); *Doe v. City of San Diego*, 2013 WL 2338713, at \*2 (S.D. Cal. May 28, 2013) (plaintiff had standing to move to quash the subject subpoenas because she had a privacy interest in her cell phone records); *Hawaii Reg'l Council of Carpenters v. Yoshimura*, 2017 WL 738554, at \*2 (D. Haw. Feb. 17, 2017) (a party has "'a personal interest in securing the privacy of his cell phone records'" (quoting *Ademiluyi v. Phillips*, 2014 WL 7012493, at \*2 (D. Nev. Dec. 12, 2014)).

Finally, the Subpoenas are a clear violation of the Stored Communications Act, which "prohibits [Verizon] and [Charter] from disclosing [text messages] to Plaintiff." *Hawaii Reg'l Council of Carpenters v. Yoshimura*, 2017 WL 738554, at \*3–4 (D. Haw. Feb. 17, 2017) (" 'The SCA does not contain an exception for civil discovery subpoenas.' " *quoting Mintz v. Mark Bartelstein & Assocs., Inc.*, 885 F. Supp. 2d 987, 991 (C.D. Cal. 2012)). ***In fact, the Subpoenas are so blatantly improper that the Ninth Circuit has previously allowed claims to proceed against attorneys who served nearly identical subpoenas for a party's personal communications.*** *See Theofel v. Farey-Jones*, 359 F.3d 1066, 1071–75 (9th Cir. 2004) (reversing lower court's dismissal of claims against attorneys for breach of the SCA where attorneys served subpoena seeking all of plaintiff's emails from third-party email provider). In *Theofel* the Ninth Circuit was highly critical of the attorney's decision to serve the subpoena:

> Under the Federal Rules, [Attorney] Kwasny was supposed to "take reasonable steps to avoid imposing undue burden or expense" on NetGate. Fed.R.Civ.P. 45(c)(1). One might have thought, then, that the subpoena would request only e-mail related to the subject matter of the litigation, or maybe messages sent during some relevant time period, or at the very least those sent to or from employees in some way connected to the litigation. But Kwasny ordered production of

6

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

"[a]ll copies of e-mails sent or received by anyone" at ICA, with no limitation as to time or scope.

*Id.* at 1071. The Court also highlighted the Magistrate Judge's decision to impose sanctions:

> Magistrate Judge Wayne Brazil soundly roasted Farey–Jones and [their attorney] Kwasny for their conduct, finding that "the subpoena, on its face, was massively overbroad" and "patently unlawful," that it "transparently and egregiously" violated the Federal Rules, and that defendants "acted in bad faith" and showed "at least gross negligence in the crafting of the subpoena." He granted the motion to quash and socked defendants with over $9000 in sanctions[.]

*Id.* at 1071–72. Thus, the Subpoenas violate Federal Rules 26 and 45, the Individual Defendants' rights to privacy, and the Stored Communications Act.

## IV.    CONCLUSION

Based on the foregoing, the Court should quash the Subpoenas and, furthermore, impose sanctions against Logix. *See, e.g., Theofel,* 359 F.3d at 1071–75. Notably, this is not the first time that Logix has deliberately served improper discovery. Logix knew, or should have known, that the Subpoenas were improper before they were served, and was further informed after the Court described their earlier requests for the same text messages as "wildly overbroad and disproportionate." Dkt. 81, Page ID# 1115. Yet, Logix still refused Defendants' numerous requests to modify the Subpoenas. This level of repeated intrusions into the personal lives of the Individual Defendants goes well beyond good faith discovery efforts. The Individual Defendants have had to spend considerable time and resources resisting blatantly improper discovery, which Plaintiff has given no indication of stopping. As such, Defendants respectfully request that the Court quash the Subpoenas and award Defendants their costs and fees incurred objecting to and opposing the Subpoenas.

7

Dated:  May 26, 2026                    HIRSCHFELD KRAEMER LLP

By: _____

Daniel H. Handman

Attorneys for Defendants
OSAIC WEALTH, INC., JOHN JANIOS,
and ANTHONY MARTINEZ

Steven L. Manchel (*Pro Hac Vice*)
Patrick M. Capodilupo (*Pro Hac Vice*)
BOWDITCH & DEWEY LLP
75 Federal Street, Suite 1000
Boston, MA 02110
(617) 757-6500
(508) 929-3099 (fax)
smanchel@bowditch.com
pcapodilupo@bowditch.com

8

DEFENDANTS' FIRST OPPOSED EX PARTE APPLICATION TO QUASH PLAINTIFF'S
SUBPOENAS FOR PHONE RECORDS

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 11-6.1**

The undersigned counsel of record for Defendants certifies that this brief contains 2,311 words, in compliance with the word limit set forth in Local Rule 11-6.1.

Dated:  May 26, 2026

By: _____

Daniel H. Handman
Steven L. Manchel (*Pro Hac Vice*)
Patrick M. Capodilupo (*Pro Hac Vice*)

Attorneys for Defendants
OSAIC WEALTH, INC., JOHN JANIOS, and ANTHONY MARTINEZ

1

DEFENDANTS' FIRST OPPOSED EX PARTE APPLICATION TO QUASH PLAINTIFF'S SUBPOENAS FOR PHONE RECORDS

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

## CERTIFICATE OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I, the undersigned, am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 1299 Ocean Avenue, Suite 750, Santa Monica, California 90401. On **May 26, 2026**, I served the following document(s) by the method indicated below:

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER ON DEFENDANTS' MOTION TO DISMISS (DKT. 52) OR, ALTERNATIVELY, TO AMEND ITS COMPLAINT**

☐ by transmitting **via email** on this date the document(s) listed above to the email address(es) set forth below. *Per agreement between the parties*.

☒ by **electronic Filing:** I hereby certify that on May 26, 2026, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

### SEE ATTACHED SERVICE LIST

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that I am employed by an officer of a member of the bar of this Court at whose direction the service was made. Executed on **May 26, 2026** at Santa Monica, California.

_____
Autumn Henderson

1

DEFENDANTS' FIRST OPPOSED EX PARTE APPLICATION TO QUASH PLAINTIFF'S SUBPOENAS FOR PHONE RECORDS

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

## SERVICE LIST

**LOGIX FEDERAL CREDIT UNION, vs. OSAIC WEALTH, INC.; JOHN JANIOS; ANTHONY MARTINEZ; et al.,**
**CASE NO.: 2:25-cv-07788-RGK-MAR**

Michael D. Wexler, Esq.
SEYFARTH SHAW LLP
233 South Wacker Drive, Suite 8000
Chicago, Illinois 60606-6448

Telephone:  (312) 460-5000
Facsimile:  (312) 460-7000
Email:  mwexler@seyfarth.com

Attorney for Plaintiff Logix Federal Credit Union

Sierra J. Chinn-Liu, Esq.
SEYFARTH SHAW LLP
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021

Telephone: (310) 277-7200
Facsimile:  (310) 201-5219
Email:  schinnliu@seyfarth.com

Attorney for Plaintiff Logix Federal Credit Union

Bessie Fakhri, Esq.
SEYFARTH SHAW LLP
233 South Wacker Drive, Suite 8000
Chicago, Illinois 60606-6448

Telephone:  (312) 460-5000
Facsimile:  (312) 460-7000
Email:  bfakhri@seyfarth.com

Attorney for Plaintiff Logix Federal Credit Union

DEFENDANTS' FIRST OPPOSED EX PARTE APPLICATION TO QUASH PLAINTIFF'S SUBPOENAS FOR PHONE RECORDS