DANIEL H. HANDMAN (SBN 236345)
dhandman@hkemploymentlaw.com
HIRSCHFELD KRAEMER LLP
1299 Ocean Avenue, Suite 750
Santa Monica, California 90401
Telephone: (310) 255-0705
Facsimile: (310) 255-0986

Steven L. Manchel (*pro hac vice*)
Patrick M. Capodilupo (*pro hac vice*)
smanchel@bowditch.com
pcapodilupo@bowditch.com
Bowditch & Dewey
75 Federal Street, Suite 1000
Boston, MA 02110
Telephone: (617) 757-6528
Facsimile: (508) 929-3099

Attorneys for Defendants
OSAIC WEALTH, INC., JOHN JANIOS,
and ANTHONY MARTINEZ

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOGIX FEDERAL CREDIT UNION,<br><br>Plaintiff,<br>v.<br><br>OSAIC WEALTH, INC.; JOHN JANIOS; ANTHONY MARTINEZ; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:25-cv-07788-RGK-MAR<br><br>**DISCOVERY MATTER**<br><br>[LOCAL RULES 7-19 and 7-19.1]<br><br>**DEFENDANTS' FIRST OPPOSED *EX PARTE* APPLICATION FOR PROTECTIVE ORDER AGAINST POST-DEADLINE DEPOSITIONS AND TO COMPEL PRE-DEADLINE DEPOSITION OF LOGIX**<br><br>Judge: Hon. Margo A. Rocconi<br><br>Date Action Filed: August 19, 2025 |

Defendants John Janios and Anthony Martinez (collectively, the "Individual Defendants") and Osaic Wealth, Inc. ("Osaic") hereby file this First Opposed *Ex Parte* Application for Protective Order Against Post-Deadline Depositions and to Compel Pre-Deadline Deposition of Logix ("Application"). This Application presents a sufficient emergency because of the Court's June 3 discovery deadline.

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

Moreover, in accordance with Local Rule 7-19.1, Defendants made numerous attempts to obtain the relief requested in this Application without Court intervention, but were unsuccessful.

## **ARGUMENT**

Despite all parties confirming their availability for depositions prior to the June 3 discovery deadline, Plaintiff has refused to proceed, and is instead attempting to manipulate Defendants' good faith scheduling efforts to needlessly force depositions after the second-extended June 3 deadline. This is now at least the third time that Plaintiff has cancelled scheduled depositions, and should no longer be permitted.

Following the Court's April 10, 2026 Order extending the discovery deadline to May 20, 2026 (Dkt. 67), Plaintiff first noticed Defendants' depositions for May 7, 8, and 12, 2026 (the "May 7 Depositions"). Capodilupo Decl., ¶ 2. Then, on May 4, 2026, Plaintiff served amended notices for May 15, 19, and 20, 2026, and Defendants noticed Logix's deposition for May 18, 2026 (the "May 15 Depositions"). *Id.* Shortly thereafter, given that Plaintiff's Motion to Compel was still pending before Judge Rocconi, the parties mutually agreed (for separate reasons, *see* Dkts. 78-9) to extend the May 20, 2026 discovery deadline, which the Court extended to June 3, 2026. Dkt. 80. Nonetheless, Defendants remained willing to proceed with the May 15 Depositions, but Plaintiff rescheduled them to begin on May 22, 2026 (the "May 22 Depositions"). Capodilupo Decl., ¶ 3. On May 14, 2026, Judge Rocconi issued an Order, denying, in full, Plaintiff's Motion to Compel, and ordering Defendants to, by May 18, 2026, produce only the small portion of remaining documents that they had already agreed to produce.[1] Dkt. 81.

[1] On May 18, 2026, Defendants made their final document production, which comprised a small portion of their overall production of approximately 18,000 pages of documents. The final production included a handful of photos, text messages, and call logs on the Individual Defendants' personal cell phones, and the Individual Defendants' appointment calendars from April 9, 2025 to present (due to the manner in which the calendars are stored, each calendar entry was produced as a

<div style="text-align:left; font-size:smaller;">

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

</div>

2

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

Following Judge Rocconi's Order, Plaintiffs stated that they would not go forward with the May 22, 2026 depositions, and again cancelled.  Capodilupo Decl. ¶ 5.

Immediately thereafter, the parties began lengthy discussions, via email and numerous telephonic meet-and-confers, to schedule all depositions prior to the new June 3, 2026 deadline.  *Id.* at ¶¶ 6-8.  During those correspondences, Defendants reiterated their readiness to proceed with the originally scheduled May 22 Depositions, but Plaintiff again declined.  *Id.*  Eventually, the parties identified May 28, May 29, June 1, and June 2 as mutually available dates for Janios, Martinez, Osaic, and Logix respectively (the "May 28 Depositions").  *Id.*  On Wednesday, May 20, 2026, counsel for Plaintiff emailed: "Following up on the below, please confirm that the dates work for depositions (Janios on 5/28; Martinez on 5/29; and Osaic on 6/1), and we will send out amended notices of depositions."  *Id.*  On that same day, counsel for Defendants responded that they were waiting for Defendants to confirm those dates.  *Id.*  In order to keep scheduling efforts moving, counsel for Defendants also identified additional dates for depositions, as a backup, only in the event Defendants could not timely confirm May 28, May 29 and June 1 and provided the parties could obtain permission from the Court.  *Id.*  On the following morning, Defendants confirmed their availability for May 28, May 29, and June 1.  *Id.* at ¶ 9.

Despite all parties being available prior to the June 3 deadline, Plaintiff has refused to proceed with the May 28 Depositions, and refused to produce Logix on June 2, or at any time prior to June 8.  *Id.* at ¶ 10.  Plaintiff has also refused to explain why they are no longer available on the dates they asked Defendants to confirm and, has, furthermore, falsely claimed that Defendants "agreed" to dates after June 3, which is not true and contrary to Judge Klausner's standing order

---

separate document, resulting in a total of approximately 3,000 documents).  Capodilupo Decl. ¶ 4.  Per Judge Rocconi's Order, counsel for Defendants also filed a declaration confirming that all discovery that Defendants agreed to produce has been. Dkt. 82.

regarding party stipulations for post-deadline discovery. *Id.* at ¶ 11.

In total, Plaintiff has now cancelled depositions on at least three separate occasions. The Defendants have worked diligently and in good faith to be available for numerous deposition dates despite Plaintiff repeatedly cancelling. The Individual Defendants have withheld scheduling personal and professional obligations in order to keep their schedules open over the last two months. Capodilupo Decl. ¶ 12. Moreover, Defendants' counsel had to reschedule other professional obligations in order to be available for the May 28 Depositions, which Plaintiff proposed, and which the parties had discussed numerous times as the target dates. *Id*. Now, for no reason, and after asking Defendants to confirm the May 28 Depositions, Plaintiff is once again refusing to proceed. *Id*. at ¶ 6-11. Instead, Plaintiff is demanding that Defendants appear for depositions after the second-extended June 3 discovery deadline, without approval from the Court.[2] *Id.*

Simply put, there is no excuse for Plaintiff's repeated inability to proceed with depositions. Plaintiff has had the vast majority of Defendants approximately 18,000 page document production since April, and all documents since May 18, 2026. Plaintiff should not be permitted to trap Defendants in never ending deposition limbo, nor should they be permitted to manipulate Defendants' good faith scheduling efforts to their advantage. When considered against Plaintiff's other tactics throughout this case, Plaintiff has plainly abused the discovery process. Indeed, in addition to repeatedly cancelling depositions, Plaintiff, among other improper tactics: unsuccessfully attempted to compel Defendants to produce even more documents than the 14,000 pages of documents that they had already produced at that time (Dkts. 75, 81); and subpoenaed Defendants' private personal text messages, in direct violation of the Stored Communications Act, 18 U.S.C. §

---

[2] Defendants are no longer available on June 3 because once they confirmed the May 28 Depositions they began scheduling the outstanding professional and personal obligations that they had previously put off. Capodilupo Decl. ¶ 10.

4

2703, *et seq.* (Dkt. 83), and which subpoenas they continue to pursue even after Judge Rocconi deemed the requests "wildly overbroad" (Dkt. 81).  Moreover, without any advanced notice, and the week before the May 28 Depositions (before Plaintiff cancelled), Plaintiff dumped more than 20,000 documents (160,000 pages) on Defendants, more than 17,000 of which are dated before January 1, 2024, including all the way back to 2014, long before the allegations in the Complaint and clearly irrelevant. Capodilupo Decl. ¶ 13.  Despite this clear "data dump," Defendants remain willing to proceed with Logix's deposition on June 2. [3]

## **CONCLUSION**

Based on the foregoing, Defendants respectfully request that the Court enter a Protective Order that Defendants are not required to appear for any depositions on or after the June 3 discovery deadline.  *See, e.g.,* Fed. R. Civ. P. 26(c)(1)(A) ("the Court may issue an order . . . forbidding discovery").  Defendants further respectfully request that the Court compel Logix to appear for a deposition on June 2, as previously scheduled.

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

---

[3] Notably, Plaintiff made no mention of this massive impending "production" in their May 8 *Ex Parte* Application for an extension of discovery (Dkt. 78).

Dated:  May 27, 2026

BOWDITCH & DEWEY LLP

By:  */s/Daniel H. Handman*

Patrick M. Capodilupo (*Pro Hac Vice*)

Attorneys for Defendants
OSAIC WEALTH, INC., JOHN JANIOS, and ANTHONY MARTINEZ

DANIEL H. HANDMAN (SBN 236345)
dhandman@hkemploymentlaw.com
HIRSCHFELD KRAEMER LLP
1299 Ocean Avenue, Suite 750
Santa Monica, California 90401
Telephone:  (310) 255-0705
Facsimile:   (310) 255-0986

Steven L. Manchel (*Pro Hac Vice*)
Patrick M. Capodilupo (*Pro Hac Vice*)
BOWDITCH & DEWEY LLP
75 Federal Street, Suite 1000
Boston, MA 02110
(617) 757-6500
(508) 929-3099 (fax)
smanchel@bowditch.com
pcapodilupo@bowditch.com
HIRSCHFELD KRAEMER LLP

6

DEFENDANTS' FIRST OPPOSED EX PARTE APPLICATION FOR PROTECTIVE ORDER AGAINST POST-DEADLINE DEPOSITIONS AND TO COMPEL PRE-DEADLINE DEPOSITION OF LOGIX

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

# CERTIFICATE OF SERVICE

I hereby certify that on May 27, 2026, I caused a copy of the foregoing to be served by email on all counsel of record, including the following:

Michael D. Wexler (*pro hac vice*)
mwexler@seyfarth.com
Besma Fakhri (*pro hac vice*)
bfakhri@seyfarth.com
233 South Wacker Drive, Suite 8000
Chicago, Illinois 60606-6448
Telephone: (312) 460-5000
Facsimile: (312) 460-7000

Sierra J. Chinn-Liu (SBN 322994)
schinnliu@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone: (310) 277-7200
Facsimile: (310) 201-5219

*Attorneys for Plaintiff*
LOGIX FEDERAL CREDIT UNION

/s/Patrick M. Capodilupo
Patrick M. Capodilupo

DEFENDANTS' FIRST OPPOSED EX PARTE APPLICATION FOR PROTECTIVE ORDER AGAINST POST-DEADLINE DEPOSITIONS AND TO COMPEL PRE-DEADLINE DEPOSITION OF LOGIX