SEYFARTH SHAW LLP
Michael D. Wexler (*pro hac vice*)
mwexler@seyfarth.com
Besma Fakhri (*pro hac vice*)
bfakhri@seyfarth.com
233 South Wacker Drive, Suite 8000
Chicago, Illinois 60606-6448
Telephone:  (312) 460-5000
Facsimile:   (312) 460-7000

Sierra J. Chinn-Liu (SBN 322994)
schinnliu@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:  (310) 277-7200
Facsimile:   (310) 201-5219

*Attorneys for Plaintiff*
LOGIX FEDERAL CREDIT UNION

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOGIX FEDERAL CREDIT UNION, | Case No. 2:25-cv-07788-RGK-MAR |
| Plaintiff, | **PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' FIRST *EX PARTE* APPLICATION TO QUASH PLAINTIFF'S SUBPOENAS FOR PHONE RECORDS** |
| v. | |
| OSAIC WEALTH, INC.; JOHN JANIOS; ANTHONY MARTINEZ; and DOES 1 through 10, inclusive, | |
| Defendants. | Date Action Filed:  August 19, 2025 |

Plaintiff Logix Federal Credit Union ("Logix" or "Plaintiff"), by and through its undersigned attorneys, *opposes* the First *Ex Parte* Application to Quash Plaintiff's Subpoenas for Phone Records (Dkt. 83) filed by Defendants Osaic Wealth, Inc., John Janios, and Anthony Martinez's (collectively, "Defendants") as follows:

First, Defendants' Application should be denied or stricken for failure to comply with this Court's procedures and the relevant Local Rules. Defendants' counsel did not include in the memorandum accompanying the Application the information per Local Rule 7-19, did not "make reasonable, good faith efforts orally to advise counsel for all other parties . . . of the date and substance" of the Application per Local Rule 7-19.1, and did not conduct a "good-faith effort to eliminate the necessity" for the Application or any motion for the relief sought therein per Local Rules 7-3 and 37-1. Under this Court's procedures, "[s]trict compliance" with these Rules is required, and "[a]bsent an emergency, ex parte applications are not an acceptable method of bringing a discovery dispute to the attention of the Court."

Second, Defendants' Application should be denied for failure to respond to Plaintiff's counsel's efforts to resolve the purported dispute concerning the subpoenas. Initially, the subpoenas were only made necessary by Defendants' refusals to cooperate in discovery, or follow through on their own representations. Defendants agreed months ago to produce their communications with each other and with customers, along with the Individual Defendants' phone records. When Defendants did not produce these items, Plaintiff's counsel prepared subpoenas to the Individual Defendants' cell phone providers, and provided notice to Defendants' counsel of same. Two weeks later, Defendants' counsel advised that he had contacted both providers to object to the subpoenas, principally on the ground that the subpoenas could potentially seek "personal and private text messages."

---

PLAINTIFF'S OPPOSITION TO *EX PARTE* APPLICATION TO QUASH SUBPOENAS

The subpoena does *not* explicitly call for the content of text messages[1]; however, Plaintiff's counsel also proposed that the request at the center of Defendants' complaints (No. 2) could be specifically narrowed to a log of the referenced messages, and/or obviated altogether by Defendants' production of messages and phone records they previously agreed to produce in discovery. Defendants made no move to do so until May 18, 2026, pursuant to this Court's **order** (Dkt. 81) on Plaintiff's motion to compel.

On May 18, Defendants produced thousands of documents they had previously acknowledged were outstanding. Review to date reveals that Defendants have not fully complied with their representations. For example, Defendants did not produce critical communications from the days of and immediately surrounding their coordinated departures from Logix, or phone logs for Martinez. Accordingly, the subpoenas could not be withdrawn, as the records provided by Defendants—despite prior agreements and this Court's May 15 order—are incomplete.

Third, Defendants' Application should be denied because *they* necessitated third party discovery to begin with. Defendants have repeatedly failed to produce documents as agreed, and produced documents with missing or inherently suspect metadata, raising concerns regarding the accuracy and completeness of their productions, and particularly records of their communications and activities immediately pre- and post-departure.

For example, Defendants have produced what appear to be partial logs of communications with Logix customers, which do not contain information by which the customer can be identified or confirmed, and reflect large gaps in messaging. Defendants

---

[1] *See United States v. Clenney*, 631 F.3d 658, 666 (4th Cir. 2011) ("[p]hone customers have no constitutionally cognizable privacy interests in basic subscriber information"); *Smith v. Maryland*, 442 U.S. 735, 735 (1979) ("it is doubtful that telephone users in general have any expectation of privacy regarding the numbers they dial, since they typically know that they must convey phone numbers to the telephone company and that the company has facilities for recording this information and does in fact record it for various legitimate business purposes"); *Mintz v. Mark Bartelstein & Assocs., Inc.*, 885 F. Supp. 2d 987, 1001 (C.D. Cal. 2012) ("Federal law also supports the Court's conclusion that the disclosure of telephone numbers, as well as the date, time, and duration of calls does not represent a significant intrusion of [] privacy").

PLAINTIFF'S OPPOSITION TO *EX PARTE* APPLICATION TO QUASH SUBPOENAS

maintain that they did not improperly solicit any Logix customers or members, or retain or use Logix's confidential information and trade secrets, but somehow managed to bring significant business consisting of Logix customers and members to Osaic. Defendants have also produced communications in which they discuss amongst themselves, prior to the Individual Defendants' coordinated departure in April 2025, a plan to bring business over to Osaic. Whether the gaps in these messages are the result of genuine lulls in communication or deletion activity by the Individual Defendants is clearly relevant to both parties' claims in the action. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (relevance to the subject matter of the litigation for the purposes of Rule 26 is to be broadly construed "to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case") (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)).

As another example, Defendants produced what they have suggested is a copy of a database or information they admittedly took from one of Plaintiff's partners prior to departure. The document, populated with data relating to Plaintiff's customers, appears to contain only a selection of the information from the referenced database, and its metadata reflects a creation date in March *2026* – nearly a year after the Individual Defendants' coordinated departure date, and about a week before Defendants' first document production in this case. Additionally, Defendants do *not* appear to have produced "all photos on their phones relating to Logix" *or* the "metadata associated with those photos" (*See* Dkt. 81). Defendants' questionable ability to provide accurate metadata for their own produced documents similarly raises concerns warranting verification of their communications through alternate sources. This is not information that could be obtained by other means, as Defendants are the cause for these concerns. *See Kamalu v. Walmart Stores, Inc.*, No. 1:13-cv-00627-SAB (C.D. Cal. Aug. 15, 2013) (denying motion to quash subpoena for individual's phone records where other discovery devices would not provide the specific information sought by the subpoena). The subpoenas were, and *are*, necessary to determine whether Defendants' productions accurately represent their

PLAINTIFF'S OPPOSITION TO *EX PARTE* APPLICATION TO QUASH SUBPOENAS

communications or their efforts to comply with their own representations in discovery, and the extent of their deletion activity.

In sum, Defendants' Application is improper and unjustified, and should be *denied*.

DATED: May 27, 2026                    Respectfully submitted,

                                       SEYFARTH SHAW LLP


                                       By: /s/ *Sierra J. Chinn-Liu*
                                           Michael D. Wexler (*pro hac vice*)
                                           Sierra J. Chinn-Liu
                                           Besma Fakhri (*pro hac vice*)

                                           Attorneys for Plaintiff
                                           LOGIX FEDERAL CREDIT UNION

PLAINTIFF'S OPPOSITION TO *EX PARTE* APPLICATION TO QUASH SUBPOENAS

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 11-6.1

The undersigned, counsel of record for Plaintiff LOGIX FEDERAL CREDIT UNION, certifies that this brief contains 1,074 words, which complies with the word limit of L.R. 11-6.1.

DATED:  May 27, 2026

By: /s/ *Sierra J. Chinn-Liu*
Michael D. Wexler (*pro hac vice*)
Sierra J. Chinn-Liu
Besma Fakhri (*pro hac vice*)

Attorneys for Plaintiff
LOGIX FEDERAL CREDIT UNION

5

PLAINTIFF'S OPPOSITION TO *EX PARTE* APPLICATION TO QUASH SUBPOENAS

326188897v.1