SEYFARTH SHAW LLP
Michael D. Wexler (*pro hac vice*)
mwexler@seyfarth.com
Besma Fakhri (*pro hac vice*)
bfakhri@seyfarth.com
233 South Wacker Drive, Suite 8000
Chicago, Illinois 60606-6448
Telephone:  (312) 460-5000
Facsimile:   (312) 460-7000

Sierra J. Chinn-Liu (SBN 322994)
schinnliu@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:  (310) 277-7200
Facsimile:   (310) 201-5219

*Attorneys for Plaintiff*
LOGIX FEDERAL CREDIT UNION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOGIX FEDERAL CREDIT UNION,<br><br>              Plaintiff,<br><br>     v.<br><br>OSAIC WEALTH, INC.; JOHN JANIOS; ANTHONY MARTINEZ; and DOES 1 through 10, inclusive,<br><br>              Defendants. | Case No. 2:25-cv-07788-RGK-MAR<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' *EX PARTE* APPLICATION FOR PROTECTIVE ORDER AGAINST POST-DEADLINE DEPOSITIONS AND TO COMPEL PRE-DEADLINE DEPOSITION OF LOGIX**<br><br>[Filed concurrently with Declaration of Sierra Chinn-Liu]<br><br>Date Action Filed:  August 19, 2025 |

PLAINTIFF'S OPPOSITION TO *EX PARTE* APPLICATION FOR PROTECTIVE ORDER AGAINST POST-DEADLINE DEPOSITIONS AND TO COMPEL PRE-DEADLINE DEPOSITION

Plaintiff Logix Federal Credit Union ("Logix" or "Plaintiff"), by and through its undersigned attorneys, *opposes* the "First" *Ex Parte* Application for Protective Order Against Post-Deadline Depositions and to Compel Pre-Deadline Deposition of Logix (the "Application") (Dkt. 84) filed by Defendants John Janios ("Janios"), Anthony Martinez ("Martinez") (together, the "Individual Defendants"), and Osaic Wealth, Inc. ("Osaic") (collectively, "Defendants"), as follows:

## I.    INTRODUCTION

Plaintiff has endeavored for months to work civilly with and accommodate Defendants. After delay upon delay, and representation upon representation that items first requested in December 2025 would be forthcoming, Defendants did not honor those promises and waited until *May 18, 2026*—only pursuant to an order from this Court (Dkt. 81)—to produce over 4,000 pages of discovery, including key communications with each other and with Logix customers immediately surrounding the Individual Defendants' coordinated departure from Logix in April 2025.

Before receiving Defendants' May 18 productions, Plaintiff had engaged in extensive efforts to schedule depositions. During those discussions, Defendants' counsel expressly offered conducting depositions closer to and slightly after the current June 3 fact discovery cutoff in this matter, and provided multiple ranges of availability for his clients between June 1-12. Accordingly, Plaintiff noticed depositions of the Defendants on June 3 (Janios), June 4 (Martinez), and June 9 (Osaic).

Now that Defendants have made their May 18 productions and turned over some of the more critical documents in the case (review of which is ongoing), Defendants' counsel reneged on his express offer, and seeks to prevent Plaintiff from taking depositions altogether. Not only that, Defendants, as part of what can only be called chicanery, also seek to unilaterally compel a deposition of Logix on June 2 that was *never noticed*.

---

PLAINTIFF'S OPPOSITION TO *EX PARTE* APPLICATION FOR PROTECTIVE ORDER AGAINST POST-DEADLINE DEPOSITIONS AND TO COMPEL PRE-DEADLINE DEPOSITION

Defendants' Application is procedurally and substantively improper, defies the purpose of protective orders in discovery and the rules encouraging civility between parties and counsel, actively seeks to prejudice Plaintiff, and must be ***denied***.

## II.   ARGUMENT

### A.   Defendants Failed to Comply with Mandatory Notice Requirements.

Initially, as with Defendants' May 26, 2026 *ex parte* application to quash third party discovery *they* made necessary (Dkt. 83), this Application was filed without notice. Local Rule 7-19.1 requires that counsel seeking *ex parte* relief make "reasonable, good faith efforts ***orally to advise*** counsel for all other parties . . . of the date and substance of the proposed ex parte application." L.R. 7-19.1 (emphasis added). This Court requires "strict compliance" with the Rule, and contemplates that "[a]ny opposition should be served and filed within 24 hours of applicant's ***oral notice***." (emphasis added).

Defendants did not orally advise (and made no effort to orally advise) counsel for Logix of the substance of this application, any intent to bring it *ex parte*, or when it would be filed. (Decl. of Sierra Chinn-Liu ("Chinn-Liu Decl.") ¶ 2.) Defendants' counsel did not even try to set a call to do so. (*Id.*) Defendants concede their failure, offering only a conclusory assertion in the Application that they made "numerous attempts" to obtain the requested relief. (Dkt. 84, Page ID #1206.) In truth, Defendants are referring to emails in which their counsel reneged on ranges of availability provided just 48 hours prior. These emails fall far short of compliance with Local Rule 7-19's strictures.

This alone is ground for denial of the Application. *See Pogosian v. Santacruz*, No. 26-540, 2026 WL 1104770, at *2 (C.D. Cal. Apr. 17, 2026) (denying *ex parte* application where there was "no evidence Petitioner's counsel made a good-faith effort to orally advise Respondents' counsel"); *Graham v. DuPont De Nemours, Inc.*, No. 24-9444, 2024 WL 5375877, at *1 (C.D. Cal. Dec. 30, 2024) (denying *ex parte* papers as "procedurally improper" where applicant did not "orally advise" adverse party, as required by L.R. 7-19.1); *Hernandez-Rojas v. Pinnell*, No. 13-669, 2018 WL 654287, at *3 (C.D. Cal. Jan.

2

30, 2018) (finding email insufficient to constitute "a reasonable, good faith effort to orally advise [opposing] counsel of substance of the *ex parte*").

### B.    Defendants Agreed to Appear for the Depositions Complained of.

Aside from its procedural defects, Defendants' Application also fails on the merits. The deposition dates complained of were *proposed by Defendants* and relied upon by Logix in good faith. Indeed, throughout discovery, Logix has acted reasonably and cooperatively in scheduling matters, and repeatedly accommodated Defendants and their counsel. On April 21, 2026, well in advance of the current cutoff, Logix noticed the depositions of Janios, Martinez, and Osaic, as well as Aristo Wealth Management ("Aristo"), a nonparty through which Janios transacts business. (Chinn-Liu Decl. ¶ 3 & Ex. 1.) The Osaic and Aristo notices were issued pursuant to Federal Rule of Civil Procedure 30(b)(6) and included detailed topic lists. (*Id.*)

On May 4 and 5, 2026, after confirming internal schedules and that Janios would serve as Aristo's Rule 30(b)(6) designee, Logix served amended notices for May 15 (Osaic), May 19 (Janios), and May 20 (Martinez). (Chinn-Liu Decl. ¶ 4 & Ex. 2.) On May 6, **Defendants'** counsel requested that Janios's and Martinez's depositions be rescheduled to accommodate Janios's daughter's birthday, and Logix agreed. (Dkt. 84-2, Page ID #1234–35.) On May 12, 2026, counsel further discussed scheduling, during which Logix explained that the depositions could not proceed because Defendants had not yet produced key documents as agreed, including text messages and call logs from the Individual Defendants' personal cell phones, and photos with retained metadata. (Chinn-Liu Decl. ¶ 6; *see also* Dkt. 75.) Defendants' counsel thereafter confirmed in writing that "Defendants are agreeable to rescheduling the depositions" then-set for May 15, May 18, and May 20. (Dkt. 84-2, Page ID #1233.)

On May 14, 2026, this Court ordered Defendants to produce documents, including photo metadata; pre-transition communications concerning Logix customers; text messages between the Individual Defendants and customers; communications relating to

3

PLAINTIFF'S OPPOSITION TO *EX PARTE* APPLICATION FOR PROTECTIVE ORDER
AGAINST POST-DEADLINE DEPOSITIONS AND TO COMPEL PRE-DEADLINE DEPOSITION

recruitment by Osaic; communications concerning Defendants' transition from Logix to Osaic; and a report with detailed customer financial data. (Dkt. 81, Page ID #1116–20.) This Court ordered production "within three days" of the Order. (*Id.*)

On May 18, 2026, counsel for Logix wrote to counsel for Defendants explaining that, because Defendants still had not produced the materials, additional time would be needed for the depositions. (Dkt. 84-2, Page ID #1231.) Logix then proposed May 27 (Martinez), May 28 (Janios), and May 29 (Osaic). (*Id.*) On May 19, Logix revised its proposal to May 28 (Janios), May 29 (Martinez), and June 1 (Osaic). (Dkt. 84-2, Page ID #1225.) These dates were not noticed while Logix awaited Defendants' confirmation.

That same day, Defendants produced more than 4,000 pages of documents. (Chinn-Liu Decl. ¶ 8.) On May 20, in response to Logix's follow-up on deposition scheduling, Defendants' counsel stated that he would "get back to" Logix about the proposed dates. (*Id.* Page ID #1224.) In the same email, Defendants' counsel stated:

> Bessie,
>
> I am still waiting on confirmation of 5/28, 5/29 and 6/1, and will get back to you as soon as I have more information. That said, Janios has been, and remains, available to proceed with his deposition on 5/22, as previously noticed by Logix.
>
> Alternatively, Defendants have availability between June 1-12 and would be willing to stipulate to a short extension to accommodate any mutually agreeable dates after the June 3 deadline. Janios is available 6/1-4 and 6/8-10. Martinez is available 6/1-4 and 6/9-12.
>
> Defendants are not available to mediate on June 5, but are available for a virtual mediation on 6/1-4 and 6/9-10.
>
> Lastly, we do not agree to conduct Logix's deposition remotely.
>
> I am free the rest of today and most of tomorrow if you would like to discuss.
>
> Thank you.
>
> Patrick M. Capodilupo

(*Id.*, Ex. 3.)

Logix promptly accepted, and on May 22, confirmed its willingness to agree to the short extension and served deposition notices for June 3 (Janios, individually and as Aristo's designee), June 4 (Martinez), and June 9 (Osaic). (*Id.* ¶¶ 8-11 & Exs. 3-4.) Logix consented to these adjusted dates in large part because Defendants had just produced thousands of documents, many of which Logix had been requesting since serving its first

4

discovery requests on December 29, 2025. (*Id.*) Logix relied on Defendants' stated availability in selecting these dates and, in doing so, arranged for court reporters and videographers, reserved conference space, and made necessary travel arrangements. (*Id.*)

Less than *two days* after proposing those very dates—and after Logix had relied on them—Defendants reversed course. On May 22, Defendants' counsel claimed that Janios and Martinez were "no longer available," admitting he was "not sure why those dates are suddenly not good anymore." (Dkt. 84-2, Page ID #1220–22.)

Defendants' assertion that Logix has placed them in "never ending deposition limbo" (Dkt. 84, Page ID #1208) is thus belied by the record. Logix timely noticed depositions, accommodated Defendants' scheduling requests, and adjusted dates to account for **Defendants'** delayed and substantial document production. The only disruption to the deposition process has been caused by Defendants' own conduct. Having expressly proposed the June dates, Defendants should not now be permitted to disavow those representations.[1] Accordingly, Defendants' request to be relieved from their own depositions should be denied. Though ***Logix remains ready to proceed on June 3, 4, and 9*** as noticed, it is also willing—and Defendants should be directed—to commit to a schedule for party depositions on mutually available and reasonable dates.

---

[1] Though no extension is needed for the currently noticed deposition of Defendant Janios, individually and as Aristo's designee, Defendants' efforts to deny depositions on a modestly extended timeline (particularly one *they* proposed) undermine this Court's Civility and Professionalism Guidelines. *See Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1263 (9th Cir. 2010) ("Our adversarial system relies on attorneys to treat each other with a high degree of civility and respect. . . . Where, as here, there is no indication of bad faith, prejudice, or undue delay, attorneys should not oppose reasonable requests for extensions of time brought by their adversaries"); *Marcangelo v. Boardwalk Regency*, 47 F.3d 88, 90 (3d Cir. 1995) ("We do not approve of the 'hardball' tactics unfortunately used by some law firms today. The extension of normal courtesies and exercise of civility expedite litigation and are of substantial benefit to the administration of justice").

PLAINTIFF'S OPPOSITION TO *EX PARTE* APPLICATION FOR PROTECTIVE ORDER AGAINST POST-DEADLINE DEPOSITIONS AND TO COMPEL PRE-DEADLINE DEPOSITION

**C.      Defendants' Request to Compel *Logix's* Deposition Is Without Merit.**

Defendants' one-sided "hail-Mary" demand in the Application that this Court compel Logix's deposition on June 2, 2026 should be rejected as a matter of fact and law.

First, and most fundamentally, Defendants never properly noticed Logix's deposition for that date, or any other date in June. Defendants served a deposition notice on May 8, 2026, which they allowed to lapse, and never re-noticed. (Chinn-Liu Decl. ¶¶ 5, 7.) This omission is dispositive. Federal Rule of Civil Procedure 30 makes clear that "[a] party who wants to depose a person by oral questions ***must give reasonable written notice to every other party***." Fed. R. Civ. P. 30(b)(1) (emphasis added). Such notice must contain the time and place of the deposition and the method for recording the deposition. Fed. R. Civ. P. 30(b)(1), (3). Without proper notice, there is no basis for judicial intervention. *See, e.g.*, *Hudson v. Alaska Airlines, Inc.*, No. 18-0328, 2019 WL 2513684, at *1 (N.D. Cal. June 18, 2019) (a request to compel a deposition "may only be made . . . after properly being served with a deposition notice"); *Althouse v. Warner Bros. Entm't, Inc.*, No. 13-0696, 2014 WL 12577158, at *1 (C.D. Cal. Mar. 26, 2014) (declining to compel deposition, reasoning "a defective notice of deposition generally will not provide grounds for an order compelling a deposition, particularly on an *ex parte* basis").

Defendants' assertion that Logix's deposition was "scheduled" for June 2 is of no import. At most, Logix identified June 2 as a potential date on or about May 12. Defendants never acted on that proposal by serving a notice. (Chinn-Liu Decl. ¶ 7.) To the contrary, Defendants' own communications confirm that no date was ever finalized: on May 21, 2026, defense counsel inquired whether Logix was "available for deposition on June 3," underscoring that no June 2 deposition had been set. (Dkt. 84-2, Page ID #1223.) Moreover, on May 22, 2026, Logix's counsel expressly advised that, in light of the parties' agreement to prioritize Defendants' depositions in early June, Logix would "not [be] produce[d] on June 2" and that its deposition "cannot go forward on June 2."

6

PLAINTIFF'S OPPOSITION TO *EX PARTE* APPLICATION FOR PROTECTIVE ORDER AGAINST POST-DEADLINE DEPOSITIONS AND TO COMPEL PRE-DEADLINE DEPOSITION

(Dkt. 84-2, Page ID #1221–23.) Defendants' characterization is simply incorrect; not only was the deposition never noticed, it was expressly taken off the table.

Second, the request for an order compelling Logix's deposition without a notice is unaccompanied by any authority or even argument. *See* Dkt. 84, Page ID #1209. Likely recognizing their fatal error in failing to notice the deposition sought, Defendants minimize discussion of this request, relegating it to a single sentence in the conclusion of their Application. This alone warrants denial. *See Lopez v. City of Riverside*, No. 21-02140, 2022 WL 19296343, at *1 (C.D. Cal. Nov. 15, 2022) ("[C]onclusory assertions without any argument or supporting caselaw are waived"); *Lee v. County of Los Angeles*, No. 23-06875, 2025 WL 4233932, at *4 (C.D. Cal. Dec. 30, 2025) ("[A]bsence of argument supporting [a] bald and undeveloped statement constitutes waiver").

Third, Defendants failed to observe any prerequisite to seeking this relief. As discussed above, Defendants did not give notice of the substance of the Application or when it would be brought, in violation of Local Rule 7-19 and this Court's procedures. Defendants also failed to properly confer or move to compel as set forth in Local Rule 37-2. Defendants further failed to seek any preliminary, less extreme relief, *e.g.*, to shorten time for hearing on an actual motion to compel and comply with requirements affecting same. For example, this Court's Standing Order provides that "[e]x parte applications to shorten time for hearing on a motion to compel because of an impending Discovery Cutoff date ordered by the assigned District Judge ***are not permitted*** and shall be summarily rejected absent a showing of due diligence and good cause . . . If no such diligence and cause can be shown, the parties must seek and obtain relief from the District Judge's scheduling order first before filing a motion to compel." In short, Defendants' request to compel Logix's deposition on June 2 is procedurally defective, factually unsupported, legally baseless, and must be denied.

PLAINTIFF'S OPPOSITION TO *EX PARTE* APPLICATION FOR PROTECTIVE ORDER AGAINST POST-DEADLINE DEPOSITIONS AND TO COMPEL PRE-DEADLINE DEPOSITION

**D.     Defendants Have Continued to Cause Delays by Failing to Comply with the Court's May 14 Order.**

Defendants are further precluded from relief because their professed "emergency" is of their own making. Defendants have produced documents on random and unilaterally determined timeframes, and failed to meet deadlines they proposed and agreed on. These delays have prevented Logix from completing depositions, as many of the outstanding items were, and are, critical to its understanding of key issues in the case (*e.g.*, the relationships between each of the Defendants, the development and timeline of that relationship, the extent of the business the Individual Defendants brought from Logix to Osaic and/or Aristo, and how and when Defendants executed upon the steps of their joint enterprise). Defendants did not produce these documents until May 18, after they were *ordered* to do so by this Court. *See* Dkt. 81.

**Review to date of the thousands of pages Defendants produced on May 18 indicates a failure to comply with this Court's Order.** The production does not appear to include:

- "metadata [associated with the photos on their phones relating to Logix]";

- "pre-transition communications between Defendants concerning Logix customers," "*all* text messages 'about customers, relating to the Individual Defendants' recruitment or transition to Osaic,'" "text messages about 'alleged confidential information,'" and "*all* text messages concerning the Individual Defendants' transition from Logix to Osaic'";

- "*all* text messages" "between the Individual Defendants and customers"; or

- "a declaration, verification, or other evidence" that "all information pertinent to a particular request has been provided."

(*Id.*) Defendants have not produced all photos on their phones relating to Logix. The photos produced are of their office badges, desk spaces, and posters from a conference or the office. The surveillance footage described in Plaintiff's Motion (Dkt. 64) captures the Individual Defendants taking photos of their company desktop screens. The photos produced also do not show metadata corresponding with the Individual Defendants'

8

departure time. Defendants' production contains only a handful of text messages between Janios and Martinez concerning their transition to Osaic and 1 customer they convinced to leave Logix. Defendants did not produce their text messages with customers. Instead, they produced excel files of dates and times with no means of determining or verifying sender/recipient or content. Defendants' accompanying "verification" consists of a declaration (Dkt. 82) in which counsel refers the Court to his prior declaration (Dkt. 64-2) and states that "Defendants have produced all documents and information they *agreed* to produce" in response to Plaintiff's RFPs. This is essentially the same representation as Defendants made before, and does nothing to verify the status of production as ordered by this Court. *See* Dkt. 81, Page ID #1114 (noting that "Defendants' counsel's supplemental declaration states only that Defendants 'have produced all documents which they agreed to produce'" and ordering Defendants to provide a further declaration or verified response that additional responsive documents do not exist).

## III.    CONCLUSION

Logix respectfully requests that the Court ***deny*** Defendants' Application in its entirety, direct the parties to establish, in good faith, reasonable and orderly schedule for the depositions of Janios (individually and as Aristo's corporate designee), Martinez, Osaic, and Logix, and require Defendants to comply with this Court's May 14 Order.

DATED: May 28, 2026                    Respectfully submitted,

SEYFARTH SHAW LLP


By:  /s/ *Sierra J. Chinn-Liu*
　　Michael D. Wexler (*pro hac vice*)
　　Sierra J. Chinn-Liu
　　Besma Fakhri (*pro hac vice*)

　　Attorneys for Plaintiff
　　LOGIX FEDERAL CREDIT UNION

9

PLAINTIFF'S OPPOSITION TO *EX PARTE* APPLICATION FOR PROTECTIVE ORDER AGAINST POST-DEADLINE DEPOSITIONS AND TO COMPEL PRE-DEADLINE DEPOSITION

## <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 11-6.1</u>

The undersigned, counsel of record for Plaintiff LOGIX FEDERAL CREDIT UNION, certifies that this brief contains 2,785 words, which complies with the word limit of L.R. 11-6.1.

DATED: May 28, 2026

By: /s/ *Sierra J. Chinn-Liu*
Michael D. Wexler (*pro hac vice*)
Sierra J. Chinn-Liu
Besma Fakhri (*pro hac vice*)

Attorneys for Plaintiff
LOGIX FEDERAL CREDIT UNION

PLAINTIFF'S OPPOSITION TO *EX PARTE* APPLICATION FOR PROTECTIVE ORDER AGAINST POST-DEADLINE DEPOSITIONS AND TO COMPEL PRE-DEADLINE DEPOSITION

326184548v.3