DANIEL H. HANDMAN (SBN 236345)
dhandman@hkemploymentlaw.com
HIRSCHFELD KRAEMER LLP
1299 Ocean Avenue, Suite 750
Santa Monica, California 90401
Telephone: (310) 255-0705
Facsimile: (310) 255-0986

Steven L. Manchel (*pro hac vice*)
Patrick M. Capodilupo (*pro hac vice*)
smanchel@bowditch.com
pcapodilupo@bowditch.com
Bowditch & Dewey
75 Federal Street, Suite 1000
Boston, MA 02110
Telephone: (617) 757-6528
Facsimile: (508) 929-3099

Attorneys for Defendants
OSAIC WEALTH, INC., JOHN JANIOS,
and ANTHONY MARTINEZ

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOGIX FEDERAL CREDIT UNION, <br><br> Plaintiff, <br> v. <br><br> OSAIC WEALTH, INC.; JOHN JANIOS; ANTHONY MARTINEZ; and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No. 2:25-cv-07788-RGK-MAR <br><br> **DISCOVERY MATTER** <br><br> [LOCAL RULES 7-19 and 7-19.1] <br><br> **SECOND DECLARATION OF PATRICK M. CAPODILUPO IN SUPPORT OF DEFENDANTS' FIRST OPPOSED *EX PARTE* APPLICATION FOR PROTECTIVE ORDER AGAINST POST-DEADLINE DEPOSITIONS AND TO COMPEL PRE-DEADLINE DEPOSITION OF LOGIX** <br><br> Judge: Hon. Margo A. Rocconi <br><br> Date Action Filed: August 19, 2025 |

I, Patrick M. Capodilupo, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

SECOND DECLARATION OF PATRICK M. CAPODILUPO

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

1. I am an attorney with the law firm Bowditch & Dewey, LLP, counsel of record for Defendants John Janios ("Janios") and Anthony Martinez ("Martinez") (collectively, "Individual Defendants") and Defendant Osaic Wealth, Inc. ("Osaic"). Except as otherwise stated, I have personal knowledge of the facts set forth herein. I submit this Second Declaration in support of Defendants' First Opposed Ex Parte Application For Protective Order Against Post-Deadline Depositions and to Compel Pre-Deadline Depositions of Logix (the "Application") and in accordance with 28 U.S.C. § 1746.

2. Unfortunately, this Second Declaration is necessary to correct some of the false statements in Plaintiff's Response in Opposition to Defendants' Ex Parte Application for Protective Order Against Post-Deadline Depositions and to Compel Pre-Deadline Deposition of Logix ("Opposition").

3. On page 5 of Plaintiff's Opposition, Plaintiff claims that I admitted that I was not sure why Defendants were not available on June 3. That claim is false. As my email clearly shows, I stated: "On Wednesday, Bessie asked Defendants to confirm 5/28, 5/29 and 6/1, and on Thursday morning I did. I'm not sure why *those dates* are suddenly not good anymore, but Janios and Martinez will not agree to reschedule." Dkt. 84-2, Page ID# 1220 (emphasis added). By "those dates," I was very clearly referring to 5/28, 5/29, and 6/1 – the deposition dates that Plaintiff's counsel had asked me to confirm. In other words, I was questioning why Plaintiff's counsel were suddenly unwilling to proceed with the pre-deadline dates they had just asked me to confirm. I furthermore stated that Defendants could not agree, and there was no reason to agree, to reschedule *those* pre-deadline dates.

4. While Plaintiff's Opposition is not the appropriate channel to raise alleged discovery deficiencies (*see* Local Rule 37), their statements on page 8 are simply false. Contrary to Plaintiff's claims, as I stated in paragraph 4 of my previous declaration (Dkt. 82): "Defendants have produced all documents and information that they agreed to produce in response to Plaintiff's RFPs, including

2

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

the responsive photos (with metadata), phone logs, and text messages on the Individual Defendants' personal cell phones, and the report listing revenues and commissions generated from Defendants' customer accounts, that I previously identified as outstanding in my second declaration (Dkt. 75-1)." In particular, I confirmed that the photos do contain the requested metadata, which can be accessed by downloading the photo, right clicking on the file, selecting "Properties," clicking on the "Details" tab, and reviewing the "Date taken" field. If some technical difficulties are not allowing Plaintiff to access this metadata, I am happy to discuss that with them, however, the photos are clearly irrelevant to this litigation as they do they not contain any Logix confidential information. In addition, the Excel file format of the text message chains that Plaintiff complains of were extracted directly from the Individual Defendants phone – the forensic program used extracts the text messages into an Excel file which clearly shows the name and number of the person with whom the Individual Defendants were texting. Furthermore, contrary to Plaintiff's claim that "Defendants did not produce their text messages with their customers," there are in fact nearly 200 of the Excel file text chains with the Individual Defendants' customers containing the full conversations between January 1, 2024 to present.

5.      Lastly, Plaintiff's complaints about the size of Defendants' final production on May 18, are misleading. All but roughly 200 of Defendants' final document production were the Individual Defendants' calendar appointments from April 9, 2025 to the present, which had to be produced individually due to the nature of the electronic files, resulting in approximately 3,000 individual documents. Those calendar entries do not contain large volumes of text, but rather the simple scheduling of appointments primarily with clients. The other approximately 200 documents contain information from the Individual Defendants' personal cell phones: a handful of irrelevant photos (*e.g.*, a broken ceiling light, water bottles, PTO balances); text message chains with customers and between the

3

SECOND DECLARATION OF PATRICK M. CAPODILUPO

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

Defendants; and logs of incoming and outgoing calls.  The text messages were extracted using a forensic software which extracts them into one Excel file per text chain, which show the contact name, phone number, date, time and content of the texts for the person with whom the Individual Defendants were texting.

6.      The suggestion that the foregoing information is such an overwhelming volume that Plaintiff's three attorneys cannot review it in time to proceed with pre-deadline depositions is simply not true.  As Defendants have previously stated, Plaintiff has had the vast majority of all responsive documents since April, as Defendants produced approximately 10,000 pages of documents in March and approximately 4,000 pages of documents in April, after which Defendants made one final production on May 18 in accordance with the Court's May 14 Order.  Outside of the calendar entries, which are essentially redundant of Defendants' earlier productions, especially the Individual Defendants' previously produced emails with customers, Defendants' final May 18 production contained only roughly 200 text chains, two phone call logs, and a handful of irrelevant photos (which is all of the responsive information on their phones).

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 29, 2026.

Patrick M. Capodilupo, Esq.

4

SECOND DECLARATION OF PATRICK M. CAPODILUPO