UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   2:25-cv-07788-RGK-MAR                              Date:  May 29, 2026

Title:   ***Logix Federal Credit Union v. Osaic Wealth Inc., et al.***

Present: The Honorable:   MARGO A. ROCCONI, UNITED STATES MAGISTRATE JUDGE

| Erica Valencia | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

Proceedings:          (In Chambers) ORDER DENYING DEFENDANTS' EX
                             PARTE APPLICATIONS; Dkt. 83, 84.

## I.
## BACKGROUND

As described more fully in this Court's earlier Order ("Discovery Order") (Dkt. 81), this case arises from the departure of two individuals, Defendants John Janios and Anthony Martinez (collectively, the "Individual Defendants"), from the employ of Plaintiff Logix Federal Credit Union ("Logix") and their subsequent employment by Defendant Osaic Wealth Inc. ("Osaic").  Complaint ("Compl."), Dkt. 1 ¶¶ 17–20. As part of its provision of wealth management and investment services, Logix maintains a database of confidential customer information.  Id. ¶¶ 10–11.  Logix alleges that the Individual Defendants decamped from Logix to Osaic and "siphon[ed] away" clients and confidential trade secrets in the process.  Id. ¶ 17.

By way of a Motion to Compel (Dkt. 63), Plaintiff sought, among other things, all phone records, including both calls and text messages, between (1) the Individual Defendants, (2) the Individual Defendants and Osaic, and (3) the Individual Defendants and any current or former Logix customer since January 1, 2024.  Dkt. 64 at 22.  This Court denied Plaintiff's motion in this regard, finding Plaintiff's requests overbroad and disproportionate.  Dkt. 81 at 7–8.  Before this Court's Order issued, however, Plaintiff served subpoenas on the Individual Defendants' phone carriers

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA


## CIVIL MINUTES – GENERAL


Case No.   2:25-cv-07788-RGK-MAR                              Date:  May 29, 2026

Title:     **_Logix Federal Credit Union v. Osaic Wealth Inc., et al._**

seeking similar phone records.[1]  Declaration of Patrick Capodilupo (Dkt. 83-1), Ex. 1.  Defendants now seek, by way of ex parte application, to quash those subpoenas.  Dkt. 83 ("Ex Parte to Quash").

Defendants have also filed a separate Ex Parte Application ("the Depo. Ex Parte") (Dkt. 84) seeking to prohibit the depositions of three defendants and to compel Logix's own deposition.  The Court will not recount the lengthy history of the parties' attempts to schedule depositions.  In short, the parties appear to have agreed that certain scheduled depositions should be continued in light of this Court's May 14, 2026 Discovery Order.  Dkt. 81.  Plaintiff's counsel proposed that various Defendants be deposed on May 28, May 29, and June 1.  Dkt 84-2 at 10.  The next day, Defendants' counsel responded that he was "still waiting on confirmation of" those dates, but "[a]lternatively, Defendants have availability between June 1–12 and would be willing to stipulate to a short extension to accommodate any mutually agreeable dates of the June 3 [discovery cutoff] deadline."  Id. at 9.  The next day, Defendants' counsel confirmed that the May 28 through June 1 dates would be workable.  Id. at 8.  Plaintiff's counsel, however, responded in agreement to the "alternative" dates, and with deposition notices for June 3, June 4, and June 9, the latter two of which are beyond the June 3 discovery cutoff.[2]  Id.  Within the hour, Defendants' counsel then

---

[1] Plaintiff maintains that these suboenas do "*not* explicitly call for the content of text messages." Opposition to Ex Parte to Quash (Dkt. 85) at 2:1).  Although perhaps arguably true in some sense, this assertion is misleading.  The subpoenas request "[t]ext messaging records and/or text messaging histories, including sender/recipient information, for all incoming and outgoing text messages . . . ." Capodilupo Decl., Ex. 1.  Plaintiff is correct that the word "content" does not appear in the request with respect to text messages.  Notably, however, the request also seeks "[a]ll records reflecting voicemail activity," while carving out voicemail context by explicitly stating, "This request does not seek voicemail content."  Id.  There is, however, no similar carveout with respect to text message content.

[2] This Court, of course, has no authority to modify this deadline.  L.R. 16-14 ("Any application to modify an order entered pursuant to Rule 16 shall be made to the judicial officer who entered the order."); see Watts v. Allstate Indemnity Co., No. 2:08-cv-01877 LKK KJN, 2012 WL 5289314 (E.D. Cal. Oct. 23, 2012) (finding that a magistrate judge does not have authority to amend a district

---

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA


## CIVIL MINUTES – GENERAL

Case No.   2:25-cv-07788-RGK-MAR                                    Date:  May 29, 2026

Title:   ***Logix Federal Credit Union v. Osaic Wealth Inc., et al.***

stated that the Individual Defendants were "no longer available on those dates" (Id.), and later refused to produce the Individual Defendants on any date other than May 28 and 29.  Id. at 4, 5.  Defendants now seek to prohibit Plaintiff from taking any deposition on or after June 3, and to compel Plaintiff to appear for a deposition on June 2.

The court now addresses Defendants' Ex Parte to Quash and Depo. Ex Parte ("collectively, the "Ex Partes") collectively.

## II.
## DISCUSSION

Ex parte applications are "nearly always improper," and "the opportunities for legitimate [ones] are extremely limited."  In re Intermagnetics Am., Inc., 101 B.R. 191, 192, 193 (C.D. Cal. 1989).  Filing an ex parte application is justified only when:

> (1) there is a threat of immediate or irreparable injury; (2) there is danger that notice to the other party may result in the destruction of evidence or the party's flight; or (3) the party seeks a routine procedural order that cannot be obtained through a regularly noticed motion (i.e., to file an overlong brief or shorten the time within which a motion may be brought).

Horne v. Wells Fargo Bank, N.A., 969 F. Supp. 2d 1203, 1205 (C.D. Cal. 2013) (citing Intermagnetics, 101 B.R. at 193).

To obtain ex parte relief, the moving party must show: "(1) the moving party is without fault in creating the crisis that requires ex parte relief or the crisis occurred as a result of excusable neglect; and (2) the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion

---

judge's scheduling order); UMG Recordings, Inc. v. Disco Azteca Distribs., No. CIV.S-04-2611 FCD DAD, 2006 WL 2034689, at *3 (E.D. Cal. July 18, 2006) ("Of course, the magistrate judge is not empowered to modify the district judge's scheduling order.").

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   2:25-cv-07788-RGK-MAR                                    Date:  May 29, 2026

Title:   ___Logix Federal Credit Union v. Osaic Wealth Inc., et al.___

procedures."  Altair Instruments, Inc. v. Telebrands Corp., No. CV 19-08967-PSG (JC), 2020 WL 6106821, at *2 (C.D. Cal. July 10, 2020) (citing Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995); see also Local Rule 37-3 ("Unless the Court in its discretion otherwise allows, no discovery motions may be filed or heard on an ex parte basis absent a showing of irreparable injury or prejudice not attributable to the lack of diligence of the moving party.").  The Local Rules of this district also require the applying party to (a) orally advise the opposing party "of the date and substance of the proposed ex parte application and (b) to advise the Court in writing and under oath of efforts to contact other counsel and whether other counsel . . . opposes the application."  C.D. Cal. L.R. 7-19.1.

Here, as an initial matter, Defendant has failed to comply with the local rules. The declarations of counsel accompanying each of Defendants' Ex Partes make no mention of any effort to notify opposing counsel of a pending ex parte application. At best, the declaration accompanying the Ex Parte to Quash makes reference to a May 12 conversation regarding the possibility of a regularly-noticed motion to quash, before the issuance of this Court's Discovery Order and weeks prior to the subsequent discussions that apparently culminated in the filing of the Ex Parte to Quash with no notice to Plaintiff.  This alone warrants denial of the Application.

Furthermore, Defendants have not demonstrated that ex parte relief is appropriate because they have not shown that they are without fault in creating this "crisis."  As an initial matter, and as this Court acknowledged in the Discovery Order, Plaintiff's initial filing of a motion to compel was substantially justified because, as Defendants implicitly acknowledged, their earlier discovery responses were inadequate, and Defendants did not produce long-promised supplemental information until being ordered by this Court to do so as the discovery cutoff neared. Moreover, a review of the correspondence between counsel reveals, at best, a lack of clarity on Defendants' part as to their availability for deposition and, at worst, a bait and switch.

///
///
///
///

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA


## CIVIL MINUTES – GENERAL


Case No.    2:25-cv-07788-RGK-MAR                                      Date:  May 29, 2026

Title:    ***Logix Federal Credit Union v. Osaic Wealth Inc., et al.***


   The Court notes further that the correspondence between counsel, and the resulting filing of the Ex Partes, reflects a failure of all parties to conform to the Civility and Professionalism Guidelines, to which the Court expects all counsel to adhere.  The parties are encouraged to review these guidelines at https://www.cacd.uscourts.gov/attorneys/admissions/civility-and-professionalism-guidelines.

### III.
### CONCLUSION

   For the reasons stated above, **IT IS ORDERED** that:

   (1) Defendants' Ex Parte Applications are **DENIED**; and

   (2) the parties shall bear their own costs and fees.


**IT IS SO ORDERED.**

|  | : |
| --- | --- |
| **Initials of Preparer** | ev |