SEYFARTH SHAW LLP
Michael D. Wexler (*pro hac vice*)
mwexler@seyfarth.com
Besma Fakhri (*pro hac vice*)
bfakhri@seyfarth.com
233 South Wacker Drive, Suite 8000
Chicago, Illinois 60606-6448
Telephone:  (312) 460-5000
Facsimile:   (312) 460-7000

Sierra J. Chinn-Liu (SBN 322994)
schinnliu@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:  (310) 277-7200
Facsimile:   (310) 201-5219

*Attorneys for Plaintiff*
LOGIX FEDERAL CREDIT UNION

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOGIX FEDERAL CREDIT UNION,<br><br>Plaintiff,<br><br>v.<br><br>OSAIC WEALTH, INC.; JOHN JANIOS; ANTHONY MARTINEZ; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:25-cv-07788-RGK-MAR<br><br>**DISCOVERY MATTER**<br><br>**NOTICE OF MOTION AND MOTION FOR SANCTIONS AGAINST DEFENDANTS FOR FAILURE TO COMPLY WITH MAY 14, 2026 DISCOVERY ORDER (DKT. 81)**<br><br>[Filed concurrently with Declaration of Sierra Chinn-Liu]<br><br>Date: July 1, 2026<br>Time: 11:00 a.m.<br>Crtrm: 790 (Hon. Margo A. Rocconi)<br><br>Date Action Filed:  August 19, 2025 |

MOTION FOR SANCTIONS AGAINST DEFENDANTS FOR FAILURE TO COMPLY WITH DISCOVERY ORDER

**TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on July 1, 2026, at 11:00 a.m., or as soon as the matter may be heard before the Honorable Margo A. Rocconi, United States Magistrate Judge, in Courtroom 790 of the Edward R. Roybal Federal Building and United States Courthouse, located at 255 East Temple Street, Suite 1410, Los Angeles, CA 90012, Plaintiff Logix Federal Credit Union ("Logix" or "Plaintiff") will, and hereby does, under Federal Rule of Civil Procedure 37(b), move for sanctions against Defendants John Janios ("Janios"), Anthony Martinez ("Martinez") (together, the "Individual Defendants"), and Osaic Wealth, Inc. ("Osaic") (collectively, "Defendants"), for failure to comply with the Court's May 14, 2026 order (Dkt. 81).

**PLEASE TAKE FURTHER NOTICE** that Plaintiff seeks all relief the Court may deem appropriate under the Rule, including but not limited to, an order for immediate *full* compliance with the May 14 order, a negative inference instruction at trial, a recommendation to stay further proceedings until the order is obeyed, and/or an order requiring that Defendants reimburse Plaintiff for the reasonable fees and costs incurred in connection with bringing this motion.

The motion was made following an attempt to confer regarding Defendants' intent to complete compliance with the order.  The attempt went unanswered, as Defendants' counsel refused to respond or otherwise engage on the issue. *See* Declaration of Sierra Chinn-Liu.

//

//

MOTION FOR SANCTIONS AGAINST DEFENDANTS FOR FAILURE TO COMPLY WITH DISCOVERY ORDER

This motion is based on this notice, the accompanying memorandum and declaration of counsel, all other pleadings and papers on file in this action, all matters of which this Court may take judicial notice, and any such evidence or argument as may be presented in connection with this motion and/or at any hearing on the motion.

DATED: June 3, 2026

Respectfully submitted,

SEYFARTH SHAW LLP

By: */s/ Sierra J. Chinn-Liu*
Michael D. Wexler (*pro hac vice*)
Sierra J. Chinn-Liu
Besma Fakhri (*pro hac vice*)

Attorneys for Plaintiff
LOGIX FEDERAL CREDIT UNION

2

MOTION FOR SANCTIONS AGAINST DEFENDANTS FOR FAILURE TO COMPLY WITH DISCOVERY ORDER

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Plaintiff Logix Federal Credit Union ("Logix" or "Plaintiff") filed the instant action in August 2025.  Since that time, Plaintiff and its counsel have engaged in extensive efforts to work with Defendants John Janios ("Janios"), Anthony Martinez ("Martinez"), and Osaic Wealth, Inc. ("Osaic") (together, "Defendants") and their counsel to obtain and complete discovery, schedule depositions, prepare for trial, and push the case forward.

Despite these efforts, and intervention from this Court requiring Defendants to do so (Dkt. 81), Defendants failed to follow through on their own representations, continued in their efforts to unilaterally set the scope and cadence of discovery, and blocked access to *complete* records from the period immediately surrounding Janios's and Martinez's coordinated departure.  Defendants' failures forced Plaintiff to incur significant costs that could and should have been avoided by good faith participation in discovery, cost both parties time they could and should have been using to prepare for trial, and must be addressed through sanctions.

Thus, as detailed further herein, Plaintiff respectfully requests an order consistent with the provisions of Federal Rule of Civil Procedure 37(b), requiring Defendants' immediate *full* compliance with the May 14 order, a negative inference instruction at trial, recommending a stay of further proceedings until the May 14 order is obeyed, and/or requiring Defendants to reimburse Plaintiff for the reasonable fees and costs incurred in connection with bringing this motion.

### II.    RELEVANT BACKGROUND

Plaintiff timely exchanged initial disclosures and propounded discovery to Defendants.  (Declaration of Sierra Chinn-Liu ("Chinn-Liu Decl.") ¶¶ 2-5).  When Defendants responded late with boilerplate objections—and in some instances, provided no responses at all—Plaintiff promptly sought to meet and confer, resolve disputes

---

MOTION FOR SANCTIONS AGAINST DEFENDANTS FOR FAILURE TO COMPLY WITH
DISCOVERY ORDER

informally, obtain supplemental responses, and establish a timeframe for compliance that would allow both parties to adequately prepare for trial and meet the deadlines set forth in the Court's scheduling order (Dkt. 49). (*Id.*) When Defendants began providing responses and documents at random and unilaterally determined intervals, Plaintiff promptly began reviewing the responses and productions, determining areas for follow up, and propounding additional discovery requests. (*Id.*) When accommodating Defendants became incompatible with the scheduling order set by the Court in November 2025, Plaintiff promptly pursued relief, ultimately securing a minor modification to the fact discovery and motion cutoff date, which as of the date of this motion, is **June 3, 2026**. *See* Dkts. 67, 80.

After months of unfulfilled promises and delay upon delay, Plaintiff asked this Court to compel Defendants' participation in discovery by a date certain (Dkt. 64). On May 14, 2026, this Court **ordered** Defendants to produce, by May 18, 2026:

- "metadata [associated with the photos on their phones relating to Logix]";

- "pre-transition communications between Defendants concerning Logix customers," "*all* text messages 'about customers, relating to the Individual Defendants' recruitment or transition to Osaic,'" "text messages about 'alleged confidential information,'" and "*all* text messages concerning the Individual Defendants' transition from Logix to Osaic'";

- "*all* text messages" "between the Individual Defendants and customers"; or

- "a declaration, verification, or other evidence" that "all information pertinent to a particular request has been provided."

*See* Dkt. 81 (emphasis added).

As discussed in Plaintiff's Opposition (Dkt. 86) to Defendants' First Ex Parte Application for Protective Order to Prohibit Post-Deadline Depositions of Janios, Martinez, and Osaic and to Compel Deposition of Logix (Dkt. 84) and below, the items provided by Defendants on May 18 do not satisfy this Court's order. Review of Defendants' productions to date indicates that documents from the above categories, along with the verification called for by the order, remain outstanding.

2

Defendants represent that they produced all photos on their phones relating to Logix.  The photos produced are of their office badges, desk spaces, and posters from a conference or the office.  The surveillance footage described in Plaintiff's motion to compel (Dkt. 64) captures Janios and Martinez (the "Individual Defendants") taking photos of their Logix desktop screens on or about their last day of employment.  The photos actually produced in this matter do not show computer screens, do not appear to show metadata corresponding with the Individual Defendants' coordinated departure (rather dates in 2026-well after the Individual Defendants' departure), and were not produced in a format that allows the files to be downloaded and viewed the way counsel suggests in his declaration (Dkt. 87).  **The relevant photos thus appear to either have been destroyed or deliberately withheld.**

Defendants' production also contains only a handful of text messages between Janios and Martinez concerning their transition to Osaic and 1 customer they convinced to leave Logix.  Defendants did not produce their text messages with customers.  Instead, they produced excel files of dates and times with no means of determining or verifying sender/recipient, content, or applicable metadata.

Defendants' production similarly contains only partial communications evidencing their transition from Logix to Osaic.  For example, Defendants produced hundreds of calendar events referring to meetings with customers, some of which also include sensitive and confidential customer information, but omitted communications whereby those meetings were set up and communications or documents from which the sensitive and confidential customer information derived.

Importantly, it appears that Defendants have not produced the customer information they improperly removed and retained from Logix.  Separate and apart from the facts surrounding their coordinated departure, the Individual Defendants have *admitted* to, among other things: "access[ing] and retain[ing]" Logix's information, including what Defendants vaguely describe as "statements for [their] personal Logix

3

credit union accounts, documents concerning [their] compensation from Logix, and [their] signed agreements with Logix"; "us[ing] information relating to customers . . . who . . . at that time had, Logix credit union accounts"; "email[ing] and call[ing] customers [they] previously serviced and who were previously referred to [them] by Logix"; and "us[ing] a list of customer names, addresses, telephone numbers, and email addresses" retained from a database maintained by a Logix partner, and populated with Logix data. *See* Chinn-Liu Decl., Ex. 1 (Janios's responses to Logix's First Set of Requests for Admission).

Rather than remediating the documents they were observed taking at or near their departure (or any other Logix property remaining in their possession), the Individual Defendants produced what appears to be an excel spreadsheet containing customer names and contact information. Ostensibly, Defendants produced this to corroborate their assertions regarding retaining information from the database of Logix's partner; however, the metadata for this document available to Plaintiff's counsel reflects a "created" or "modified" date of March 2, 2026 – nearly a year after the Individual Defendants' departure. Along with their last-minute screenshots, Defendants have yet to produce any of the documents they printed or other files they retained. **The relevant Logix customer information thus appears to either have been destroyed or deliberately withheld.**

Defendants' accompanying required "verification" is similarly deficient, as it consists of a declaration (Dkt. 82) in which counsel refers the Court to his prior declaration (Dkt. 64-2) and states that "Defendants have produced all documents and information they *agreed* to produce" in response to Plaintiff's RFPs. This is essentially the same representation as Defendants made before and does nothing to verify the status of production as ordered by this Court. *See* Dkt. 81, Page ID #1114 (noting that "Defendants' counsel's supplemental declaration states only that Defendants 'have produced all documents which they agreed to produce'" and ordering Defendants to

4

provide a further declaration or verified response that additional responsive documents do not exist).

On May 26, 2026, having reviewed enough of Defendants' productions to recognize the gaps described above, Plaintiff's counsel sent an email requesting Defendants' final position regarding their compliance with the Court's order.  (Chinn-Liu Decl. ¶ 15, Ex. 2; Dkt. 86-1, Page ID #1311).  Defendants' counsel ignored the email, thereby cutting off any potential to confer or informally resolve these deficiencies.  (*Id.*)

## III.   ARGUMENT

Pursuant to Federal Rule of Civil Procedure 37(b)(2)(A), "[i]f a party or a party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)—fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders."  "Further just orders" include: "(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination."  Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii).

The Rule further provides that "[i]nstead of or in addition to the orders [in (i)-(vii)], the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(b)(2)(C); *see United States v. Sumitomo Marine & Fire Ins. Co.*, 617 F.2d 1365, 1369 (9th Cir. 1980) ("Rule 37(b) . . . provides a wide range of

5

sanctions for a party's failure to comply with court discovery orders [including] require[ing] the delinquent party or his attorney to pay the reasonable expenses, including attorney's fees, incurred by the innocent party as a result of the failure to obey the order; strik[ing] out portions of pleadings; deem[ing] certain facts as established for purposes of the action or preclude admission of evidence on designated matters; dismiss[ing] all or part of the action; or render[ing] a default judgment against the disobedient party").

Here, Defendants failed or refused to fully comply with an order of this Court.

Initially, Defendants did not produce *any* of the documents that *were* in the May 18 productions until ordered to do so by the Court, notwithstanding all of their prior representations of intent to supplement. *See* Dkt. 81, Page ID #1119 (observing that "Defendants have at least implicitly acknowledged that supplemental responses were necessary, promised to provide such responses after the motion was filed, and indeed, do not appear to have provided all such responses to date"); Dkt. 88, Page ID #1358 ("as this Court acknowledged in the Discovery Order, Plaintiff's initial filing of a motion to compel was substantially justified because, as Defendants implicitly acknowledged, their earlier discovery responses were inadequate, and Defendants did not produce long-promised supplemental information until being ordered by this Court to do so as the discovery cutoff neared").

Then, once ordered, and just days before the discovery cutoff, Defendants made multiple simultaneous productions, with no effort to explain which productions or documents were intended to comply with which parts of the Court's order (or were responsive to which of the requests at issue). Review of the productions to date indicates that the productions do *not* fully comply with the Court's order or the requests at issue.

First, Defendants' document productions do not contain photos consistent with security footage capturing Janios and Martinez taking screenshots of their Logix desktop computer screens with their phones, or photos with metadata that corresponds with the Individual Defendants' coordinated departure time. *See* Fed. R. Civ. P. 37(e)(2) ("[i]f

6

MOTION FOR SANCTIONS AGAINST DEFENDANTS FOR FAILURE TO COMPLY WITH DISCOVERY ORDER

electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court . . . upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may (A) presume that the lost information was unfavorable to the party; (B) instruct the jury that it may or must presume the information was unfavorable to the party; or (C) . . . enter a default judgment").

Second, Defendants did not produce all documents relating to or evidencing their transition from Logix to Osaic.  The communications produced show an incomplete picture of the Individual Defendants hiring and recruitment process, as they primarily concern the Individual Defendants' onboarding and set up of Aristo Wealth.  The productions do not appear to contain any communications leading to the Individual Defendants' hiring (e.g., interview notes, meeting invitations, or other exchanges described in Janios's messages with Martinez regarding his interactions with Osaic months prior to resigning in April 2025).  There are likewise no communications between the Individual Defendants and Osaic concerning the book of business or clients they could bring over, and the impact of same on contract terms including compensation. *See Goldwater Bank, N.A. v. Elizarov*, No. 521CV00616JWHSPX, 2023 WL 4290382, at *1 (C.D. Cal. June 13, 2023) (ordering defendant to pay sanctions for failure to comply with discovery order where supplemental responses provided "fell well short of being complete or adequate in compliance with the court's order and the Federal Rules of Civil Procedure," and where the defendant "offered no legitimate reason for his continued failure to comply in full with the court's [] order").

Third, Defendants did not produce their text messages with Logix customers, providing instead only select emails and meeting invitations, and a limited number of excel files showing timestamps of messages without content or sender/recipient information.  If, as Defendants have repeatedly claimed throughout this action, customers

7

MOTION FOR SANCTIONS AGAINST DEFENDANTS FOR FAILURE TO COMPLY WITH DISCOVERY ORDER

independently reached out to Janios and Martinez after their coordinated departure with no prompting or improper contact, there would ostensibly be more than timestamps and meeting invitations to show for it.

Fourth, it appears Defendants did not—and perhaps *cannot*—produce the actual customer information (in hard copy and electronic format) that they misappropriated from Logix.

Fifth, Defendants did not provide verification or affirmatively represent that the documents in their possession responsive to the requests identified in the May 14 order have been produced.  Instead, Defendants essentially repeated the representations previously deemed insufficient – that they have produced the documents they "agreed" to produce.

Furthermore, after all their delays and finally making the May 18 productions containing over 4,000 pages of documents, Defendants suddenly became much more invested in an expedited deposition schedule.  The motivation for the about-face in position is obvious – to prevent Plaintiff and its counsel from adequately preparing for Defendants' depositions, by drastically shortening the time to find needles in haystacks that could have been, but were not, provided in a prompt or orderly manner.

The foregoing failures track a pattern of behavior throughout this litigation. Defendants make no attempt whatsoever to participate in discovery or respond appropriately, and when confronted, do just enough (e.g., producing thousands of pages at the eleventh hour) to create the *impression* of compliance.  Defendants will undoubtedly rely, as they have in prior pleadings, on the quantity of documents as evidence of their "good faith" in discovery.  But producing thousands of irrelevant or minimally responsive documents at irregular intervals, all the while continuing to promise more vital materials are forthcoming, falls short of true good faith.

Defendants repeatedly refused to follow through on their own representations, to the point that the Court ordered them to do exactly that, and *still* Defendants did not.

8

Defendants merely produced documents and a declaration giving the illusion of compliance, while withholding key categories of discovery well within the purview of the Court's order.  *See In re Telescopes Antitrust Litig.*, No. 20CV03642EJDVKD, 2023 WL 3957423, at *3-4 (N.D. Cal. June 12, 2023) (granting in part motion for sanctions where defendants "insist[ed] that their production of [] data ha[d] long been complete" and that their multiple belated productions "were made simply to appease" the requesting party's demands for "unresponsive data and data in different formats," finding there "[was] no justification or excuse for defendants' failure to comply *fully* with the Court's [] discovery order") (emphasis added).

## IV.  CONCLUSION

For the foregoing reasons, Logix respectfully requests that the Court grant this motion and order, consistent with the provisions of Federal Rule of Civil Procedure 37, Defendants' immediate *full* compliance with the May 14 order as specified herein, a stay of further proceedings until the May 14 order is obeyed, a negative inference instruction for trial, and/or Defendants' payment of Plaintiff's reasonable fees and costs incurred in connection with this motion.

DATED: June 3, 2026

Respectfully submitted,

SEYFARTH SHAW LLP


By: /s/ *Sierra J. Chinn-Liu*
Michael D. Wexler (*pro hac vice*)
Sierra J. Chinn-Liu
Besma Fakhri (*pro hac vice*)

Attorneys for Plaintiff
LOGIX FEDERAL CREDIT UNION

9

MOTION FOR SANCTIONS AGAINST DEFENDANTS FOR FAILURE TO COMPLY WITH DISCOVERY ORDER

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 11-6.1

The undersigned, counsel of record for Plaintiff LOGIX FEDERAL CREDIT UNION, certifies that this brief contains 2,748 words, which complies with the word limit of L.R. 11-6.1.

DATED:  June 3, 2026

By:  /s/ *Sierra J. Chinn-Liu*
Michael D. Wexler (*pro hac vice*)
Sierra J. Chinn-Liu
Besma Fakhri (*pro hac vice*)

Attorneys for Plaintiff
LOGIX FEDERAL CREDIT UNION

MOTION FOR SANCTIONS AGAINST DEFENDANTS FOR FAILURE TO COMPLY WITH DISCOVERY ORDER