DANIEL H. HANDMAN (SBN 236345)
dhandman@hkemploymentlaw.com
HIRSCHFELD KRAEMER LLP
1299 Ocean Avenue, Suite 750
Santa Monica, California 90401
Telephone:  (310) 255-0705
Facsimile:  (310) 255-0986

Steven L. Manchel (*pro hac vice*)
Patrick M. Capodilupo (*pro hac vice*)
smanchel@bowditch.com
pcapodilupo@bowditch.com
Bowditch & Dewey
75 Federal Street, Suite 1000
Boston, MA 02110
Telephone:  (617) 757-6528
Facsimile:  (508) 929-3099

Attorneys for Defendants
OSAIC WEALTH, INC., JOHN JANIOS,
and ANTHONY MARTINEZ

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LOGIX FEDERAL CREDIT UNION,<br><br>Plaintiff,<br>v.<br><br>OSAIC WEALTH, INC.; JOHN JANIOS; ANTHONY MARTINEZ; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:25-cv-07788-RGK-MAR<br><br>**DISCOVERY MATTER**<br><br>[LOCAL RULES 37-1, 2]<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS AGAINST DEFENDANTS FOR FAILURE TO COMPLY WITH MAY 14, 2026 DISCOVERY ORDER**<br><br>Date: July 1, 2026<br>Time: 11:00 a.m.<br>Judge: Hon. Margo A. Rocconi<br>Courtroom:  790<br><br>Date Action Filed:  August 19, 2025 |

Defendants JOHN JANIOS ("Janios") and ANTHONY MARTINEZ ("Martinez") (collectively, the "Individual Defendants") and OSAIC WEALTH, INC. ("Osaic") (together with the Individual Defendants, "Defendants") hereby file

their Opposition ("Opposition") to Plaintiff Logix Federal Credit Union's ("Logix") Motion for Sanctions against Defendants for Failure to Comply with May 14, 2026 Discovery Order ("Motion").

## I.   ARGUMENT

At 6:30 PM on the discovery and motion cutoff date, Logix filed the instant Motion seeking, under Federal Rule 37, sanctions and an order compelling compliance with the Court's May 14, 2026 Order ("May 14 Order").  However, Logix did not even attempt to comply with Local Rules 37-1 and 2.  *See* Local Rule 37-1 (applying to "any motion relating to discovery under F. Rs. Civ. P. 26-37"); *Ashcraft v. First-Citizens Bank & Tr. Co.*, 2026 WL 851435, at *2 (C.D. Cal. Mar. 25, 2026) (denying motion for sanctions for failure to file LR 37-2 joint stipulation).  First, Logix never requested a telephonic meet-and-confer.  *See* Local Rule 37-1 (moving party must "confer in a good-faith effort to eliminate the necessity for hearing the motion or to eliminate as many disputes as possible" and "[i]t is the responsibility of counsel for the moving party to arrange for this conference," and "serve[] a letter requesting such conference").  Second, Logix never notified Defendants of any of the deficiencies alleged in the Motion.  *Id.* (requiring moving party to serve a "letter identify[ing] each issue and/or discovery request in dispute").  Third, Logix failed to follow the joint stipulation requirements.  *See* Local Rule 37-2.

Instead, in the middle of an email chain concerning scheduling depositions, Logix's counsel asked whether Defendants intended to produce any more documents, a question that does not satisfy Local Rule 37-1, and a question that has already been answered several times in this action, including in sworn declarations.  *See* Dkt. 82.  Logix's email also only referred to Defendants' May 18, 2026 production, and not any of the earlier productions, dating back to March 2026,

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS AGAINST DEFENDANTS FOR FAILURE TO COMPLY WITH MAY 14, 2026 DISCOVERY ORDER

which Logix now, for the first time, claims are incomplete. Shortly thereafter, without conferring or serving a joint stipulation, Logix filed the instant Motion.

Logix's numerous failures to comply with this Court's Local Rules are, alone, sufficient to deny the Motion. *See, e.g.*, *Pina v. Lewis*, 717 F. App'x 739, 740 (9th Cir. 2018); *Ashcraft*, 2026 WL 851435 at *2. Nonetheless, as set forth below, Logix's alleged deficiencies are also false, as the Defendants have produced all required documents, communications and information.

**1. Defendants did not photograph any Logix information and have produced all photos, with the requested metadata, from the relevant time period.**

Logix acknowledges that Defendants "represent[ed] that they produced all photos on their phones relating to Logix" and that "[t]he photos produced are of their office badges, desk spaces, and posters from a conference or the office" (i.e. not confidential Logix information). *See* Dkt. 92, Page ID# 1675. In other words, Logix admits that Defendants complied with the May 14 Order, but argues that because the produced photos don't support its claim that the Individual Defendants photographed confidential information, Defendants must have destroyed or withheld photos that do.

Logix's conclusory argument presupposes that two videos, bates numbers LOGIX_000002 and LOGIX_000152, show the Individual Defendants photographing Logix information. They do not. It has been indisputably proven that the footage in LOGIX_000002 shows Janios using his mobile phone scanner to email Osaic his signed variable annuity salesperson contracts for several insurance companies (the "Annuity Forms"), which permit him to sell those companies' annuity products. Defendants produced a copy of the email in which Janios scanned the Annuity Forms to Osaic in bates number JANIOS0006501-9, a copy of which is attached as Exhibit 1 to the Declaration of Patrick M. Capodilupo ("Capodilupo Decl."), submitted herewith. In JANIOS0006501-9, one can clearly see that the Annuity Forms were scanned using a mobile phone scanner, as the desk

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS AGAINST DEFENDANTS FOR FAILURE TO COMPLY WITH MAY 14, 2026 DISCOVERY ORDER

surface on which the documents rested is visible around the edges of the scanned images.  Capodilupo Decl., Ex. 1.  Thus, Logix's interpretation of the video footage in LOGIX_000002 is simply wrong.  Logix is likewise wrong about the footage in LOGIX_000152, as that video does not, as Logix claims, show Janios photographing Logix's computer screen, but rather showing something on his phone to Martinez.  The Individual Defendants have submitted sworn declarations, in support of their pending Motion for Summary Judgment, attesting to their actions in both videos, and further stating that they did not remove, take, use, or otherwise misappropriate any of Logix's information.  *See* Dkt. 89-17 at ¶¶ 9, 16; Dkt. 89-18 at ¶¶ 9, 16.

Logix's unsupported speculation notwithstanding, the Individual Defendants have produced all of the photos on their phones that in any way relate to Logix information or Logix's allegations in the Complaint.  *See* Dkt. 82.  As Logix has acknowledged, those photos don't reveal any Logix confidential information.  While the photos are, therefore, irrelevant, they do contain the metadata that Logix falsely claims is missing.  Capodilupo Decl., ¶ 5.  As counsel for Defendants previously stated in a sworn declaration: "That metadata can be accessed by downloading the photo, right clicking on the file, selecting 'Properties,' clicking on the 'Details' tab, and reviewing the 'Date taken' field."  Capodilupo Decl., ¶ 5; Dkt. 87 at ¶ 4.

Moreover, in that same May 29, 2026 declaration, Defendants also invited Logix to contact them, "[i]f some technical difficulties are not allowing Plaintiff to access this metadata[.]"  Dkt. 87 at ¶ 4.  However, Logix never contacted Defendants, making it reasonable to assume that they had resolved their issues.  Logix's decision to move for sanctions is not consistent with Local Rule 37-1 or the parties' obligations to cooperate in discovery, including under Local Rule 37-4.  Indeed, in this same litigation, Logix has produced videos that could not be played and print logs with illegible document names, but Defendants raised those issues

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS AGAINST DEFENDANTS FOR FAILURE TO COMPLY WITH MAY 14, 2026 DISCOVERY ORDER

directly to Logix. Had Logix simply done the same and conferred with Defendant as required, they very likely could have quickly resolved their alleged inability to view the metadata. Their failure to do so is not grounds for sanctioning Defendants; if anything, it is grounds for sanctioning Logix. *See, e.g.,* Local Rules 37-2, 4.

Based on the foregoing, Defendants' production of photos from their phone is not deficient.

## 2. Defendants produced all of the required documents and communications concerning their transition to Osaic.

Logix next argues that Defendants produced an "incomplete picture of the Individual Defendants' hiring and recruitment process," but offers no evidence other than pure speculation and false claims of "missing" documents. Specifically, Logix asserts that "[t]he productions do not *appear* to contain *any* communications leading to the Individual Defendants' hiring." Dkt. 92, Page ID# 1679 (emphasis added). However, that statement itself reflects Logix's uncertainty in its own claim, and for good reason, as it is false. Osaic alone produced, via bates numbers OSAIC0000001-521, 1195-1753, 2419-3500, over 400 emails, internally and with the Individual Defendants, leading into April 9, 2025, concerning the Individual Defendants' recruitment and transition to Osaic, samples of which are attached as Exhibit 2 to the Capodilupo Decl. *See* Capodilupo Decl., ¶ 3. Those emails show that the recruitment process began on or about January 9, 2025, and, naturally, consisted of multiple phone and virtual meetings. *See* Capodilupo Decl., Ex. 2.

Moreover, contrary to Logix's claims, those emails include meeting invitations and communications concerning the Individual Defendants' compensation and assets under management (i.e. their book of business). *Id.* Logix vaguely speculates that certain "other exchanges described in Janios's messages with Martinez" demonstrate that Defendants' production is incomplete," but makes

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS AGAINST DEFENDANTS FOR FAILURE TO COMPLY WITH MAY 14, 2026 DISCOVERY ORDER

no effort, as required under Local Rule 37-1, to identify which specific "other exchanges" it is referring to or explain how they allegedly evidence missing communications. Logix is correct, however, that there are no pre-transition communications "concerning … clients," because Defendants did not discuss specific clients prior to the Individual Defendants' transition.

Finally, Logix asserts that "Defendants' production also contains only a handful of text messages between Janios and Martinez concerning their transition to Osaic." However, that claim is also false, as the Individual Defendants produced 186 text messages with each other, in bates number MARTINEZ0004633, spanning from January 28, 2025 to April 9, 2025. Those text messages were produced in a single excel file due to the software used to extract them from the Individual Defendants' cell phones. Capodilupo Decl., ¶ 4.

That the foregoing text messages, communications, or any of Defendants' productions do not contain information that Logix might have hoped to uncover, is not evidence of deficiencies in Defendants' productions, but rather, a reflection of the lack of merit in Logix's claims. Counsel for Defendants have submitted numerous sworn declarations attesting to the completeness of Defendants' document productions, which Defendants again reaffirm here. *See*, *e.g.*, Dkts. 64-2, 82. In addition, Defendants have now also provided specific examples of produced documents that Logix falsely claimed were not produced. *See* Capodilupo Decl., Ex. 2. Thus, Defendants have produced all of the required documents and communications concerning their transition to Osaic.

3. **Defendants have produced all of the required text messages and communications with customers**.

Logix next claims that "Defendants did not produce their text messages with Logix customers" and instead provided only "a limited number of excel files showing timestamps of messages without content or sender/recipient information." This is also false. The Individual Defendants produced over 150 separate text

6

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

message chains with customers, in excel format, containing, *inter alia*, the name of the sender/recipient and the time, date, and content of the text messages. Those text chains were produced in bates numbers MARTINEZ0004555-4632, JANIOS0010116-10200, 10487, 10489-10492 and contain *thousands* of text messages with customers from January 1, 2024 to present. Capodilupo Decl., ¶ 4. An example of one such text chain is attached as Exhibit 3 to the Capodilupo Decl. If Logix is having technical difficulties viewing them, they never told Defendants. Capodilupo Decl., ¶ 4.

**4. Defendants did not misappropriate any information.**

Next, Logix claims that "it *appears* Defendants did not—and perhaps cannot—produce the actual customer information (in hard copy and electronic format) that they misappropriated from Logix." Dkt. 92, Page ID# 1680 (emphasis added). As an initial matter, Logix again admits that it is not even certain of its own vague conclusions. Nonetheless, Logix seems to argue that "it appears" Defendants have not produced information they supposedly admitted to taking pursuant to Janios's Responses to Plaintiff's First Set of Requests for Admissions ("RFA"). [1] However, as set forth below, Logix completely misrepresents Janios's RFA responses, as the Individual Defendants did not take, use or misappropriate any information and have never made any such admissions.

First, Logix claims that Janios "admitted to" … " 'access[ing] and retain[ing] Logix's information including … statements for [their] personal Logix credit union accounts, documents concerning [their] compensation from Logix, and [their] signed agreements with Logix[.]' " Dkt. 92, Page ID# 1675. This is a misleading reference to RFA No. 4, in which Logix requested: "Admit that YOU have DOCUMENTS created by LOGIX in YOUR possession." Dkt. 92-1, Page ID# 1693-4. Following specific objections, Janios responded, in relevant part: "Janios

---

[1] Logix does not identify the specific RFA Nos. that they misquote.

admits that, ***after his separation from LPL and Logix***, customers gave him documents and information concerning their existing accounts … [and] Janios further admits that he has possession of his personal Logix credit union accounts, documents concerning his compensation from Logix, and his signed agreements with Logix.  Janios denies that he has any other information that could be considered 'created by Logix.' " *Id.* (emphasis added).  Documents such as the Logix bank statements emailed to Defendants by customers after the Defendants transitioned to Osaic, shown in bates numbers JANIOS0004689-91, are not "misappropriated information," as Logix claims.  Capodilupo Decl. ¶ 6.  Moreover, the Individual Defendants' statements for *their own personal* Logix checking accounts and *their own personal* commission pay stubs are irrelevant, not confidential, do not contain any customer information, and already in Logix's possession.  Lastly, the Individual Defendants' signed agreements with Logix are their Offer Letters and RR Agreements, under which Logix brings its breach of contract claims.

Second, Logix claims that Janios admitted to " 'us[ing] information relating to customers … who … at that time had, Logix credit union accounts[.]' " Dkt. 92, Page ID# 1675.  This is a misleading reference to RFA No. 21, in which Logix requested: "Admit that YOU have used [] [sic] information relating to LOGIX customers." Dkt. 92-1, Page ID# 1698-9.  Following specific objections, Janios responded, in relevant part: "Janios admits that, following his separation from LPL and Logix, he has used information relating to customers with Osaic securities accounts who also have, and/or at that time had, Logix credit union accounts[.]" *Id.* Janios's response is nothing more than a reflection of the fact that some customers who transferred their securities accounts from LPL to Osaic also have Logix checking accounts, because Osaic and Logix are engaged in two completely different businesses.  Therefore, any information relating to securities customers which the Individual Defendants currently service at Osaic, necessarily also relates

to so-called Logix customers to the extent those customers still have Logix checking accounts.

Third, Logix claims that Janios admitted to " 'email[ing] and call[ing] customers [they] previously serviced and who were previously referred to [them] by Logix[.]" Dkt. 92, Page ID# 1675. However, this is a misleading reference to RFA No. 24, as it excludes the fact that the Logix's own request concerned only "customers [Janios] contacted *after [he] joined OSAIC*."[2]  *See* Dkt. 92-1, Page ID# 1699 (emphasis added). Nonetheless, Logix does not explain what the Individual Defendants' communications with customers after they transitioned to Osaic have to do with Logix's claim of unproduced customer information. Moreover, Defendants have produced all of the required emails and text messages with customers, which number in the thousands. *See* Dkt. 82.

Fourth, Logix claims that Janios admitted to " 'us[ing] a list of customer names, addresses, telephone numbers, and email addresses' retained from a database maintained by a Logix partner, and populated with Logix data." Dkt. 92, Page ID# 1675.[3]  However, those two lists of publicly available non-confidential contact information maintained by third-party LPL Financial, LLC were produced by the Individual Defendants in bates numbers MARTINEZ0000001 and JANIOS0000001, which Logix appears to acknowledge. *See* Dkt. 92-1 at ¶ 13. It is, therefore, unclear what point Logix is attempting to make by this claim.

Based on the foregoing, there is no so-called "customer information … that [Defendants] misappropriated from Logix," and Logix has not identified any.

### 5. Defendants submitted the required declarations.

Finally, Logix claims that "Defendants did not provide verification or

---

[2] Contacting customers after the Individual Defendants moved to Osaic is not unlawful. *See, e.g.,* Cal. Bus. & Prof. Code § 16600.

[3] Defendants have never admitted, as Logix claims, that the contact information is "Logix data." Defendants have repeatedly maintained that such securities customer information does not belong to Logix, and have proven that it is publicly available on online directories. *See* Dkt. 89-2 at ¶ 3.

9

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

affirmatively represent that the documents in their possession responsive to the requests identified in the May 14 order have been produced." Dkt. 92, Page ID# 1680. However, Defendants clearly did. The sworn declaration from Defendants' counsel identifies each specific instruction from the May 14 Order and provides the requested representations. *See* Dkt. 82. The declaration further represents that the Defendants have produced all documents which they agreed to produce in their written discovery responses, in accordance with the Court's May 14 Order. *Id.*

## II.    CONCLUSION

Logix's Motion, filed at 6:30 PM on the discovery and motion cutoff date, is at best, a delay tactic designed to manufacture an extension of the expired deadlines which had previously been extended twice. Notably, Logix did not even attempt to comply with Local Rules 37-1 and 2, which alone is sufficient grounds to deny the Motion. Moreover, Logix's Motion is filled with unsupported speculation and outright false claims of missing documents, which Defendants have proven were produced. *See, e.g.,* Capodilupo Dec., Exs. 1-3; Dkt. 82. Lastly, Logix's complaints about large volumes of irrelevant documents conveniently ignores that they are the direct result of Logix's overbroad requests, which Defendants repeatedly asked them to narrow. *See, e.g.,* Dkts. 64, 82. Defendants fully complied with all discovery obligations, including the Court's May 14 Order. Thus, Defendants respectfully request that the Court DENY Logix's Motion, and award Defendants their attorneys' fees and costs incurred in opposition. *See* Local Rule 37-4; *Amaya v. Menzies Aviation USA, Inc.*, 2024 WL 5413116, at *4–5 (C.D. Cal. Dec. 4, 2024) (Rocconi, J.) (declining to impose attorneys' fees even where "Defendant routinely failed to respond to Plaintiffs' counsel's communications, and inexplicably delayed producing written responses for nearly five months").

Hirschfeld Kraemer LLP
Attorneys At Law
Santa Monica

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS AGAINST DEFENDANTS FOR FAILURE TO COMPLY WITH MAY 14, 2026 DISCOVERY ORDER

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

Dated:  June 10, 2026

BOWDITCH & DEWEY LLP

By: /s/Patrick M. Capodilupo

Patrick M. Capodilupo (*Pro Hac Vice*)

Attorneys for Defendants
OSAIC WEALTH, INC., JOHN JANIOS, and ANTHONY MARTINEZ

DANIEL H. HANDMAN (SBN 236345)
dhandman@hkemploymentlaw.com
HIRSCHFELD KRAEMER LLP
1299 Ocean Avenue, Suite 750
Santa Monica, California 90401
Telephone:  (310) 255-0705
Facsimile:   (310) 255-0986

Steven L. Manchel (*Pro Hac Vice*)
Patrick M. Capodilupo (*Pro Hac Vice*)
BOWDITCH & DEWEY LLP
75 Federal Street, Suite 1000
Boston, MA 02110
(617) 757-6500
(508) 929-3099 (fax)
smanchel@bowditch.com
pcapodilupo@bowditch.com
HIRSCHFELD KRAEMER LLP

11

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

**CERTIFICATE OF SERVICE**

I hereby certify that on June 10, 2026, I caused a copy of the foregoing to be served by email on all counsel of record, including the following:

Michael D. Wexler (*pro hac vice*)
mwexler@seyfarth.com
Besma Fakhri (*pro hac vice*)
bfakhri@seyfarth.com
233 South Wacker Drive, Suite 8000
Chicago, Illinois 60606-6448
Telephone: (312) 460-5000
Facsimile: (312) 460-7000

Sierra J. Chinn-Liu (SBN 322994)
schinnliu@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone: (310) 277-7200
Facsimile: (310) 201-5219

*Attorneys for Plaintiff*
LOGIX FEDERAL CREDIT UNION

/s/Patrick M. Capodilupo
Patrick M. Capodilupo

12

DEFENDANTS' NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT