SEYFARTH SHAW LLP
Michael D. Wexler (*pro hac vice*)
mwexler@seyfarth.com
Besma Fakhri (*pro hac vice* to be filed)
bfakhri@seyfarth.com
233 South Wacker Drive, Suite 8000
Chicago, Illinois 60606-6448
Telephone:  (312) 460-5000
Facsimile:   (312) 460-7000

Sierra J. Chinn-Liu (SBN 322994)
schinnliu@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:  (310) 277-7200
Facsimile:   (310) 201-5219

*Attorneys for Plaintiff*
LOGIX FEDERAL CREDIT UNION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOGIX FEDERAL CREDIT UNION,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>OSAIC WEALTH, INC.; JOHN JANIOS; ANTHONY MARTINEZ; and DOES 1 through 10, inclusive,<br><br>　　　　　Defendants. | Case No. 2:25-cv-07788-RGK-MAR<br><br>**PLAINTIFF LOGIX FEDERAL CREDIT UNION'S MOTION *IN LIMINE* NO. 1: TO EXCLUDE EVIDENCE OF, AND REFERENCE TO, THE PROTOCOL FOR BROKER RECRUITING AND BROKER-DEALER REGISTRATION REQUIREMENTS**<br><br>Date: August 4, 2026<br>Time: 9:00 a.m.<br>Judge: Hon. R. Gary Klausner<br>Courtroom: 850<br><br>Date Action Filed:  August 19, 2025 |

PLAINTIFF'S MOTION *IN LIMINE* NO. 1: TO EXCLUDE EVIDENCE OF, AND REFERENCE TO, THE PROTOCOL FOR BROKER RECRUITING AND BROKER-DEALER REGISTRATION REQUIREMENTS

**TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on August 4, 2026, at 9:00 a.m., or as soon as counsel may be heard before the Honorable R. Gary Klausner, United States District Judge, in Courtroom 850 of the Edward R. Roybal Federal Building and United States Courthouse, located at 255 East Temple Street, Los Angeles, California 90012-3332, Plaintiff Logix Federal Credit Union ("Logix") will, and hereby does, move *in limine*, for an order prohibiting Defendants from introducing any evidence regarding, or referencing, the Protocol for Broker Recruiting (the "Broker Protocol"), including its application to the instant dispute, as well as evidence and argument regarding FINRA broker-dealer registration requirements, including any purported application of 15 U.S.C. § 78cc.

This Motion is brought on the grounds that evidence of, or argument as to, the Broker Protocol and FINRA broker-dealer requirements are irrelevant to the claims and defenses in this action, improperly ask the jury to decide legal questions, are patently false, and their admission at trial would be prejudicial, confusing, and needlessly time-consuming.

This Motion follows good-faith meet-and-confer efforts, including a telephonic conference between counsel on June 8, 2026. (*See* Declaration of Besma Fakhri, ¶¶ 3-5.)

This Motion is based on this Notice, the attached Memorandum of Points and Authorities, the pleadings, records and files in this action, and any oral and documentary evidence as may be presented at the hearing on the Motion.

DATED:  June 18, 2026

Respectfully submitted,

SEYFARTH SHAW LLP

By: /s/ *Sierra J. Chinn-Liu*
Michael D. Wexler (*pro hac vice*)
Sierra J. Chinn-Liu
Besma Fakhri (*pro hac vice*)

Attorneys for Plaintiff
LOGIX FEDERAL CREDIT UNION

2

PLAINTIFF'S MOTION *IN LIMINE* NO. 1: TO EXCLUDE EVIDENCE OF, AND REFERENCE TO, THE PROTOCOL FOR BROKER RECRUITING AND BROKER-DEALER REGISTRATION REQUIREMENTS

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION AND RELEVANT BACKGROUND

Plaintiff Logix Federal Credit Union ("Logix") moves this Court, *in limine*, to exclude any evidence, testimony, argument, or reference relating to the Protocol for Broker Recruiting (the "Broker Protocol"), including its alleged applicability to the parties and conduct in this action, as well as evidence and argument regarding FINRA broker-dealer registration requirements, including any purported application of 15 U.S.C. § 78cc.

Crucially, Defendants John Janios and Anthony Martinez (collectively, the "Individual Defendants") ***admitted*** retaining lists of Logix members' names, addresses, phone numbers, and email addresses. (Dkt. 100-1 ¶ 4.) As explained in Logix's Opposition to Defendants' Motion for Summary Judgment (Logix's "Opposition"), and despite Defendants' mischaracterization, these are not generic compilations that could be assembled from public sources. They are the product of Logix's substantial time, effort, and resources—carefully developed lists of customers with known assets, demonstrated investment history, and a confirmed interest in investing. In other words, they consist of prequalified, ready-to-invest customers, and constitute protectable trade secrets. *See, e.g.*, *Gartner, Inc. v. Parikh*, 2008 WL 11336333, at \*3 (C.D. Cal. Oct. 10, 2008) (list of customers "who have already shown a willingness" to use service constitutes trade secret); *American Credit Indem. Co. v. Sacks*, 213 Cal. App. 3d 622, 630-31 (1989) (customer list valuable for targeting "customers which already have evinced a predisposition to purchase credit insurance").

Despite this record, the Individual Defendants misguidedly argued that they were allowed to take this cultivated list of predisposed investment customers because of the Broker Protocol (also referred to as the "Protocol"). (*See* Dkt. 89.) This position is baseless: Logix is ***not*** a member of the Protocol, LPL modified its participation in the Protocol, and the Individual Defendants' written agreements with Logix and LPL

PLAINTIFF'S MOTION *IN LIMINE* NO. 1: TO EXCLUDE EVIDENCE OF, AND REFERENCE TO, THE PROTOCOL FOR BROKER RECRUITING AND BROKER-DEALER REGISTRATION REQUIREMENTS

expressly state that the Protocol does not apply. Thus, not only is Defendants' reliance on the Broker Protocol substantively meritless—as set forth in greater detail in Logix's Opposition—but any reference to the Protocol is also inadmissible. Evidence or argument concerning the Protocol is irrelevant to the claims and defenses in this case, raises legal questions reserved for the Court rather than the jury, and would invite unfair prejudice, confusion, and needless consumption of trial time.

The Broker Protocol is a "***voluntary*** agreement among firms in the financial services industry that allows a departing financial advisor, with written notice, to take certain client information with them when leaving one ***member-firm*** to join another ***member-firm***." *Salomon & Ludwin, LLC v. Winters*, 150 F.4th 268, 271-72 (4th Cir. 2025) (emphasis added). Notably, participation in the Broker Protocol does not shield a signatory from liability for any and all conduct arising out of an advisor's transition. *See id.* (even under the Broker Protocol, advisors and member-firms are not permitted to "raid" former firms); *HA & W Cap. Partners, LLC v. Bhandari*, 816 S.E.2d 804, 812 (2018) (the Broker Protocol recognizes that a firm "would continue to be free to enforce whatever contractual . . . restrictions exist on the solicitation of customers").

Again, Logix is ***not*** a signatory to the Broker Protocol and is ***not*** a brokerage firm. (Dkt. 100-2, Page ID #:3117, 3127.) Though Logix's brokerage-firm partner, LPL Financial LLC ("LPL") is a limited signatory to the Broker Protocol, at the time of the Individual Defendants' departure, it had specifically modified its participation to provide for the enforcement of agreements with financial institutions governing the use of client information. (*See* Dkt. 100-15, Page ID# 2080 (quoting LPL "Clarification" letter stating, "LPL will enforce the terms of such [confidentiality] agreements").)

Further, the governing tri-party FIS Registered Representative Agreements (the "Representative Agreements") between each Individual Defendant, Logix, and LPL explicitly address—and foreclose—any purported reliance on the Broker Protocol. Those agreements state that, "notwithstanding any agreement to the contrary," expressly

2

PLAINTIFF'S MOTION *IN LIMINE* NO. 1: TO EXCLUDE EVIDENCE OF, AND REFERENCE TO, THE PROTOCOL FOR BROKER RECRUITING
AND BROKER-DEALER REGISTRATION REQUIREMENTS

including the Broker Protocol, Logix "has a separate protectable interest in [its] Confidential Information." (Dkts. 100-7, 100-8, § 2(P).) The Individual Defendants further agreed that the agreements' confidentiality provisions "preclude [them] from invoking privileges afforded by the [Broker Protocol]," and expressly waived any benefit they "might otherwise have under the [Broker Protocol]" with respect to Logix customer accounts and information. (*Id.*)

Critically, as well, Logix does not sell advisory services or products directly to its members. Instead, it makes such products available through a registered third-party broker-dealer—LPL. (Dkt. 100-2, Page ID #: 3117–18.) Consistent with standard industry practice, Logix maintains a networking arrangement with LPL that complies with applicable FINRA rules and regulatory requirements. (*Id.*) As explained more fully in Logix's Opposition, these arrangements are permissible and do not subject Logix to FINRA registration requirements. *See* NASD Rule 2350 (adopted 1998); FINRA Rule 3160 (adopted 2010).

In short, neither the Broker Protocol nor FINRA broker-dealer registration requirements has ***any*** bearing on any issue the jury must decide. Their introduction would serve only to mislead the jury into considering an inapplicable framework, invite confusion regarding the governing law, and prejudice Logix. Accordingly, all evidence, testimony, and argument concerning the Broker Protocol and broker-dealer registration requirements should be excluded.

## II.    ARGUMENT

A motion *in limine* is "a procedural mechanism to limit in advance testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). Motions *in limine* are filed to exclude anticipated evidence before that evidence is introduced at trial. *Haven at Ventura, LLC v. Gen. Sec. Indeminty Co. of Arizona*, 2025 WL 2280658, at *2 (C.D. Cal. Aug. 8, 2025). "The power to make *in limine* rulings is part of 'the district court's inherent authority to manage the course of trials.'" *Drumm v.*

3

*Morningstar, Inc.*, 2009 WL 3514421, at \*2 (N.D. Cal. Oct. 19, 2009) (quoting *Luce v. United States*, 469 U.S. 38, 41 (1984)).

Logix anticipates that Defendants may attempt to make statements, introduce evidence, and make arguments concerning the applicability of the Broker Protocol and FINRA broker-dealer registration requirements. Such evidence and arguments are false, not relevant, not a question for the jury, and would unfairly prejudice Logix, confuse the issues, and waste time.

### A. The Broker Protocol and Broker-Dealer Requirements Are Not Relevant.

"Federal Rule of Evidence 402 explicitly prohibits the inclusion of 'irrelevant evidence.'" *Haven*, 2025 WL 2280658, at \*2; Fed. R. Evid. 402 ("Irrelevant evidence is not admissible."). Under Federal Rule of Evidence 401, evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401(a)-(b). Evidence that does not satisfy both prongs is inadmissible.

The Broker Protocol fails this basic threshold. At least three separate sources—(1) the rules governing the Broker Protocol, (2) LPL's modified participation in the Broker Protocol, and (3) the Individual Defendants' contractual obligations under the Representative Agreements—make clear that the Broker Protocol ***does not apply here***. It does not make any fact or consequence more or less probable. The Broker Protocol, by its own terms, extends only to ***member*** firms. Logix is not a member.

While the analysis could end there, LPL independently and expressly limited the scope of its participation in the Broker Protocol to preserve and give effect to the Individual Defendants' confidentiality obligations to Logix. Consistent with that limitation, the Individual Defendants expressly "waived" any reliance on the Broker Protocol in their Representative Agreements and acknowledged that they were precluded

4

from invoking any privileges afforded by the [Broker Protocol]." (Dkts. 100-7, 100-8, § 2(P).)

FINRA broker-dealer registration requirements are likewise irrelevant. Logix does not sell securities or provide advisory services. Instead, it lawfully offers access to such services through LPL, a registered broker-dealer—a standard and permissible industry arrangement. Because Logix is not subject to broker-dealer registration requirements, those requirements do not bear on any issue in dispute and do not make any fact of consequence more or less probable.[1]

In light of this record, the Broker Protocol and FINRA broker-dealer registration requirements have no bearing on any claim or defense in this action; they simply do not apply. Because the Federal Rules of Evidence permit only the admission of relevant evidence, any reference to the Broker Protocol or FINRA broker-dealer registration requirements—whether in witness testimony, exhibits, or argument—should be excluded from trial.

## B. The Broker Protocol and FINRA Requirements Raise Legal Questions Improper for Jury Consideration.

Even apart from its lack of relevance (and the falsity of the assertions Defendants rely on it to make), any reference to the Broker Protocol should be excluded because it implicates purely legal issues reserved, at most, for the Court. Defendants attempt to frame the Protocol as bearing on whether the customer lists the Individual Defendants admittedly took fall within its scope and whether their conduct is shielded by its protections—despite the unambiguous terms of the governing Representative Agreements. Those issues are legal determinations, not factual disputes.

---

[1] Even if the FINRA broker-dealer requirements applied—which they do not—the Broker Protocol would still not govern. Participation in the Protocol is voluntary and must be affirmatively elected. *See Salomon*, 150 F.4th at 271-72.

5

"It is well established that questions of law are for the Court, not the jury." *Drumm*, 2009 WL 3514421 (granting motion in limine to exclude materials that "relate[d] only to the legal question" at issue); *see also CollegeSource, Inc. v. AcademyOne, Inc.*, 709 F. App'x 440, 443 (9th Cir. 2017) ("The judge decides questions of law; the jury, questions of fact."); *Atari Interactive, Inc. v. Redbubble, Inc.*, 2021 WL 6014734, at *6 (N.D. Cal. Oct. 14, 2021) (excluding evidence directed to legal questions).

The interpretation, scope, and applicability of the Broker Protocol—including whether it overrides or operates alongside the Representative Agreements, and whether it purportedly immunizes Defendants' conduct—are legal questions for the Court. Permitting Defendants to introduce false evidence or argument on these issues would invite juror confusion, be prejudicial, risk improper legal conclusions, and undermine the Court's role in deciding matters of law.

The same is true of FINRA broker-dealer requirements. Whether such requirements apply—and whether 15 U.S.C. § 78cc is implicated—are legal questions that the jury should not decide. The jury is not tasked with determining the applicability or contours of a statutory or regulatory framework, nor with deciding whether Logix falls within its scope.

Accordingly, all references to, evidence regarding, and argument concerning the Broker Protocol and FINRA broker-dealer requirements should be excluded from the jury trial.

**C.** **Admitting Evidence of the Broker Protocol and Broker-Dealer Requirements Would Unduly Prejudice Logix, Would Confuse the Issues, and Would Waste Time.**

Lastly, even if the Broker Protocol and FINRA broker-dealer requirements had some minimal relevance, and even if their application did not raise purely legal questions, they should still be excluded under Federal Rule of Evidence 403.

6

Rule 403 permits exclusion of otherwise relevant evidence where "its probative value is substantially outweighed" by dangers such as unfair prejudice, confusion of the issues, misleading the jury, and wasting time. Fed. R. Evid. 403. Rule 403's "major function" is to exclude "matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." *Marez v. Bassett*, 2011 WL 13213813, at *1 (C.D. Cal. Oct. 3, 2011) (quoting *United States v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000)). District courts enjoy "broad discretion" in applying this standard. *Haven*, 2025 WL 2280658, at *2. Generally, courts "must exclude evidence of slight probative value if there is a modest likelihood that the evidence would cause unfair prejudice or mislead the jury." *Monterey Bay Military Hous., LLC v. Pinnacle Monterey LLC*, 2015 WL 4593439, at *1 (N.D. Cal. July 30, 2015) (citing *United States v. Hitt*, 981 F.2d 422, 424 (9th Cir. 1992)). That standard is plainly met here.

First, admission of the Broker Protocol would result in significant unfair prejudice to Logix. Logix is not a signatory to the Broker Protocol and has not agreed to its terms. To the contrary, Logix expressly negotiated agreements with the Individual Defendants and LPL to ensure that their contractual obligations to Logix applied "notwithstanding any agreement to the contrary, including the Protocol for Broker Recruiting," and to make clear that the Individual Defendants were "preclude[d] from invoking the privileges afforded by the [P]rotocol." (Dkt. 100-7, 100-8, § 2(P).) Allowing Defendants to introduce the Broker Protocol, essentially trying to impose upon Logix a procedure that does not apply, would strip Logix of the benefit of these bargained-for protections. Worse still, it would allow Defendants to ask the jury to conclude that the Individual Defendants' admitted taking of extensive customer information was permissible under the Protocol—even though Logix neither agreed to nor is bound by it. That is the very definition of unfair prejudice.

PLAINTIFF'S MOTION *IN LIMINE* NO. 1: TO EXCLUDE EVIDENCE OF, AND REFERENCE TO, THE PROTOCOL FOR BROKER RECRUITING AND BROKER-DEALER REGISTRATION REQUIREMENTS

Admission of FINRA broker-dealer requirements would similarly be prejudicial, as it would risk suggesting that Logix failed to comply with regulatory obligations to which it is not subject.

Second, introduction of the Broker Protocol and FINRA broker-dealer requirements would confuse and mislead the jury. As discussed, neither has any legal application to Logix or to the contractual duties at issue. Injecting these into the case would serve only to distract from the *operative* agreements and governing law. Defendants' continued reliance on the Protocol and broker-dealer rules—despite their inapplicability—is a classic red herring. While the Court can readily recognize this, a jury may not, and may instead be misled into believing that the Protocol and FINRA broker-dealer rules provide a relevant legal framework. This risk of confusion strongly favors exclusion.

Third, admitting evidence and argument concerning the Broker Protocol and broker-dealer requirements would waste time and needlessly complicate the trial. Their introduction would invite a host of collateral disputes, including the Protocol's scope, interpretation, applicability, and the parties' understanding of it. These issues—many of which are legal in nature—would devolve into a series of mini-trials untethered from the actual claims and defenses. Courts routinely exclude such evidence where it would mire proceedings with "matters having no direct bearing" the case. *See, e.g.*, *IV Sols., Inc. v. United Healthcare Servs., Inc.*, 2014 WL 5817224, at 3 (C.D. Cal. Nov. 10, 2014) (granting motion *in limine*). The same result is warranted here.

Introduction of the Broker Protocol and FINRA broker-dealer registration requirements will only confuse the issues and cause a protracted trial on otherwise fairly straightforward facts. The Rule 403 balancing test clearly favors excluding evidence and argument of the Broker Protocol and broker-dealer registration requirements.

PLAINTIFF'S MOTION *IN LIMINE* NO. 1: TO EXCLUDE EVIDENCE OF, AND REFERENCE TO, THE PROTOCOL FOR BROKER RECRUITING AND BROKER-DEALER REGISTRATION REQUIREMENTS

## III.    CONCLUSION

For the forgoing reasons, Plaintiff Logix Federal Credit union respectfully requests that this Court grant its Motion *in Limine* No. 1 and enter an order barring Defendants from presenting evidence, making statements and presenting argument related to or referencing the Broker Protocol and FINRA broker-dealer registration requirements, including any purported application of 15 U.S.C. § 78cc, during all phases of trial.

DATED:  June 18, 2026

Respectfully submitted,

SEYFARTH SHAW LLP


By:  /s/ *Sierra J. Chinn-Liu*
Michael D. Wexler (*pro hac vice*)
Sierra J. Chinn-Liu
Besma Fakhri (*pro hac vice*)

Attorneys for Plaintiff
LOGIX FEDERAL CREDIT UNION

PLAINTIFF'S MOTION *IN LIMINE* NO. 1: TO EXCLUDE EVIDENCE OF, AND REFERENCE
TO, THE PROTOCOL FOR BROKER RECRUITING
AND BROKER-DEALER REGISTRATION REQUIREMENTS

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiff LOGIX FEDERAL CREDIT UNION, certifies that this brief contains 2,436 words, which complies with the word limit and page count in Judge Klausner's standing order dated June 2, 2026.

DATED:  June 18, 2026

By:  /s/ *Sierra J. Chinn-Liu*
Michael D. Wexler (*pro hac vice*)
Sierra J. Chinn-Liu
Besma Fakhri (*pro hac vice*)

Attorneys for Plaintiff
LOGIX FEDERAL CREDIT UNION