SEYFARTH SHAW LLP
Michael D. Wexler (*pro hac vice*)
mwexler@seyfarth.com
Besma Fakhri (*pro hac vice* to be filed)
bfakhri@seyfarth.com
233 South Wacker Drive, Suite 8000
Chicago, Illinois 60606-6448
Telephone:  (312) 460-5000
Facsimile:   (312) 460-7000

Sierra J. Chinn-Liu (SBN 322994)
schinnliu@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:  (310) 277-7200
Facsimile:   (310) 201-5219

*Attorneys for Plaintiff*
LOGIX FEDERAL CREDIT UNION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOGIX FEDERAL CREDIT UNION, | Case No. 2:25-cv-07788-RGK-MAR |
| Plaintiff, | **PLAINTIFF LOGIX FEDERAL CREDIT UNION'S MOTION *IN LIMINE* NO. 2: FOR AN ADVERSE-INFERENCE INSTRUCTION RELATING TO DEFENDANTS' FAILURE TO PRODUCE DOCUMENTS** |
| v. | |
| OSAIC WEALTH, INC.; JOHN JANIOS; ANTHONY MARTINEZ; and DOES 1 through 10, inclusive, | |
| Defendants. | Date: August 4, 2026<br>Time: 9:00 a.m.<br>Judge: Hon. R. Gary Klausner<br>Courtroom: 850 |
| | Date Action Filed:  August 19, 2025 |

**TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on August 4, 2026, at 9:00 a.m., or as soon as counsel may be heard before the Honorable R. Gary Klausner, United States District Judge, in Courtroom 850 of the Edward R. Roybal Federal Building and United States Courthouse, located at 255 East Temple Street, Los Angeles, California 90012-3332, Plaintiff Logix Federal Credit Union ("Logix") will, and hereby does, move *in limine*, for an adverse-inference jury instruction relating to Defendants failure to produce documents in this case, including in compliance with this Court's May 14, 2026, discovery order (Dkt. 81).

This Motion is brought on the grounds that Defendants' failure to produce relevant data and documents—even after they were ordered to do so—warrants an adverse-inference instruction directing the jury to assume the materials not produced by Defendants are harmful or unhelpful to their defenses and positions in this case.

This Motion follows good-faith meet-and-confer efforts, including a telephonic conference between counsel on June 8, 2026. (*See* Declaration of Besma Fakhri, ¶¶ 3-5.)

This Motion is based on this Notice, the attached Memorandum of Points and Authorities, the pleadings, records and files in this action, and any oral and documentary evidence as may be presented at the hearing on the Motion.

DATED:  June 18, 2026

Respectfully submitted,

SEYFARTH SHAW LLP

By:  /s/ *Sierra J. Chinn-Liu*
Michael D. Wexler (*pro hac vice*)
Sierra J. Chinn-Liu
Besma Fakhri (*pro hac vice*)

Attorneys for Plaintiff
LOGIX FEDERAL CREDIT UNION

2

PLAINTIFF'S MOTION *IN LIMINE* NO. 2: FOR AN ADVERSE-INFERENCE INSTRUCTION
RELATING TO DEFENDANTS' FAILURE TO PRODUCE DOCUMENTS

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

## I.    INTRODUCTION AND RELEVANT BACKGROUND

Plaintiff Logix Federal Credit Union ("Logix") moves this Court for an adverse-inference jury instruction relating to the repeated failures of Defendants John Janios ("Janios"), Anthony Martinez ("Martinez") (together, the "Individual Defendants"), and Osaic Wealth, Inc. ("Osaic") (collectively, "Defendants") to produce relevant documents in this case, including data and documents ordered to be produced by this Court. (*See* Dkt. 81.)

As set forth more fully in Logix's Motion for Sanctions Against Defendants for Failure to Comply with May 18, 2026 Discovery Order, Logix timely served initial disclosures and written discovery. (Dkt. 92-1, Page ID #: 1684.) Defendants responded late with boilerplate objections and, in some instances, no responses at all. (*Id.*) Logix repeatedly met and conferred, sought supplemental responses, and attempted to secure compliance within the Court's scheduling order. (*Id.*) Defendants, however, produced documents sporadically and at unilaterally determined intervals, requiring continuing follow-up and additional discovery by Logix. (*Id.*)

After months of delay and unfulfilled commitments, Logix moved to compel (Dkt. 64). On May 14, 2026, the Court **ordered** Defendants to produce, by May 18, 2026, (a) "metadata [associated with the photos on their phones relating to Logix]"; (b) "pre-transition communications between Defendants concerning Logix customers," "*all* text messages 'about customers, relating to the Individual Defendants' recruitment or transition to Osaic,'" "text messages about 'alleged confidential information,'" and "*all* text messages concerning the Individual Defendants' transition from Logix to Osaic"; (c) "*all* text messages" "between the Individual Defendants and customers"; and (d) "a declaration, verification, or other evidence" that "all information pertinent to a particular request has been provided." *See* Dkt. 81 (emphasis added).

PLAINTIFF'S MOTION *IN LIMINE* NO. 2: FOR AN ADVERSE-INFERENCE INSTRUCTION RELATING TO DEFENDANTS' FAILURE TO PRODUCE DOCUMENTS

Defendants' May 18 production did not comply with the Order. Material categories of responsive documents—and the required verification—remain outstanding.

First, although Defendants claim to have produced all relevant photos, their production contains only benign images (e.g., badges, desks, conference materials), not of their computer screens. (Dkt. 92-1, Page ID #: 1686.) Surveillance footage previously identified shows the Individual Defendants photographing or recording their Logix computer screens on or about the date of their departure. (*Id.*) The produced images were not produced in downloadable format, such that their metadata could not be verified and only reflects dates in 2026 (after departure). (*Id.*) The relevant photos therefore appear to have been destroyed or withheld.

Second, Defendants produced only a small number of text messages between themselves and with customers, and the produced messages reveal contextual gaps. (*Id.*) For example, though Defendants represented otherwise in meet and confers, their May 18 productions contain communications with one another that show a timeframe for the Individual Defendants' transition to Osaic from January 9, 2025 to April 2025, and some initial communications between Janios and Osaic as early as *2024*. *See* Dkt. 93, Page ID #1717. But the produced text message thread between Janios and Martinez only includes messages from January 28, 2025 to April 10, 2025. *See* Dkt. 103, Page ID #4335-36.

Third, similar gaps suggest Defendants did not produce all documents regarding their transition. For example, Defendants produced numerous calendar entries referencing meetings with customers for which there are no underlying communications or documents indicating when or how those meetings were set up. (*Id.*, Page ID #4336-37.) Additionally, several of the produced calendar events contain confidential information about Logix customers (e.g., account numbers, personal preferences), but there are likewise no underlying communications or documents indicating the source of that information. (*Id.*)

2

PLAINTIFF'S MOTION *IN LIMINE* NO. 2: FOR AN ADVERSE-INFERENCE INSTRUCTION RELATING TO DEFENDANTS' FAILURE TO PRODUCE DOCUMENTS

Fourth, Defendants failed to produce key customer information they admit retaining. The Individual Defendants admitted to, among other things, accessing and retaining Logix information; contacting former Logix customers; and using a list of customer names and contact information derived from a Logix-partner database populated with Logix data. (Dkt. 92, Page ID #: 1686-87, 1690-1706.) Instead of producing the retained materials, Defendants produced two documents they call "Customer Lists." The "Customer Lists" are spreadsheets of customer names and contact information. *See, e.g.*, Dkt. 93, Page ID #1721. However, the metadata for these documents show a "last modified" date of March 2, 2026—nearly a year after the Individual Defendants' departure. (*Id.*, Page ID #:1687.) Defendants have not produced the sources from which these spreadsheets were prepared or modified, and Defendants have not produced the documents they were observed taking upon and prior to their coordinated departure, including printed and downloaded materials. The underlying customer information thus appears to have been destroyed or withheld.

Third-party evidence confirms Defendants' failure to produce responsive materials. LPL Financial LLC ("LPL"), Logix's broker-dealer partner, produced subpoenaed records on June 12, 2026, showing that the Individual Defendants requested and printed Logix client information—including client names, account details, and numerous value and investment performance metrics—in January and February 2025. Specifically, these documents show that Janios accessed extensive Logix client information on or about February 18, 2025, just days after accepting an offer from Osaic. (Dkt. 100-15, Page ID # 3361–62 & Ex. 30.)

Logix's own records and system analysis further corroborates Defendants' withholding. A comparison of the Individual Defendants' database access activity with their printing activity shows that, in the days and weeks leading up to their departure, they repeatedly accessed Logix member records immediately before engaging in significant printing activity. (*See* Dkt. 100-2 Page ID #: 3129-30 & Ex. K.) This temporal

3

proximity demonstrates a clear pattern: the Individual Defendants accessed Logix's confidential member profiles and then printed them. (*Id.*)

Tellingly, ***none*** of those member profiles or records—or any comparable documents—have been produced in this litigation.

Defendants' sustained failure to produce responsive materials—despite Logix's timely requests, Defendants' own admissions, and the Court's clear production order—justifies an adverse-inference jury instruction at trial.

## II.    ARGUMENT

"The power to make *in limine* rulings is part of 'the district court's inherent authority to manage the course of trials.'" *Drumm v. Morningstar, Inc.*, 2009 WL 3514421, at *2 (N.D. Cal. Oct. 19, 2009) (quoting *Luce v. United States*, 469 U.S. 38, 41 (1984)). A motion *in limine* serves as a procedural mechanism to define the admissibility and scope of evidence before trial. *See United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009).

That same authority is reinforced by the Court's power to impose sanctions for discovery violations. A district court may issue appropriate trial-related orders where a party "fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A). Courts are afforded "great latitude" in imposing such sanctions. *Lew v. Kona Hosp.*, 754 F.2d 1420, 1425 (9th Cir. 1985). This latitude includes "the broad discretionary power to permit a jury to draw an adverse inference when a party fails to produce relevant evidence within its control." *Akiona v. United States,* 938 F.2d 158, 160–61 (9th Cir. 1991); *see also Bordegaray v. Cnty. of Santa Barbara*, 2016 WL 7260920, at *6 (C.D. Cal. Dec. 13, 2016) (granting motion *in limine* requesting an adverse-inference instruction).

An adverse-inference instruction is warranted here. Defendants failed to produce highly relevant documents and data even after they were ordered to do so. Most critically, although the Individual Defendants admit that they took Logix customer information and

4

PLAINTIFF'S MOTION *IN LIMINE* NO. 2: FOR AN ADVERSE-INFERENCE INSTRUCTION RELATING TO DEFENDANTS' FAILURE TO PRODUCE DOCUMENTS

produced a sanitized spreadsheet containing customer names, addresses, email addresses, and phone numbers, they have not produced any Logix member profiles or underlying customer data used to create those lists. This failure persists despite independent, non-party (LPL) evidence, and analysis demonstrating that Defendants accessed databases and exfiltrated extensive customer account and financial information.

Defendants' noncompliance extends to other core categories of evidence. They have not produced complete sets of photographs with associated metadata, nor have they produced required communications, including text messages with one another and with Logix customers, and call logs for Martinez. These materials are central to Logix's claims, including its misappropriation and breach of contract claims based on their exfiltration of Logix customer information to divert business, and unfair competition claim premised on Defendants' active efforts to undermine Logix's business and shortcut business development costs.

Courts permit adverse-inference instructions in circumstances such as these, where a party fails to produce responsive materials during discovery. In *N.W. v. City of Long Beach*, 2016 WL 9021966 (C.D. Cal. June 7, 2016), the court granted such a request where defendants failed to produce responsive documents "despite discovery requests by Plaintiff [] and corresponding assurances by Defendants." *Id.* at *3. The court specifically approved an instruction that "this undisclosed evidence would have been unfavorable to Defendants." *Id.* *4. The same reasoning and result apply here: Defendants failed to produce critical documents despite repeated requests and a court order, offering only empty assurances in response. Logix is therefore entitled to an instruction that the withheld materials—including customer text messages and underlying customer data and exfiltrated reports—would have been unfavorable to Defendants.

Other courts are in accord. *See Imagenetix, Inc. v. Robinson Pharma, Inc.*, 2017 WL 570708, at *1 (C.D. Cal. Feb. 13, 2017) (ordering adverse-inference instruction stating, "You may infer that Defendants did not produce this information to Plaintiff

5

because they believed that this information would help Plaintiff and hurt Defendants."); *Full Tilt Boogie, LLC v. KEP Fortune, LLC*, 2021 WL 5563334, at \*11 (C.D. Cal. Oct. 21, 2021) (ordering adverse-inference instruction stating, "You may infer that Defendants did not produce this information to Plaintiff because Defendants believed that this information would help Plaintiff and harm Defendants"); *Liss v. Exel Transp. Services, Inc.*, 2008 WL 370886, at \*6 (D. Ariz. Feb. 11, 2008) (allowing adverse jury instruction, finding that party's refusal to produce communications "supports the common sense proposition that those communications were unhelpful to his case") (internal quotation marks omitted); *Parrick v. FedEx Ground Package Sys., Inc.*, 2010 WL 3724825, at \*8 (D. Mont. Sept. 17, 2010) (allowing adverse-inference instruction where party "failed to produce any policies in response" to request for production).

The rationale supporting this type of relief stems from the "presumption that the refusal to produce evidence [is] but an admission of the want of merit in the asserted defense." *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 46 U.S. 694, 705 (1982). This rationale is persuasive here. Logix served its discovery requests in December 2025. Defendants have had ample time—and a direct order—to comply. Yet they failed to do so and provided no credible justification for their noncompliance. Under these circumstances, an adverse-inference instruction is not only appropriate, but necessary.

## III.    CONCLUSION

For the forgoing reasons, Plaintiff Logix Federal Credit union respectfully requests that this Court grant its Motion *in Limine* No. 2 and enter an order to issue an adverse-inference jury instruction relating to Defendants' failure to produce documents, to be proposed by Logix during pretrial proceedings.

6

PLAINTIFF'S MOTION *IN LIMINE* NO. 2: FOR AN ADVERSE-INFERENCE INSTRUCTION RELATING TO DEFENDANTS' FAILURE TO PRODUCE DOCUMENTS

DATED:  June 18, 2026

Respectfully submitted,

SEYFARTH SHAW LLP


By:  /s/ *Sierra J. Chinn-Liu*
     Michael D. Wexler (*pro hac vice*)
     Sierra J. Chinn-Liu
     Besma Fakhri (*pro hac vice*)

Attorneys for Plaintiff
LOGIX FEDERAL CREDIT UNION

7

PLAINTIFF'S MOTION *IN LIMINE* NO. 2: FOR AN ADVERSE-INFERENCE INSTRUCTION
RELATING TO DEFENDANTS' FAILURE TO PRODUCE DOCUMENTS

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiff LOGIX FEDERAL CREDIT UNION, certifies that this brief contains 1,772 words, which complies with the word and page limits in Judge Klausner's standing order dated June 2, 2026.

DATED:  June 18, 2026

By:  /s/ *Sierra J. Chinn-Liu*
Michael D. Wexler (*pro hac vice*)
Sierra J. Chinn-Liu
Besma Fakhri (*pro hac vice*)

Attorneys for Plaintiff
LOGIX FEDERAL CREDIT UNION

PLAINTIFF'S MOTION *IN LIMINE* NO. 2: FOR AN ADVERSE-INFERENCE INSTRUCTION RELATING TO DEFENDANTS' FAILURE TO PRODUCE DOCUMENTS

326641992v.2