SEYFARTH SHAW LLP
Michael D. Wexler (*pro hac vice*)
mwexler@seyfarth.com
Besma Fakhri (*pro hac vice* to be filed)
bfakhri@seyfarth.com
233 South Wacker Drive, Suite 8000
Chicago, Illinois 60606-6448
Telephone:  (312) 460-5000
Facsimile:   (312) 460-7000

Sierra J. Chinn-Liu (SBN 322994)
schinnliu@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:  (310) 277-7200
Facsimile:   (310) 201-5219

*Attorneys for Plaintiff*
LOGIX FEDERAL CREDIT UNION

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOGIX FEDERAL CREDIT UNION,<br><br>Plaintiff,<br><br>v.<br><br>OSAIC WEALTH, INC.; JOHN JANIOS; ANTHONY MARTINEZ; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:25-cv-07788-RGK-MAR<br><br>**PLAINTIFF LOGIX FEDERAL CREDIT UNION'S MOTION *IN LIMINE* NO. 3: TO EXCLUDE EVIDENCE OF, AND REFERENCE TO, PLAINTIFF'S SIZE, WEALTH, OR ASSETS**<br><br>Date: August 4, 2026<br>Time: 9:00 a.m.<br>Judge: Hon. R. Gary Klausner<br>Courtroom: 850<br><br>Date Action Filed:  August 19, 2025 |

PLAINTIFF'S MOTION *IN LIMINE* NO. 3: TO EXCLUDE EVIDENCE OF, AND REFERENCE TO,  PLAINTIFF'S SIZE, WEALTH, OR ASSETS

**TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on August 4, 2026, at 9:00 a.m., or as soon as counsel may be heard before the Honorable R. Gary Klausner, United States District Judge, in Courtroom 850 of the Edward R. Roybal Federal Building and United States Courthouse, located at 255 East Temple Street, Los Angeles, California 90012-3332, Plaintiff Logix Federal Credit Union ("Logix") will, and hereby does, move *in limine*, for an order prohibiting Defendants from introducing any evidence regarding, or reference to, the size, wealth, assets, and/or net worth of Logix during all phases of trial of trial.

This Motion is brought on the grounds that evidence or testimony regarding the size, wealth, assets, and/or net worth of Logix is wholly irrelevant to the claims and defenses in this action, and its admission at trial would be prejudicial, confusing, and needlessly time-consuming.

This Motion follows good-faith meet-and-confer efforts, including a telephonic conference between counsel on June 8, 2026. (*See* Declaration of Besma Fakhri, ¶¶ 3-5.)

This Motion is based on this Notice, the attached Memorandum of Points and Authorities, the pleadings, records and files in this action, and any oral and documentary evidence as may be presented at the hearing on the Motion.

DATED:  June 18, 2026

Respectfully submitted,

SEYFARTH SHAW LLP

By:  /s/ *Sierra J. Chinn-Liu*
    Michael D. Wexler (*pro hac vice*)
    Sierra J. Chinn-Liu
    Besma Fakhri (*pro hac vice*)

Attorneys for Plaintiff
LOGIX FEDERAL CREDIT UNION

2

PLAINTIFF'S MOTION *IN LIMINE* NO. 3: TO EXCLUDE EVIDENCE OF PLAINTIFF'S SIZE, WEALTH, OR ASSETS

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiff Logix Federal Credit Union ("Logix") moves this Court, *in limine*, to exclude any evidence, testimony, argument, or reference relating to the size, wealth, assets, and/or net worth of Logix, including reference to its representation by a large law firm. Such evidence is wholly irrelevant to the claims and defenses in this action, and its introduction during any phase of trial would be prejudicial, confusing, and needlessly time-consuming. The introduction of evidence of this sort will mislead and confuse the jury, require Logix to respond in kind, and lead to the unnecessary expenditure of the Court's (and parties') time and resources. Such an approach is impermissible and should be barred.

Accordingly, Logix respectfully requests that the Court preclude Defendants John Janios ("Janios"), Anthony Martinez ("Martinez"), and Osaic Wealth, Inc. (collectively, "Defendants"), their counsel, and witnesses from referring to or offering such evidence. Logix further requests that this Court order Defendants' counsel to refrain from asking questions or making comments that may elicit such evidence during trial, including but not limited to during *voir dire*, opening and closing statements, and direct examination.

## II.    ARGUMENT

"A motion in limine is "a procedural mechanism to limit in advance testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). Motions *in limine* are filed to exclude anticipated evidence before that evidence is introduced at trial. *Haven at Ventura, LLC v. Gen. Sec. Indeminty Co. of Arizona*, 2025 WL 2280658, at *2 (C.D. Cal. Aug. 8, 2025). "The power to make *in limine* rulings is part of 'the district court's inherent authority to manage the course of trials.'" *Drumm v. Morningstar, Inc.*, 2009 WL 3514421, at *2 (N.D. Cal. Oct. 19, 2009) (quoting *Luce v. United States*, 469 U.S. 38, 41 (1984)).

Logix anticipates that Defendants may attempt to paint Janios and/or Martinez as the vulnerable victim(s) in a "David vs. Goliath" narrative, based on comparison or reference to Logix's size, net worth, profitability, or assets. Such argument, questioning, and testimony should be barred as irrelevant, inadmissible, and unfairly prejudicial.

### A.    Evidence of Logix's Size and Wealth Is Irrelevant.

"Federal Rule of Evidence 402 explicitly prohibits the inclusion of 'irrelevant evidence.'" *Haven*, 2025 WL 2280658, at *2; Fed. R. Evid. 402 ("Irrelevant evidence is not admissible."). Under Federal Rule of Evidence 401, evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401(a)-(b).

The size, financial condition, or relative wealth of Logix has no bearing on any issue the jury must decide. Whether Defendants breached contractual obligations, misappropriated trade secrets, or engaged in unfair competition does not become more or less likely based on Logix's corporate size or financial resources. Courts routinely exclude such evidence for this very reason. *See, e.g.*, *Herwick v. Budget Rent A Car Sys., Inc.*, 2011 WL 13213626, at *7 (C.D. Cal. Mar. 22, 2011) (excluding evidence of a party's "wealth and international status" as irrelevant); *Borchik v. State Farm Mut. Auto. Ins. Co.*, 2026 WL 910189, at *3 (D. Nev. Jan. 23, 2026) (holding that comparative wealth and resources of the parties are not relevant to the issues in dispute).

Because Logix's size and financial condition do not make any fact of consequence more or less probable, any reference to its wealth or to any disparity between the parties is improper and should be excluded.

### B.    Evidence of Logix's Size and Wealth Would Be Unfairly Prejudicial to Logix, Would Confuse and Mislead the Jury, and Result in Undue Consumption of Time.

Even assuming, solely for the sake of argument, that evidence of Logix's size or financial condition has some minimal relevance, it should be excluded under Federal Rule of Evidence 403. Rule 403 bars evidence "if its probative value is substantially

PLAINTIFF'S MOTION *IN LIMINE* NO. 3: TO EXCLUDE EVIDENCE OF PLAINTIFF'S SIZE, WEALTH, OR ASSETS

outweighed by the danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

Here, any marginal probative value is substantially outweighed by the significant risk of unfair prejudice. Introducing evidence of Logix's size or financial resources invites the jury to decide the case on an improper emotional basis—casting Logix as a "Goliath" in contrast to Janios and Martinez as "David." Courts have expressly recognized and rejected this risk. *See Nanometrics, Inc. v. Optical Sols.*, *Inc.*, 2023 WL 7169549, at *4 (N.D. Cal. Oct. 30, 2023) (excluding evidence of disparity in size between parties).

Such evidence also risks misleading the jury by encouraging improper considerations in evaluating liability or damages. For example, jurors may be tempted to adjust their verdict based on perceived financial disparities rather than the facts and law governing the claims. *See Rodriguez v. JLG Indus., Inc.*, 2012 WL 12882925, at *12 (C.D. Cal. Oct. 29, 2012) (warning that such evidence may lead the jury to base its decision on improper considerations).

Finally, allowing evidence of Logix's size or wealth would needlessly complicate and distract from the issues properly before the jury, resulting in confusion and wasted time on matters wholly collateral to the claims and defenses.

Accordingly, evidence or argument regarding Logix's wealth, size, financial condition, or any disparity between the parties should be excluded under Rule 403.

//

//

3

PLAINTIFF'S MOTION *IN LIMINE* NO. 3: TO EXCLUDE EVIDENCE OF PLAINTIFF'S SIZE, WEALTH, OR ASSETS

## III.    CONCLUSION

For the forgoing reasons, Plaintiff Logix Federal Credit union respectfully requests that this Court grant its Motion *in Limine* No. 3 and enter an order barring Defendants from presenting evidence related to or referencing Logix's size, wealth, assets, and/or net worth during all phases of trial.

DATED:  June 18, 2026

Respectfully submitted,

SEYFARTH SHAW LLP


By:  /s/ *Sierra J. Chinn-Liu*
      Michael D. Wexler (*pro hac vice*)
      Sierra J. Chinn-Liu
      Besma Fakhri (*pro hac vice*)

      Attorneys for Plaintiff
      LOGIX FEDERAL CREDIT UNION

4

PLAINTIFF'S MOTION *IN LIMINE* NO. 3: TO EXCLUDE EVIDENCE OF PLAINTIFF'S SIZE, WEALTH, OR ASSETS

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned, counsel of record for Plaintiff LOGIX FEDERAL CREDIT UNION, certifies that this brief contains 943 words, which complies with the word and page limits in Judge Klausner's standing order dated June 2, 2026.

DATED:  June 18, 2026.

By: /s/ *Sierra J. Chinn-Liu*
Michael D. Wexler (*pro hac vice*)
Sierra J. Chinn-Liu
Besma Fakhri (*pro hac vice*)

Attorneys for Plaintiff
LOGIX FEDERAL CREDIT UNION

PLAINTIFF'S MOTION *IN LIMINE* NO. 3: TO EXCLUDE EVIDENCE OF, AND REFERENCE TO,  PLAINTIFF'S SIZE, WEALTH, OR ASSETS

326475835v.2