SEYFARTH SHAW LLP
Michael D. Wexler (*pro hac vice*)
mwexler@seyfarth.com
Besma Fakhri (*pro hac vice*)
bfakhri@seyfarth.com
233 South Wacker Drive, Suite 8000
Chicago, Illinois 60606-6448
Telephone: (312) 460-5000
Facsimile: (312) 460-7000

Sierra J. Chinn-Liu (SBN 322994)
schinnliu@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone: (310) 277-7200
Facsimile: (310) 201-5219

*Attorneys for Plaintiff*
LOGIX FEDERAL CREDIT UNION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOGIX FEDERAL CREDIT UNION,<br><br>Plaintiff,<br><br>v.<br><br>OSAIC WEALTH, INC.; JOHN JANIOS; ANTHONY MARTINEZ; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:25-cv-07788-RGK-MAR<br><br>**DISCOVERY MATTER**<br><br>**PLAINTIFF'S REPLY / SUPPLEMENTAL MEMORANDUM IN RESPONSE TO DEFENDANTS' OPPOSITION TO MOTION TO COMPEL LPL FINANCIAL LLC'S COMPLIANCE WITH SUBPOENA FOR DOCUMENTS**<br><br>Date: July 8, 2026<br>Time: 11:00 a.m.<br>Crtrm: 790 (Hon. Margo A. Rocconi)<br><br>Date Action Filed: August 19, 2025 |

REPLY / SUPPLEMENTAL MEMORANDUM IN RESPONSE TO DEFENDANTS' OPPOSITION TO MOTION TO COMPEL LPL FINANCIAL LLC'S COMPLIANCE WITH SUBPOENA

Plaintiff Logix Federal Credit Union ("Plaintiff" or "Logix") hereby submits this brief reply and supplemental memorandum in response to Defendants John Janios, Anthony Martinez, and Osaic Wealth, Inc.'s ("Defendants") opposition (Dkt. 94) to Plaintiff's motion to compel *non-party* LPL Financial LLC's ("LPL") compliance with subpoena (Dkt. 91).

## I.    DEFENDANTS' OPPOSITION MERITS NO CONSIDERATION

To the extent the Court entertains Defendants' opposition, any purported challenge therein is fatally defective, and fails.

First, Defendants lack standing to oppose the motion. *See, e.g.*, *In re REMEC, Inc. Sec. Litig.*, No. CIV 04CV1948 JLS AJB, 2008 WL 2282647, at *1 (S.D. Cal. May 30, 2008) ("[a]s a general proposition, a party lacks standing under Federal Rules of Civil Procedure Rule 45(c)(3) to challenge a subpoena issued to a non-party unless the party claims a personal right or privilege with respect to the documents requested in the subpoena") (citing *Nova Products, Inc. v. Kisma Video, Inc.*, 220 F.R.D. 238, 241 (S.D.N.Y.2004); *In re Cree Inc. Securities Litigation*, 220 F.R.D. 443 (M.D.N.C.2004)). A party seeking to prevent a third party from complying with a subpoena must move to quash or seek a protective order.  *See, e.g.*, *Ceballos v. Banda Maguey Corp.*, No. 2:23-CV-10911-CBM (MARX), 2025 WL 1122079, at *3 (C.D. Cal. Feb. 27, 2025); *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 636 (C.D. Cal. 2005); McCoy, 211 F.R.D. at 384. Defendants filed no such motion, and did not even object to the subpoena when it was issued and served on LPL.

Second, whatever Defendants' critiques of the motion may be, they are moot. On June 12, 2026, at approximately 8:45 am PT, LPL made a production in response to the subpoena. Defendants were included on the transmittal, and inexplicably proceeded with the opposition approximately six hours later.

Third, and most concerningly, Defendants' opposition seeks to interfere with the production of documents that, upon review, ***confirm*** Defendants' exfiltration of extensive

REPLY / SUPPLEMENTAL MEMORANDUM IN RESPONSE TO DEFENDANTS' OPPOSITION
TO MOTION TO COMPEL LPL FINANCIAL LLC'S COMPLIANCE WITH SUBPOENA

and highly sensitive Logix client data and refute Defendants' representations to Logix and the Court regarding their activities. Despite Defendants' insistence that they "only" retained customer names and contact information (*see, e.g.*, Dkt. 89-17, Page ID #1537; Dkt. 93, Page ID #1721), the LPL production reveals that in January and February 2025, while the Individual Defendants were negotiating with Osaic, they printed, downloaded, and/or transferred massive amounts of Logix client data from LPL's ClientWorks database. In particular, the documents show that on February 18, 2025, a few days after executing an offer letter from Osaic, Janios exfiltrated client information well beyond names and contact information, including account numbers and history, value metrics, and investment performance data, for dozens if not hundreds of Logix customers.

Logix attempted throughout this litigation, and even before filing suit, to determine the full extent of Defendants' misappropriation, and demanded the return of Logix documents and information in Defendants' possession. Indeed, Logix specifically requested from the outset the return of *hard copies* of customer information, based on its initial investigation of the Individual Defendants' pre-departure activities, which revealed abnormal printing activity. In addition to the documents from LPL, a comparison of company logs demonstrates a close temporal relationship between the Individual Defendants' printing activity, and their accessing of member profiles and financials – also containing, contrary to Defendants' repeated representations, information well in excess of names and contact information, including account information, areas of interest, preferences, investment experience, investment objectives, and risk tolerance. The records at issue effectively demonstrate that Defendants have been less than candid in their representations to the Court and to Logix. Uncoincidentally, they are seeking after the fact to oppose Logix's efforts to obtain these records.

## II.    CONCLUSION

For the foregoing reasons, Logix respectfully requests that the Court disregard Defendants' opposition. If the Court is inclined to consider the opposition, Logix requests

2

REPLY IN SUPPORT OF MOTION FOR SANCTIONS AGAINST DEFENDANTS FOR
FAILURE TO COMPLY WITH DISCOVERY ORDER

that the Court give due consideration to the circumstances surrounding the opposition described in this response.

DATED: June 22, 2026                          Respectfully submitted,

SEYFARTH SHAW LLP


By:  /s/ *Sierra J. Chinn-Liu*
Michael D. Wexler (*pro hac vice*)
Sierra J. Chinn-Liu
Besma Fakhri (*pro hac vice*)

Attorneys for Plaintiff
LOGIX FEDERAL CREDIT UNION

3

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned, counsel of record for Plaintiff LOGIX FEDERAL CREDIT UNION, certifies that this brief contains 639 words, which complies with the word and page limits of Local Rules 11-6.1 and 37-2.3.

DATED:  June 22, 2026

By:  /s/ *Sierra J. Chinn-Liu*

Michael D. Wexler (*pro hac vice*)
Sierra J. Chinn-Liu
Besma Fakhri (*pro hac vice*)

Attorneys for Plaintiff
LOGIX FEDERAL CREDIT UNION

4

326683305v.1