DANIEL H. HANDMAN (SBN 236345)
dhandman@hkemploymentlaw.com
HIRSCHFELD KRAEMER LLP
1299 Ocean Avenue, Suite 750
Santa Monica, California 90401
Telephone: (310) 255-0705
Facsimile: (310) 255-0986

Steven L. Manchel (*pro hac vice*)
Patrick M. Capodilupo (*pro hac vice*)
smanchel@bowditch.com
pcapodilupo@bowditch.com
Bowditch & Dewey
75 Federal Street, Suite 1000
Boston, MA 02110
Telephone: (617) 757-6528
Facsimile: (508) 929-3099

Attorneys for Defendants
OSAIC WEALTH, INC., JOHN JANIOS,
and ANTHONY MARTINEZ

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOGIX FEDERAL CREDIT UNION,<br><br>Plaintiff,<br>v.<br><br>OSAIC WEALTH, INC.; JOHN JANIOS; ANTHONY MARTINEZ; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:25-cv-07788-RGK-MAR<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**<br><br>Date: July 6, 2026<br>Time: 11:00 a.m.<br>Judge: Hon. R. Gary Klausner<br>Courtroom: 850<br><br>Date Action Filed: August 19, 2025 |

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56-3, Defendants JOHN JANIOS ("Janios") and ANTHONY MARTINEZ ("Martinez") (collectively, the "Individual Defendants") and OSAIC WEALTH, INC. ("Osaic") (together with the Individual Defendants, "Defendants"), hereby submit the following Response to Plaintiff LOGIX FEDERAL CREDIT UNION's ("Logix") Statement of Genuine Disputes of Material Facts.

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

## I.    UNCONTROVERTED FACTS

### Defendants' Preliminary Statement Regarding Logix's Objections

It is well established that "most, if not all, evidentiary objections are inappropriate at summary judgment." *Sernoffsky v. Novak*, 773 F. Supp. 3d 988, 999 (S.D. Cal. 2025). "At the summary judgment stage, district courts consider evidence with content that would be admissible at trial, even if the form of the evidence would not be admissible at trial." *Id.* (*citing Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003); *Block v. City of Los Angeles*, 253 F.3d 410, 418–19 (9th Cir. 2001) (explaining that at summary judgment, "a party does not necessarily have to produce evidence in a form that would be admissible at trial"); *Burch v. Regents of Univ. of Cal.*, 433 F. Supp. 2d 1110, 1120 (E.D. Cal. 2006) ("Rule 56[(c)] requires only that evidence 'would be admissible,' not that it presently be admissible.")). "For these reasons, objections such as lack of foundation, speculation, hearsay, relevance, or that evidence is argumentative or constitutes an improper legal conclusion are all duplicative of the summary judgment standard itself and unnecessary to consider here." *Id.* (citations and quotations omitted). "Moreover, Federal Rule of Evidence 403 objections are unnecessary at the summary judgment stage because there is no jury that can be misled and no danger of confusing the issues." *Id.* (*citing Montoya v. Orange Cnty. Sheriff's Dep't*, 987 F. Supp. 2d 981, 994 (C.D. Cal. 2013). Lastly, "objections to the characterization, weight, or credibility of evidence, such …'misstates facts' or … 'vague and ambiguous' are not proper evidentiary objections to evidence put forth at summary judgment." *Id.* at 1000. Based on these precepts, the Court should overrule all of Logix's objections in their Statement of Genuine Disputes of Material Facts.

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

| ¶ | Defendants' Uncontroverted Material Facts | Plaintiff's Response to Cited Fact and Supporting Evidence |
|---|---|---|
| 1. | LPL Financial, LLC ("LPL") and Osaic are Financial Industry Regulatory Authority ("FINRA") registered broker-dealers and member firms that provide securities brokerage, wealth management and investment advisory services to customers through affiliated FINRA-registered financial advisors, such as the Individual Defendants who have been financial advisors for more than 10 years.<br><br>*Evidence:* Compl., ¶¶ 3,4,10; Declaration of Patrick M. Capodilupo ("Capodilupo Decl."), ¶ 14 (Dkt. 89-2) (as used herein "Dkt." refers to the cited docket entry in the Court's ECF docket, as requested in paragraph 6 of the Court's Standing Order); Declaration of John Janios ("Janios Decl."), ¶ 2 (Dkt. 89-17); Declaration of Anthony Martinez ("Martinez Decl."), ¶ 2 (Dkt. 89-18). | Undisputed.<br><br>This fact is not material to the present action; immateriality notwithstanding, Logix submits that there is no genuine dispute necessary to be litigated as to this fact. |
| 2. | On April 9, 2025, the Individual Defendants terminated their affiliations with LPL and Logix, and became affiliated with Osaic, operating their securities business through a newly formed d/b/a named Aristo Wealth Management.<br><br>*Evidence:* Janios Decl., ¶ 7 (Dkt. 89- | Disputed.<br><br>The Individual Defendants became engaged with Osaic at least by February 13, 2025, when Janios executed an offer letter from Osaic as Janios's "new wealth management firm." The Individual Defendants began working on their transition |

3

| | |
|---|---|
| 17); Martinez Decl., ¶ 7 (Dkt. 89-18); Capodilupo Decl., Ex. 10 (Dkt. 89-12). | immediately.<br><br>**_Evidence:_** Declaration of Sierra J. Chinn-Liu ("Chinn-Liu Decl."), ¶¶ 7, Exs. 14 (February 7, 2025 offer letter, produced as JANIOS0006769), 16 (executed February 13, 2025 offer letter, produced as JANIOS0006881 and OSAIC002660-65), 18 ("Transition Plan" documents, produced as JANIOS0006907-14, JANIOS0007169).<br><br>**_Objections to Defendants' Proffered Evidence:_** Misleading, incomplete, lacks foundation. Fed. R. Civ. P. 56(c)(4); Fed. R. Evid. 106, 403, 602. The assertion is misleading and incomplete to the extent it implies that the Individual Defendants' affiliation with Osaic first began on April 9, 2025. |

2. <u>Defendants' Reply:</u>

Logix's response does not address the fact that on April 9, 2025, the Individual Defendants resigned from Logix, terminated their affiliation with LPL, and became affiliated with Osaic. The FINRA BrokerCheck attached as Capodilupo Decl., Ex. 10 clearly shows that the Individual Defendants did not affiliate (*i.e.* become registered financial advisors) with Osaic until April 9, 2025, and paragraph 70 of the Declaration of Ismael Navarro ("Navarro Decl.") confirms their resignation from Logix on the same date. The fact that the Individual Defendants signed offer letters and planned their transition prior to that date, does not evidence otherwise, nor does it address this Uncontroverted Fact ("UF") No. 2. Moreover, the basic right of

4

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| | | | |
|---|---|---|---|
| | | employee mobility permits individuals to prepare to leave for a competitor, which naturally includes signing offer letters. | |
| 3. | The Individual Defendants did not retain, take, use, disclose, or otherwise misappropriate any of Logix's alleged confidential information or trade secrets, including any of the information referenced in Logix's response to Defendants' Interrogatory No. 2.<br><br>***Evidence:*** Janios Decl., ¶ 9 (Dkt. 89-17); Martinez Decl., ¶ 9 (Dkt. 89-18). | | Disputed.<br><br>The Individual Defendants admit to taking "Customer Lists," which contain the name, address, phone numbers, and email addresses of Logix's investment customers. These are customers who were fed to the Individual Defendants through their employment by Logix. These customers are known investment customers, about whom the Individual Defendants—solely by their employment through Logix— knew their risk tolerances, total assets and asset allocation, investment perspectives, and distribution preferences, among other things. This information is the information reflected in the documents identified in Logix's response to Defendants' Interrogatory No. 2. Further, the Individual Defendants have not produced the underlying documents used to inform the Customer Lists, which must have been obtained from another source. Evidence indicates that the Individual Defendants printed and/or photographed information from their Logix computers including member profiles, applications, and financial |

5

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT



statements, and printed, transferred, or downloaded reports of client information including customer identities, social security numbers, dates of birth, account history, and metrics of account value.

*Evidence:* Declaration of Ismael Navarro ("Navarro Decl."), ¶¶ 6-65, Exs. A (Excerpts of LOGIX_163747-163821; LOGIX_163822-163903; LOGIX_163904-164767; and LOGIX_164768-165800 showing banking and investment account statements for Logix members, reflecting the curated and internally maintained information contained within Logix's proprietary systems), B (Excerpts of LOGIX_165801-165942; LOGIX_165943-166239; LOGIX_166240-166549; LOGIX_166550-166845; LOGIX_166846-167020; LOGIX_167021-167197; and LOGIX_167198-167368 showing customer profiles in Logix's databases and LPL's systems), H-I (logs evidencing Janios'and Martinez' pre-departure printing activity), J-K (logs evidencing between Janios' and Martinez' pre-departure access activity); Declaration of Sierra Chinn-Liu ("Chinn-Liu Decl."), Exs. 30-31 (logs evidencing Janios'and Martinez' requests to download,

6

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

| | | print, or transfer client information beyond names and contact information), 32 (Janios' and Martinez' Resp. to First Set of Requests for Admission, Nos. 5, 12, 15, 16, 18, 21, 22, 24, 25, 26, 30, 32, 33), 33 (Janios' and Martinez' Resp. to First Set of Interrogatories, No. 1).<br><br>***Objections to Defendants' Proffered Evidence:*** Conclusory, lacks foundation, misstates evidence, improper opinion. Fed. R. Civ. P. 56(c)(4); Fed. R. Evid. 602, 701. The cited declarations offer a conclusory denial of misappropriation without setting forth specific facts within the declarants' personal knowledge, and constitute improper lay opinion on the ultimate legal issue. |
| 3. | Defendants' Reply:<br><br>Logix's response and cited evidence does not address or dispute UF No. 3 that the Defendants did not misappropriate any of Logix's information.<br><br>First, this UF referred only to the information identified by Logix in its response to Interrogatory No. 2 (which is the totality of the information Logix attempted to "identify") but Logix starts its response by discussing the Customer Lists, which were not included in its response to Interrogatory No. 2. *See* Capodilupo Decl., Ex. 4 (Dkt. 89-6); *see, e.g.*, *Cambridge Elecs. Corp. v. MGA Elecs., Inc.*, 227 F.R.D. 313, 323–24 (C.D. Cal. 2004) (prohibiting consideration of declaration testimony at summary judgment where it was not included in interrogatory responses).<br><br>Second, Logix's response mirrors its response to Interrogatory No. 2 and |

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

simply refers to thousands of pages of documents and a print log spanning several months before Logix even alleges improper conduct, which, as set forth in Defendants' Memorandum, fails to provide sufficient particularity, and, at best, proves the inconsequential and obvious reality that the Individual Defendants printed documents, and Logix has customer information in its possession.

Third, Logix cites to Navarro Decl., Exs. J-K, which it claims are logs showing customer information allegedly "accessed" by the Individual Defendants; however, Logix never produced those logs in this litigation, evidenced by the fact that Exs. J-K have no bates numbers, and never identified their existence in any interrogatory responses. The Court must therefore ignore Exs. J-K. *See, e.g.*, *Cambridge Elecs.*, 227 F.R.D. at 323–24. Nonetheless, the fact that the Individual Defendants may have accessed customer information between November 2024 and April 9, 2025, is just as inconsequential as the fact that they may have printed customer information, which they have testified that they regularly did in the normal performance of their duties as LPL-registered financial advisors. *See* Janios Decl., ¶ 6; Martinez Decl., ¶ 6. Indeed, in response to UF No. 18 below, Logix admits that the Individual Defendants continued to open LPL accounts for customers even on their last day. In fact, the very first customer listed on Navarro Decl., Ex. K is the parent on behalf of whose child Janios opened a death-beneficiary account on the day of his departure, as described in paragraph 5 of Janios' Declaration. Moreover, Ex. K shows that, in April 2025, the only period for which Logix produced video footage allegedly showing misappropriation, the Individual Defendants accessed a grand total of only 11 of the so-called member profiles for the hundreds of the Individual Defendants' customers. Lastly, Logix does not even attempt to show that customers whose profiles were accessed actually moved to Osaic.

Fourth, Logix cites to Chinn-Liu Decl., Exs. 30-31, which it claims are "logs evidencing Janios' and Martinez' requests to download, print, or transfer client information beyond names and contact information"; however, Logix has never produced or identified those logs either, which appear to have been obtained well after the second-extended June 5, 2026 discovery deadline, and the Court must therefore ignore them, as well. *See, e.g.*, *Cambridge*

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

*Elecs.* 227 F.R.D. at 323–24.  Nonetheless, Logix once again does not articulate in any fashion what information the documents listed on Exs. 30-31 might even contain.  Moreover, the documents show that the Individual Defendants accessed those documents between October 30, 2024 and February 18, 2025, a period that includes several months before the Individual Defendants even began speaking with Osaic (*see* Chinn-Liu Decl., Ex. 10), and several months before Logix even alleges improper conduct (*see, e.g.,* Compl., ¶¶ 19; Dkt. 52, Page ID# 631).  In other words, Exs. 30-31 show the Individual Defendants accessing the alleged documents in the normal performance of their duties as LPL-registered financial advisors.

Fifth, Logix refers to almost 60 paragraphs in the Navarro Declaration, not a single one of which alleges an act of misappropriation.  Rather, Navarro Decl., ¶¶ 6-65 simply purport to describe all of the customer information in Logix's possession, and the Individual Defendants' alleged confidentiality obligations

In short, this UF No. 3 very simply stated that the Defendants did not misappropriate any of the information referred to in Logix's response to Interrogatory No. 2.  In response, Logix takes a familiar shotgun blast approach, referring to a massively broad set of information, some of which was not referred to in Interrogatory No. 2, some of which was not produced in this litigation, and some of which which even Logix admits below in UF No. 13 is not confidential, all while failing to articulate or evidence how it was allegedly misappropriated, other than to refer to the fact that at various points in time, including well before Logix even alleges misappropriation, the information was accessed and printed by the Individual Defendants.  Logix's response to this UF No. 3 is consistent with their failure to identify any acts of misappropriation in response to Interrogatory No. 2's request to do the same.

| 4. | Following their departure from LPL and Logix, the only information that the Individual Defendants retained was: (a) the publicly available | Disputed.<br><br>Logix has produced print and access logs, data from the Individual |

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

names, addresses, phone numbers, and email addresses for the customers which they personally serviced as LPL-registered financial advisors (the "Customer Lists"); and (b) a third-party professional development course (the "Pareto Systems Course").

*Evidence:* Individual Defendants' First Supplemental Objections and Responses to Plaintiff's First Set of Interrogatories ("Individual Defendants' Interrogatory Responses"), No. 1, attached as Exhibit 1 to the Capodilupo Decl. (Dkt. 89-3); Janios Decl., ¶ 12 (Dkt. 89-17); Martinez Decl., ¶ 12 (Dkt. 89-18); JANIOS0000001 and MARTINEZ0000001 (the "Customer Lists"), attached as Exhibit 2 to the Capodilupo Decl. (Dkt. 89-4); JANIOS0000002-513 (representative samples) (the "Pareto Systems Course"), attached as Exhibit 3 to the Capodilupo Decl. (Dkt. 89-5).

Defendants' devices, and office surveillance video footage capturing the Individual Defendants' accessing, printing, and retaining of information other than "publicly available names, addresses, phone numbers, and email addresses." The evidence also reflects that any relationships the Individual Defendants may have had with any customer they solicited or brought over to Osaic, Aristo, or a partner broker-dealer were with existing Logix members referred to them by Logix. The Individual Defendants did not create these relationships themselves, and were hired to service the customers referred to them. They were not required or responsible for originating their own business or clients.

*Evidence:* Navarro Decl. ¶¶ 6-65, Exs. A (Excerpts of LOGIX_163747-163821; LOGIX_163822-163903; LOGIX_163904-164767; and LOGIX_164768-165800 showing banking and investment account statements for Logix members, reflecting the curated and internally maintained information contained within Logix's proprietary systems), B (Excerpts of LOGIX_165801-165942; LOGIX_165943-166239; LOGIX_166240-166549; LOGIX_166550-166845;

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

LOGIX_166846-167020; LOGIX_167021-167197; and LOGIX_167198-167368 showing customer profiles in Logix's databases and LPL's systems); Chinn-Liu Decl., Exs. 30-31 (logs evidencing Janios' and Martinez' requests to download, print, or transfer client information beyond names and contact information), 32 (Janios'and Martinez' Resp. to First Set of Requests for Admission, Nos. 5, 12, 15, 16, 18, 21, 22, 24, 25, 26, 30, 32, 33), 33 (Janios' and Martinez'Resp. to First Set of Interrogatories, No. 1).

***Objections to Defendants' Proffered Evidence:*** Lacks foundation, lacks authentication, hearsay, best evidence. Fed. R. Civ. P. 56(c)(4); Fed. R. Evid. 602, 802, 901, 1002. The Capodilupo Declaration is offered by defense counsel, who has no personal knowledge of what the Individual Defendants retained, accessed, or used following their departure from Logix, and whose characterizations rely on out-of-court statements offered for their truth, and inaccurate extrapolation that because his searches yielded results for isolated information relating to certain customers, all customer information is "publicly available." Additionally,

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT



| | | the "Customer Lists" cannot be authenticated, as metadata reflects a last-modified date of March 2, 2026—nearly a year after the Individual Defendants' departure—and the documents do not match the form or content of records the Individual Defendants accessed or printed at Logix. The original records, not the spreadsheets prepared for litigation, are the best evidence of what was retained. |
|---|---|---|
| 4. | Defendants Reply:<br><br>Logix's response to this UF No. 4 is identical to, and cites to the same evidence as, its response to UF No. 3, which, as previously described in Defendants Reply to UF No. 3 above and in Defendants' Memorandum, fails to identify allegedly misappropriated information with sufficient particularity or articulate or identify any evidence of alleged misappropriation.  Moreover, evidence of printing and accessing information is not evidence of retaining information, as Logix appears to infer, let alone evidence of misappropriation.  Indeed, if evidence of possession of information is not evidence of misappropriation or use, certainly neither is accessing and printing.  *See, e.g., Pellerin v. Honeywell Int'l, Inc.*, 877 F. Supp. 2d 983, 989–90 (S.D. Cal. 2012) ("Alleging mere possession of trade secrets is not enough.") | |
| 5. | All of the information in the Customer Lists is contact information for customers who the Individual Defendants personally serviced during their affiliation with LPL and Logix.<br><br>***Evidence:*** Capodilupo Decl., Ex. 2 | Partially disputed.<br><br>The Individual Defendants accessed, retained and exfiltrated much more than the information in the "Customer Lists"(which can't be authenticated) including printing Logix member profiles and extensive |

12

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

(Dkt. 89-4); Janios Decl., ¶ 13 (Dkt. 89-17); Martinez Decl., ¶ 13 (Dkt. 89-18).

financial information from LPL. Further, whether the content of the Customer Lists is limited to customer identities and contact information, or to customers the Individual Defendants serviced (which they are not) as Logix employees and LPL registered representatives is not material to the present action.

*Evidence:* Navarro Decl. ¶¶ 6-65, 70-91, Exs. A-B, H-I, J-K; Chinn-Liu Decl. ¶ 13, Ex. 30-31.

***Objections to Defendants' Proffered Evidence:*** Lacks foundation, lacks authentication, best evidence. Fed. R. Civ. P. 56(c)(4); Fed. R. Evid. 602, 901, 1002. Mr. Capodilupo lacks personal knowledge of which customers the Individual Defendants serviced or what information appears in the Customer Lists beyond what was relayed to him. The Customer Lists are unauthenticated and reflect a March 2, 2026 last-modified date inconsistent with contemporaneous retention and belied by LPL audit reports and logs of the Individual Defendants' accessing and printing of Logix member profiles.

[sic]
*Evidence:* Navarro Decl. ¶¶ 6-65, 70-91, Exs. A-B, H-I, J-K; Chinn-Liu Decl. ¶ 13, Ex. 30-31.

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

| 5. | Defendants' Reply: | |
|---|---|---|
| | Logix's response is once again not responsive to the actual UF. Logix's (false) claim that the Defendants took more than the Customer Lists is irrelevant to UF No. 5. Logix, therefore, despite its alleged "partial dispute," does not actually dispute this UF. | |
| 6. | Over 95% of the customers whose contact information is on the Customer Lists have their contact information available on public directories, such as nationalpublicdata.com.<br><br>*Evidence:* Capodilupo Decl., ¶ 3 (Dkt. 89-2). | Partially disputed.<br><br>This statement is not fact (or cannot reasonably be verified as to the calculation of the stated percentage or the claim that the customers have placed all of their contact information—first, middle, and last name, email address, multiple phone numbers, and mailing address—"on public directories"). Additionally, the statement is not material to the resolution of Defendants' Motion.<br><br>*Evidence:* Navarro Decl. ¶¶ 6-65, Exs. A-B; Chinn-Liu Decl. ¶ 13, Ex. 30.<br><br>***Objections to Defendants' Proffered Evidence:*** Lacks foundation, improper lay opinion, improper expert opinion, hearsay, misleading. Fed. R. Civ. P. 56(c)(4); Fed. R. Evid. 403, 602, 701, 702, 802. Mr. Capodilupo's declaration does not establish a foundation for Defendants' conclusion in the Motion that the information they stole was "publicly available," that |

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

the customers consented or otherwise had anything to do with their information being made public on the source(s) purportedly consulted by Mr. Capodilupo, that the information is available on multiple public directories, or that the information "available" or locatable within public sources is, in fact, all of the identifying and contact information in Defendants' "Customer Lists." Mr. Capodilupo likewise provides no foundation for his 95% calculation, no methodology, no description of the searches performed, and no support for the proposition that customers consented to or are aware of any "public" listing of their information on the cited website. To the extent the declaration purports to opine on data availability across third-party "public directories," it is improper lay opinion and Mr. Capodilupo has not been qualified as an expert. The third-party website content is hearsay, and the assertion is misleading because it conflates partial fragments of contact data with the comprehensive identifying, financial, and account-related information actually misappropriated.

| | 6. | Defendants' Reply: |
| | | |
| | | Logix again, despite its claimed "partial dispute" of this UF, does not |

15

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

actually articulate any dispute.  Courts may take judicial notice of websites. *See Spy Optic, Inc. v. Alibaba.Com, Inc.*, 163 F. Supp. 3d 755, 762 (C.D. Cal. 2015) (citations omitted); *see also Lakes v. Ubisoft, Inc.*, 777 F. Supp. 3d 1047, 1053 (N.D. Cal. 2025) (judicial notice of websites is proper).  Here, anyone can navigate to nationalpublicdata.com, and other similar public directories, and see that virtually all of the information needed for someone to contact the customers listed on the Customers Lists is publicly available. Logix does not refute this fact, such as by claiming it went to such websites and was unable to locate certain customers.  Logix's theories about what the information on the website might contain, or problems with the information, are non-responsive and speculative.

| 7. | The information on the Customer Lists is also available on LPL's ClientWorks database. *Evidence:* Janios Decl., ¶ 13. (Dkt. 89-17); Martinez Decl., ¶ 13 (Dkt. 89-18); Capodilupo Decl., Ex. 2. (Dkt. 89-4) | Partially disputed. This fact is not material to the present action; immateriality notwithstanding, Logix disputes that the information in the referenced database appears identically to the Customer Lists documents. As stated above, Defendants removed extensive member profiles and financial information to target experienced investment customers. Logix does not dispute that customer name and contact information, in addition to other information about Logix members who are also investment customers, is accessible using appropriately issued credentials for the referenced database. *Evidence:* Navarro Decl. ¶¶ 12-24, 70-91, Exs. A-B, H-I, J-K; Chinn-Liu Decl., Exs. 30-31. |

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

| | | |
|---|---|---|
| | | ***Objections to Defendants' Proffered Evidence:*** Lacks foundation, best evidence. Fed. R. Civ. P. 56(c)(4); Fed. R. Evid. 602, 1002. Mr. Capodilupo has no personal knowledge of the contents, structure, or access controls of LPL's ClientWorks database. The database itself, or authenticated extracts, are the best evidence of its contents. No basis for comparison of the referenced database and Customer List documents is provided. |
| 7. | Defendants' Reply: <br><br> Aside from providing more superfluous allegations that are not responsive to the actual UF, Logix does not dispute that the information on the Customer Lists is obtainable from LPL's ClientWorks database, only that it does not appear in that database identically to how it appears on the Customer Lists, a claim that Defendants have never made, and did not make in this UF. | |
| 8. | Prior to their departure, the Individual Defendants created the Customer Lists by inputting the customers' contact information from LPL's ClientWorks database into spreadsheets. <br><br> ***Evidence:*** Janios Decl., ¶ 13. (Dkt. 89-17); Martinez Decl., ¶ 13 (Dkt. 89-18); Capodilupo Decl., Ex. 2 (Dkt. 89-4). | Disputed. <br><br> The statement and cited evidence conflict with other evidence, including the "last modified" date for the "Customer Lists" which is March 2, 2026, nearly a year after the Individual Defendants' coordinated departure. Additionally, Defendants have refused requests to provide details regarding the "Customer Lists" including when and how they |

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT



| | |
|---|---|
| | were created and completed, and when and how they were used. Further, Janios and Martinez accessed and printed extensive Logix member profiles and exfiltrated an extensive financial report from LPL on Logix members. |
| | *Evidence:* Navarro Decl. ¶¶ 70-91, Exs. A-B, H-I, J-K; Chinn-Liu Decl. ¶ 13, Exs. 30-31. |
| | ***Objections to Defendants' Proffered Evidence:*** Lacks foundation, lacks authentication, Fed. R. Civ. P. 56(c)(4); Fed. R. Evid. 602, 901, 1002. Mr. Capodilupo has no personal knowledge of how or when the Customer Lists were created. The documents cannot be authenticated as contemporaneous; metadata reflects a March 2, 2026 last-modified date, nearly a year after the Individual Defendants' April 2025 departure. No basis for comparison of the referenced database and Customer List documents is provided. |
| 8. | Defendants' Reply: |

Logix's response takes issue with Defendants' cited evidence, but does not provide any evidence of its own to the contrary, such as evidence that the Individual Defendants obtained the contact information in the Customer Lists from some source other than LPL's ClientWorks database.  Indeed, Logix does not point to any examples of other non-LPL ClientWorks

18

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

| | | |
|---|---|---|
| | documents containing the contact information in the Customer Lists and admits in UF No. 7 that the contact information is available on LPL's ClientWorks database. | |
| 9. | Janios paid for the Pareto Systems Course with his own money.<br><br>***Evidence:*** Capodilupo Decl., Ex. 3 (Dkt. 89-5); Janios Decl., ¶ 15 (Dkt. 89-17). | Undisputed.<br><br>This fact is not material to the present action; immateriality notwithstanding, Logix submits that there is no genuine dispute necessary to be litigated as to this fact. |
| 10. | The Pareto Systems Course contains over 500 pages and does not contain any information that was created by or belonging to Logix or that concerns customers.<br><br>***Evidence:*** Capodilupo Decl., ¶ 4 (Dkt. 89-2) and Ex. 3 (Dkt. 89-5); Janios Decl., ¶ 15 (Dkt. 89-17). | Partially disputed.<br><br>The cited evidence does not establish that the referenced course material "does not contain any information that was created by or belonging to Logix," even if it does not contain information specifically relating to customers. The fact is also not material to the resolution of Defendants' Motion.<br><br>***Objections to Defendants' Proffered Evidence:*** Lacks foundation, best evidence, improper opinion. Fed. R. Civ. P. 56(c)(4); Fed. R. Evid. 602, 701, 1002. Capodilupo provides no foundation for personal knowledge of the entire 500+ page course or each of its components. The cited evidence is a "representative sample," not the full document; the course itself is the best evidence of its contents. To the extent the |

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

|  |  | declaration purports to characterize the course's contents through comparison to Logix's confidential information, it is improper lay opinion, and no basis for comparison of the referenced course material and customer information is offered. |
|---|---|---|
| 10. | Defendants' Reply:<br><br>Logix has a copy of the entire Pareto Systems Course in its possession via Defendants' bates numbers JANIOS0000002-513.  Capodilupo Decl., ¶ 4 (Dkt. 89-2).  If Logix believed that a particular piece of information in the course's 500-plus pages was confidential or concerned a customer, it would have cited to it, but it did not. | |
| 11. | The only information that Logix has claimed was misappropriated by the Defendants is the following:<br><br>(1) on April 15, 2026, Logix referred Defendants, under Rule 33(d), to bates numbers LOGIX_000003-41, LOGIX_000042, LOGIX_000093-118, and LOGIX_000119 (the "Print Logs");<br><br>(2) on May 29, 2026, Logix referred Defendants, under Rule 33(d), to bates numbers LOGIX_000969-971; LOGIX_000985; LOGIX_163747-163821; LOGIX_163822-163903; LOGIX_163904-164767; LOGIX_164768-165800; LOGIX_165801-165942; LOGIX_165943-166239; | Disputed.<br><br>The referenced discovery requests asked Logix to describe the trade secrets at issue with "reasonable" particularity and the evidence supporting Logix's claims of misappropriation. The listed bates numbers are not the "only" location or form of the information at issue. For example, pursuant to strict nondisclosure obligations, the information described in these responses and documents is used to populate partner databases to facilitate the provision of investment and wealth management services to Logix members.<br><br>***Evidence:*** Navarro Decl., Exs. A-B; |

20

LOGIX_166240-166549; LOGIX_166550-166845; LOGIX_166846-167020; LOGIX_167021-167197; LOGIX_167198-167368; and LOGIX_167369 (the "Customer Statements"); and

(3) on May 29, 2026, Logix stated "the contents of the Individual Defendants' hard drives, electronic devices, and other non-public materials containing Logix's valuable confidential information that the Individual Defendants improperly took, retained, and/or failed to return to Logix."

*Evidence:* Plaintiff Logix Federal Credit Union's First Amended and Supplemental Objections and Answers to Defendants' First set of Interrogatories to Plaintiff ("Plaintiff's Interrogatory Responses"), No. 2, attached as Exhibit 4 to the Capodilupo Decl. (Dkt. 89-6).

Chinn-Liu Decl., Ex. 30.

***Objections to Defendants' Proffered Evidence:*** Misstates evidence, incomplete, lacks foundation. Fed. R. Civ. P. 56(c)(4); Fed. R. Evid. 106, 602. The cited discovery responses asked Logix to describe the trade secrets at issue with "reasonable" particularity; Defendants improperly recast Logix's responses as an exhaustive identification of all misappropriated material. The cited evidence is incomplete and removed from context, and Mr. Capodilupo lacks personal knowledge of Logix's discovery positions or the universe of misappropriated material. Indeed, Defendants only provided details of their supposed retention and copying of information from LPL's database in their Motion documents. Evidence reveals this statement is less than candid in that extensive financial reports and member profiles were exfiltrated.

*Evidence:* Navarro Decl. ¶¶ 70-91, Exs. A-B, H-I, J-K; Chinn-Liu Decl., Exs. 30-31.

| 11. | Defendants' Reply: |
| --- | --- |
| | This UF simply restates Logix's responses to Interrogatory No. 2. In response, Logix fabricates words in Defendants' Interrogatory No. 2, and provides other superfluous nonresponsive information. Interrogatory plainly |

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

requested, in relevant part: "IDENTIFY each DOCUMENT which YOU allege constitutes a trade secret and/or confidential information that the DEFENDANTS improperly accessed, removed, used, and/or misappropriated."  Defendants accurately described Logix's response in this UF, which Logix does not dispute.  Logix cannot, in the middle of summary judgment, retroactively change its response to identify more information, or attempt to provide the absent particularity.

| 12. | The Print Logs list over 1,200 alleged documents, and over 5,000 pages, that were allegedly printed by the Individual Defendants between November 1, 2024 through April 9, 2025, some of which are named: "Document.pdf"; "Policy Detail"; "Document"; "None"; "Statement"; and "...ta/Jack%20Henry%20and%20Associ." *Evidence:* Capodilupo Decl., ¶ 6. (Dkt. 89-2). | Undisputed. This fact is not material to the resolution of Defendants' Motion; immateriality notwithstanding, Logix submits that there is no genuine dispute necessary to be litigated as to this fact. |
| --- | --- | --- |
| 13. | The Print Logs list approximately 200 documents that are portions of the Pareto Systems Course, which, due to the manner in which it was electronically stored, were printed in over 200 separate print jobs, by course section. *Evidence:* Capodilupo Decl., ¶ 6. (Dkt. 89-2); Capodilupo Decl., Ex. 3 (Dkt. 89-5); Martinez Decl., ¶ 15 (Dkt. 89-18). | Undisputed. This fact is not material to the present action; immateriality notwithstanding, Logix submits that there is no genuine dispute necessary to be litigated as to this fact. |

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| | |
|---|---|
| 13. | **Defendants' Reply:**<br><br>While Logix admits this fact is not in dispute, Logix seemingly attempts to use the Individual Defendants' printing of the Pareto Systems Course as evidence of misappropriation of customer information. In Navarro Decl., ¶¶ 73-4 Logix seems to refer to Martinez printing "over 200 files in rapid succession from his Logix workstation" as evidence of impropriety. However, in this UF, Logix admits that those 200 files were the Pareto Systems Course, which in UF No. 10 above, Logix does not dispute contains no confidential customer information. |

| | | |
|---|---|---|
| 14. | The Customer Statements contain over 3,500 pages of information.<br><br>*Evidence:* Capodilupo Decl., ¶ 7 (Dkt. 89-2). | Undisputed.<br><br>This fact is not material to the present action; immateriality notwithstanding, Logix submits that there is no genuine dispute necessary to be litigated as to this fact. |
| 15. | The Customer Statements produced were printed or generated by Logix from Logix's computer systems or databases in or around March 2026 and/or May 2026.<br><br>*Evidence:* Capodilupo Decl., ¶ 7 (Dkt. 89-2). | Partially disputed.<br><br>While not material to the present action, this statement is not supported by the cited evidence. The statement is also incomplete. The referenced documents were exported for final review and production in this action in 2026, but capture the information that was available to the Individual Defendants at the time of their departure.<br><br>*Evidence:* Navarro Decl. ¶¶ 11-28, 71-90, Exs. A-B, H-I.<br><br>***Objections to Defendants' Proffered*** |

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

HIRSCHFELD KRAEMER LLP<br>ATTORNEYS AT LAW<br>SANTA MONICA

|  |  |  |
|---|---|---|
|  |  | *Evidence:* Lacks foundation, best evidence, incomplete. Fed. R. Civ. P. 56(c)(4); Fed. R. Evid. 106, 602, 1002. Capodilupo lacks personal knowledge of when, by whom, or from what source the Customer Statements were generated. The documents themselves are the best evidence of their contents. The assertion is also incomplete: while the documents were exported for production in 2026, they capture information available to the Individual Defendants at the time of their April 2025 departure. |
| 15. | Defendants' Reply: <br><br> Despite its purported response, Logix actually affirms this UF. |  |
| 16. | Throughout their affiliation with LPL and Logix, the Individual Defendants regularly printed documents, put them in folders, and personally delivered them to customers as part of their work as LPL-registered financial advisors. <br><br> *Evidence:* Capodilupo Decl., ¶ 6 (Dkt. 89-2); Janios Decl., ¶¶ 5-6 (Dkt. 89-17); Martinez Decl., ¶¶ 5-6 (Dkt. 89-18). | Disputed. <br><br> Whether the Individual Defendants ever previously printed documents for purposes of their job duties—servicing the customers referred to them by Logix—is not material to the resolution of their Motion. As evidenced over the timeframe captured in the log, the activity captured in the logs produced as (LOGIX_000042, LOGIX_000119) was atypical for the Individual Defendants. Defendants also have not supported their claim that they delivered the printed materials to |

24

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

customers, or that they did so with respect to the customer documents in the print logs or LPL logs.

*Evidence:* Navarro Decl. ¶¶ 71-90, Exs. H-I.

***Objections to Defendants' Proffered Evidence:*** Lacks foundation, conclusory, improper opinion, Fed. R. Civ. P. 56(c)(4); Fed. R. Evid. 602, 701. The declarants' general statements about "regular" printing practice lack foundation as to the specific volume, content, and timing of activity captured in Logix's print logs. The assertion is conclusory, and to the extent declarants opine on what is "typical" of their employment-related activity, it is improper lay opinion. The assertion also disregards key contextual facts, such as the amount of client meetings the Individual Defendants could reasonably have had scheduled for their pre-planned last day as Logix employees, policies against printing such documents, and the requests made prior to and throughout this litigation for Defendants to remediate all Logix documents in their possession, including in hard copy format.

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| 16. | Defendants' Reply: | |
|-----|-------------------|---|
| | Logix's claim that this UF is in dispute is contradicted by its own sworn testimony. For example, though false and not supported by the evidence, Logix uses the Individual Defendants' earlier printing activity from the print logs as a baseline against which to argue that their printing activity closer to their departure was irregular. *See* Navarro Decl., ¶ 75. In doing so, Logix is necessarily admitting at least some of the Individual Defendants' printing was done in the regular performance of the Individual Defendants work. Certainly Logix is not claiming that documents printed in November 2024, several months before the Individual Defendants even began talking with Osaic, and several months before the allegations in the Complaint began, was improper, or that the Individual Defendants did not print documents as part of their regular work. Logix's claimed dispute of this UF is disingenuous at best. | |
| 17. | Up until the moment of their separation from LPL and Logix, the Individual Defendants continued to meet with clients and deliver documents to them as part of their work as LPL-registered financial advisors, including communicating with customers in April 2025 regarding taxes and the market volatility resulting from U.S. tariff negotiations.<br><br>***Evidence:*** Janios Decl., ¶¶ 5-6 (Dkt. 89-17); Martinez Decl., ¶¶ 5-6 (Dkt. 89-18). | Disputed.<br><br>Immateriality aside, the cited evidence offers no proof of the Defendants' activities "until the moment of their separation," and does not even specify a date or time that "moment of their separation" is intended to refer to. Additionally, no foundation is provided for Defendants' claims as to the referenced "communicat[ions] with customers." Additionally Janios and Martinez texted regarding a reduction in the scope or nature of Janios' duties as of January 28, 2025.<br><br>***Evidence:*** Navarro Decl. ¶ 70; Chinn-Liu Decl., Exs. 8 (text messages in which Janios and |

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA



Martinez coordinate a reduction in work to be performed for Logix to accommodate work for Osaic), 9-26 (documents in Defendants' production evidencing plans to move business to Osaic as early as 2024 and concentrating in early 2025).

***Objections to Defendants' Proffered Evidence:*** Lacks foundation, vague, conclusory, Fed. R. Civ. P. 56(c)(4); Fed. R. Evid. 602. The cited declarations offer no foundation for personal knowledge of the Individual Defendants' conduct "until the moment of their separation," and fail to specify a date or time to which "moment of their separation" refers. There is also no support for Defendants' proffered excuse behind the communications ("regarding taxes and the market volatility").

| 17. | Defendants' Reply: |
|---|---|
| | Logix's response is contradicted by its admission in UF No. 18 below that the Individual Defendants continued to open LPL accounts for customers even on the day of their departure, April 9, 2025, thereby generating revenue for Logix.  As previously described in UF No. 3 above, the very first customer listed on Navarro Decl., Ex. K is the parent on behalf of whose child Janios opened an LPL death-beneficiary account on the day of his departure, as described in paragraph 5 of Janios' Declaration (Dkt. 89-17). |
| 18. | The Individual Defendants opened at least one LPL account for a customer |  Undisputed. |

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

| | | |
|---|---|---|
| | on or around April 9, 2025.<br><br>*Evidence:* Janios Decl., ¶ 5 (Dkt. 89-17). | This fact is not material to the present action; immateriality notwithstanding, Logix submits that there is no genuine dispute necessary to be litigated as to this fact. |
| 19. | Defendants did not retain or misappropriate any of the documents printed by the Individual Defendants in the videos produced by Logix in bates numbers LOGIX_000001; LOGIX_000002; LOGIX_000959; LOGIX_000960; LOGIX_000089; LOGIX_000090; LOGIX_000091; LOGIX_000092; LOGIX_000152; LOGIX_000153; LOGIX_000154; LOGIX_000962 (the "Videos").<br><br>*Evidence:* Janios Decl., ¶¶ 9, 16 (Dkt. 89-17); Martinez Decl., ¶¶ 9, 16 (Dkt. 89-18); Capodilupo Decl., ¶¶ 6, 8-9 (Dkt. 89-2) and Ex. 5 (Dkt. 89-7). | Disputed.<br><br>Defendants' cited declarations do not support the stated proposition. Evidence from various sources, including Defendants' own documents, shows their misappropriation of customer information, including information that was captured in the print logs. Defendants also refused to produce the photos they actually took.<br><br>*Evidence:* Navarro Decl. ¶¶ 70-90, 91-98, Ex. L; Chinn-Liu Decl., Exs. 6, 30.<br><br>***Objections to Defendants' Proffered Evidence:*** Conclusory, lacks foundation, best evidence. Fed. R. Civ. P. 56(c)(4); Fed. R. Evid. 602, 1002. The cited declarations offer a conclusory denial that fails to set out specific facts and is directly contradicted by the surveillance footage of the Individual Defendants accessing, printing, and recording Logix's confidential information, as well as the requests Defendants made through the LPL platform to |

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| | | download, print, or transfer client information. |
|---|---|---|
| 19. | Defendants' Reply:<br><br>The Defendants provided sworn declarations that they "did not retain or misappropriate any of the documents printed by the Individual Defendants in the videos produced by Logix." Janios Decl., ¶¶ 9, 16 (Dkt. 89-17); Martinez Decl., ¶¶ 9, 16 (Dkt. 89-18). Logix responds by citing to the evidence of, and a declaration recounting, the Individual Defendants printing documents. Logix's response does not address this UF. Printing documents does not equate to retention or misappropriation. Logix provides no evidence to support this claimed inference of the print logs and video footage of printing, or rebut Defendants' sworn testimony against such an inference. Logix also does not cite or articulate which of "Defendants' own documents, shows their misappropriation of customer information." | |
| 20. | All of the documents printed by the Individual Defendants in the Videos were either given to clients, did not contain confidential information or trade secrets, or were used for the benefit of LPL and Logix.<br><br>*Evidence:* Janios Decl., ¶¶ 9, 16 (Dkt. 89-17); Martinez Decl., ¶¶ 9, 16 (Dkt. 89-18); Capodilupo Decl., ¶¶ 6, 8-9 (Dkt. 89-2) and Ex. 5 (Dkt. 89-7). | Disputed.<br><br>None of the evidence cited supports Defendants' claim. In particular, there is no evidence for the Defendants' delivery of the hard copy documents in their possession to any customer(s), what information the documents purportedly given to customers contained, or the purported "benefit" of any such use of the referenced documents. Moreover, the claim is inconsistent with Defendants' successful conversion of over 100 customers in under a year, Defendants' revenues to date, and Defendants' stated plans to move customers over months prior to departure. |

HIRSCHFELD KRAEMER LLP<br>ATTORNEYS AT LAW<br>SANTA MONICA

29

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

| | | |
|---|---|---|
| | | ***Evidence:*** Navarro Decl., Ex. L; Chinn-Liu Decl. ¶ 9, Ex. 27. <br><br>***Objections to Defendants' Proffered Evidence:*** Lacks foundation, conclusory, improper opinion, Fed. R. Civ. P. 56(c)(4); Fed. R. Evid. 602, 701. None of the cited evidence establishes the disposition of each printed document, identifies which documents were purportedly delivered to which customers, or describes the contents of documents purportedly given to customers. The declarants' characterization of the "benefit" of such use to LPL and Logix is improper lay opinion. |
| 20. | Defendants' Reply: <br><br>Logix seemingly attempts to place the burden on Defendants to prove a negative – that they did not misappropriate information.  However, the burden is on Logix to "affirmatively present specific evidence sufficient to create a genuine issue of material fact for trial." *Green v. Monrovia Nursery Co.,* 2019 WL 7173141, at *3 (C.D. Cal. Nov. 5, 2019), *aff'd,* 833 F. App'x 337 (Fed. Cir. 2021) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 324-5 (1986)).  Logix's apparent reference to the fact that 100 customers transferred their accounts from LPL to Osaic in less than a year's time is not sufficient to overcome Janios and Martinez's sworn declarations that they did not misappropriate information.  Indeed, common sense dictates that a year is considerably more than enough time for two financial advisors to email or call the clients with whom they have worked for years and process the transfer of their brokerage accounts, all of which Janios and Martinez were entitled to do as a matter of law.  Logix's response to this UF does not cite to any evidence suggesting that the conversion of 100 accounts in less | |

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

than year is impossible without misappropriating information, nor does Logix articulate what supposed information would have helped them to do so. Nor could it, as all a financial advisor needs is the customer's contact information, which is non-confidential public data, and a personal relationship with the client. *See, e.g.,* UF, ¶ 21 (citing emails in which Janios asked customers to provide him with information necessary to process the transfer of their accounts). In fact, in some cases, the transfer of accounts was facilitated by the fact that the customer contacted the Individual Defendants upon being informed of their departure by Logix. *See* UF, ¶ 22.

| 21. | After the Individual Defendants separated from LPL and Logix, customers chose to transfer their LPL securities accounts to Osaic and provided Defendants with documents and information to process the transfers.<br><br>*Evidence:* Janios Decl., ¶¶ 8-11 (Dkt. 89-17); Martinez Decl., ¶¶ 8-11 (Dkt. 89-18); Capodilupo Decl., ¶ 17 (Dkt. 89-2) and Ex. 13 (Dkt. 89-15). | Disputed.<br><br>The evidence cited supports Defendants' claim, particularly regarding the transfer of documents and information as exclusively one-way: from customer to the Individual Defendants. The Individual Defendants do not cite to any documents reflecting these transmittals, nor do they contradict the evidence demonstrating improper retention and theft. Whether the Individual Defendants were able to obtain some of the information from customers post-transition is immaterial.<br><br>*Evidence:* Navarro Decl. ¶¶ 70-90, 91-98, Ex. L; Chinn-Liu Decl., Exs. 6, 30.<br><br>***Objections to Defendants' Proffered Evidence:*** Lacks foundation, improper opinion, hearsay, Fed. R. |

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT



HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

| | | Civ. P. 56(c)(4); Fed. R. Evid. 602, 701, 802.  The cited declarations lack foundation as to customers' independent motivations for transferring accounts and constitute improper lay opinion on customer state of mind. To the extent the declarations rely on customer statements offered for their truth, they are hearsay. The assertion is also contradicted by pre-departure communications reflecting plans to convert Logix's customers and calendar reminders capturing customer information used to schedule meetings within Defendants' first week at Osaic. |
|---|---|---|
| 21. | Defendants' Reply:<br><br>Logix's response is again unclear, as they seemingly affirm the fact that customers transferred their accounts and shared necessary information to do so with the Individual Defendants.  Indeed, Capodilupo Decl., Ex. 13 (Dkt. 89-15) provides two examples of Janios setting up calls with clients to collect the very basic information needed to process account transfers.  In response, Logix appears to repeat its citation to evidence that the Individual Defendants accessed and printed documents between November 2024 and April 9, 2025, and customers chose to continue working with them at Osaic, none of which is unlawful, and none of which rebuts the specific evidence cited by Defendants in this UF testifying and demonstrating that information necessary to process transfers was obtained from customers after the Individual Defendants' departure. | |
| 22. | Some customers contacted the Individual Defendants to request that their LPL accounts be transferred to | Partially disputed.<br><br>The assertion is not supported by the |

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| | | |
|---|---|---|
| | Osaic after the customers received notice from Logix that the Individual Defendants left and their LPL accounts were being assigned to a new LPL financial advisor.<br><br>*Evidence:* Janios Decl., ¶¶ 8-11 (Dkt. 89-17); Martinez Decl., ¶¶ 8-11 (Dkt. 89-18); Plaintiff Interrogatory Responses No. 10 (referencing Logix letters to clients), attached as Exhibit 4 to the Capodilupo Declaration (Dkt. 89-6); Capodilupo Decl., ¶ 18 (Dkt. 89-2) and Ex. 14 (Dkt. 89-16). | evidence cited, and does not contradict the evidence that the Individual Defendants planned for months to bring over business from the customers handed to them by Logix, and used information from Logix's and LPL's confidential databases to target and solicit customers. The assertion is also not material, as it is entirely consistent with the events alleged in Logix's Complaint and supported by the evidence cited in opposition to the Motion.<br><br>*Evidence:* Navarro Decl. ¶¶ 70-90, 91-98, Ex. L; Chinn-Liu Decl. ¶ 9, Exs. 6, 8, 9-27, 30. |
| 22. | **Defendants' Reply:**<br><br>Logix's response is again not responsive to the specific UF.  In particular, Logix does not address or provide any evidence rebutting the example of a customer reaching out to the Individual Defendants upon receipt of a letter from Logix stating their accounts were being reassigned to a new financial advisor with whom they had never worked.  Capodilupo Decl., ¶ 14 (Dkt. 89-16). | |
| 23. | The footage of Janios hovering his phone over documents in bates number LOGIX_000002 shows Janios using his mobile phone scanner to email Osaic his signed variable annuity salesperson appointment forms for Delaware Life, Midland National Life | Disputed.<br><br>The statement is not responsive to all of the videos produced in discovery, showing the Individual Defendants engaging in various efforts to retain company information –not just one video of Janios using a phone that |

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

Hirschfeld Kraemer LLP
Attorneys At Law
Santa Monica

| | |
|---|---|
| Insurance Company, MassMutual Ascend, and Athene ("Annuity Forms").<br><br>*Evidence:* Janios Decl., ¶ 16 (Dkt. 89-17); Capodilupo Decl., ¶ 9 (Dkt. 89-2) and Ex. 5 (Dkt. 89-7). | can be explained away in this manner. Additionally, the assertion is not plausible given the evidence of the Individual Defendants' months-long plans and collaborations with each other and Osaic.<br><br>*Evidence:* Navarro Decl. ¶¶ 70-90, 91-98, Ex. L; Chinn-Liu Decl. ¶ 9, Exs. 6, 8, 9-27, 30. |
| 23. | Defendants' Reply:<br><br>Logix seems to accept Defendants' evidence cited in this UF that the particular footage in LOGIX_000002 shows Janios using his mobile phone scanner to email Osaic his signed variable annuity salesperson appointment forms, as Logix states that the footage in LOGIX_000002 "can be explained away[.]"  Thus, despite Logix's purported "dispute" of this UF, it appears to accept it is undisputed.  Logix's reference to superfluous other videos not addressed in this specific UF is not responsive. |
| 24. | Janios did not photograph Martinez's computer in LOGIX_000152.<br><br>*Evidence:* Janios Decl., ¶¶ 9, 16 (Dkt. 89-17); Martinez Decl., ¶¶ 9, 16 (Dkt. 89-18). | Disputed.<br><br>Similarly to the preceding statement, this assertion is not responsive to all of the videos produced in discovery, showing the Individual Defendants engaging in various efforts to retain company information. Additionally, the assertion is not plausible given the evidence of the Individual Defendants' months-long plans and collaborations with each other and Osaic, and the lack of any contrary explanation of what Janios was doing. Determination of what the |

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

34

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| | | |
|---|---|---|
| | | video actually shows should be left to the factfinder.<br><br>***Evidence:*** Navarro Decl. ¶¶ 70-90, 91-98, Ex. L; Chinn-Liu Decl. ¶ 9, Exs. 6, 8, 9-27, 30. |
| 24. | <u>Defendants' Reply:</u><br><br>In this UF, and the preceding UF No. 24, Defendants are specifically addressing the only videos which Logix has claimed show the Individual Defendants photographing information.  Thus, Logix's reference to other videos is not responsive.<br><br>As regards the specific footage in LOGIX_000152, Logix's response does not rebut the Individual Defendants' sworn declarations that they did not photograph Logix's computer screen.  Logix's response also does not rebut the numerous declarations previously submitted in this action by counsel and the Individual Defendants that they searched for and produced all photos on their phone relating to Logix.  *See, e.g.,* Capodilupo Decl., ¶ 19 (Dkt. 89-2); Dkt. 82.  Logix's claim that the declarations are not "plausible" is baseless and speculative.  Logix has pointed to no evidence that any of Logix's information was photographed, other than complaining that the photographs produced by the Individual Defendants do not support their claims.  Logix cannot create a genuine dispute for this UF. | |
| 25. | Logix is a credit union regulated by the National Credit Union Association ("NCUA") and provides deposit and lending services to customers.<br><br>***Evidence:*** Capodilupo Decl., ¶ 10 (Dkt. 89-2) and Ex. 6 (Dkt. 89-8). | Undisputed.<br><br>This fact is not material to the present action; immateriality notwithstanding, Logix submits that there is no genuine dispute necessary to be litigated as to this fact. |
| 26. | Logix was paid a share of the | Partially disputed. |

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

HIRSCHFELD KRAEMER LLP<br>ATTORNEYS AT LAW<br>SANTA MONICA

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

| | | |
|---|---|---|
| | commissions generated by the Individual Defendants' financial advisory services.<br><br>*Evidence:* Dkt. 52, Page ID# 630-1; Capodilupo Decl., ¶¶ 11-13 (Dkt. 89-2), Ex. 7, § 1B (Dkt. 89-9), and Exs. 8-9 (Dkt. 89-10 and 11). | Logix was not paid a "share" of the Individual Defendants' commissions, but pursuant to its networking arrangement with LPL did receive compensation for referring its members for investment and wealth management services. As explained in the opposition, Logix's networking arrangement with LPL is consistent with applicable rules and regulations, such that whether or not its compensation under the arrangement is classified by the relevant regulatory authorities as a "commission" is not material.<br><br>*Evidence:* Navarro Decl. ¶¶ 6-8, 65. |
| 26. | Defendants' Reply:<br><br>Defendants' claimed dispute of this UF is directly contracted by their response to UF No. 28 below in which they state there is no dispute that: "LPL paid 'to [the Individual Defendants] and [Logix] … commissions in accordance with the agreement between LPL and [Logix] … (the 'FIS Agreement').' " | |
| 27. | Logix is not registered as a Broker-Dealer with the SEC, and therefore, not licensed to sell securities or otherwise provide securities services.<br><br>*Evidence:* Capodilupo Decl., ¶ 15 (Dkt. 89-2) and Ex. 11 (Dkt. 89-13); Compl., ¶ 10; Capodilupo Decl., Ex. 7 (Dkt. 89-9), §1A, Exs. 8-9 (Dkt. | Partially disputed.<br><br>Logix offers its members wealth management and investment services to its members through partnerships with appropriately licensed and registered broker-dealers.<br><br>*Evidence:* Navarro Decl. ¶ 6. |

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| | | |
|---|---|---|
| | 89-10 and 11). | |
| 27. | Defendants' Reply:<br><br>Logix's citation to a single paragraph in the Navarro Decl. subjectively characterizing the nature of Logix's business does not come close to rebutting the considerable evidence cited by Defendants in this UF, including Logix's own disclosures on its website, Logix's contracts with LPL and the Individual Defendants, and LPL's disclosure of its relationships with unregistered financial institutions like Logix.  *See also*, UF ¶¶ 28-9 (affirming the contracts and websites proving Logix is not licensed to engage in securities business).  Moreover, Navarro Decl., ¶ 6 actually affirms this UF, as it states only that Logix "offers its members *access to* [securities services] *through partnerships with appropriately licensed and registered broker-dealers.*"  (emphasis added).  In other words, Logix admits that it is not appropriately licensed to provide securities services and must instead contract with others who are, namely LPL and its financial advisors, such as (formerly) the Individual Defendants. | |
| 28. | Pursuant to the FIS Registered Representative Agreements ("RR Agreements"), LPL contracted with Logix, including the following terms:<br><br>a.  Under Section 1A, LPL appointed each of the Individual Defendants "as a limited agent to service customers of [Logix] by soliciting purchases of (i) securities and investments offered through LPL in its capacity as a broker/dealer; (ii) products and services offered through LPL in its capacity as an investment adviser; and (iii) | Undisputed.<br><br>This fact is not material to the present action; immateriality notwithstanding, Logix submits that there is no genuine dispute necessary to be litigated as to the fact of the contents of the FIS Registered Representative Agreements. |

HIRSCHFELD KRAEMER LLP<br>ATTORNEYS AT LAW<br>SANTA MONICA

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT



insurance products offered through LPL and/or its affiliates in its capacity as an insurance agency; to depositors and customers of [Logix] and to the general public."

b. Under Section 1B, LPL paid "to [the Individual Defendants] and [Logix] … commissions in accordance with the agreement between LPL and [Logix] … (the 'FIS Agreement')."

c. Under Section 1D, LPL bore complete and total responsibility to "supervise [the Individual Defendants] with respect to all aspects of securities transactions and related securities business."

***Evidence:*** Capodilupo Decl., Ex. 7, §§ 1A, B, and D (Dkt. 89-9).

| | | |
|---|---|---|
| 29. | As quoted from Logix's website: <br><br> "The financial consultants of Logix Financial Services are registered representatives with, and Securities and advisory services are offered through LPL Financial (LPL), a registered investment advisor and broker/dealer (member | Undisputed. <br><br> This fact is not material to the present action; immateriality notwithstanding, Logix submits that there is no genuine dispute necessary to be litigated as to this fact. |

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

FINRA/SIPC). Insurance products are offered through LPL or its licensed affiliates. Logix Federal Credit Union (LFCU) and Logix Financial Services are not registered as a broker/dealer or investment advisor. Registered representatives of LPL offer products and services using the name Logix Financial Services, and may also be employees of LFCU. These products and services are being offered through LPL or its affiliates, which are separate entities from and not affiliates of LFCU or Logix Financial Services. Securities and insurance offered through LPL or its affiliates are:

- Not Insured by NCUA or Any Other Government Agency
- Not Credit Union Guaranteed
- Not Credit Union Deposits or Obligations
- May Lose Value

Logix Federal Credit Union provides referrals to financial professionals of LPL Financial LLC ("LPL") pursuant to an agreement that allows LPL to pay the Financial Institution for these referrals. This creates an incentive for the Financial Institution to make these referrals, resulting in a conflict of interest. The Financial Institution is not a current client of

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| | | |
|---|---|---|
| | LPL for brokerage or advisory services. Please visit https://www.lpl.com/disclosures/is-lpl-relationship-disclosure.html for more detailed information."<br><br>*Evidence:* Capodilupo Decl., ¶12 (Dkt. 89-2) and Ex. 8 (Dkt. 89-10). | |
| 30. | The Individual Defendants have long term personal relationships with customers which they developed through years of providing direct personal service and attention to their finances, including understanding each customer's unique financial goals, investing customers' funds in accordance with those goals, adjusting investments based on market conditions and changing goals, and regularly communicating with customers.<br><br>*Evidence:* Janios Decl., ¶ 4 (Dkt. 89-17); Martinez Decl., ¶ 4 (Dkt. 89-18). | Partially disputed.<br><br>The Individual Defendants were provided with investment clients through referrals generated by Logix. The Individual Defendants did not have relationships with these customers before their employment by Logix, and neither Janios nor Martinez brought any customer accounts with them to Logix.<br><br>*Evidence:* Navarro Decl. ¶¶ 55-57.<br><br>***Objections to Defendants' Proffered Evidence:*** Lacks foundation, conclusory, improper opinion. Fed. R. Civ. P. 56(c)(4); Fed. R. Evid. 602, 701. The cited declarations lack foundation as to the origin of each customer relationship; the evidence establishes that the relationships originated through Logix's referrals to the Individual Defendants, not through independent origination. The characterization of "long term personal relationships" is conclusory |

HIRSCHFELD KRAEMER LLP<br>ATTORNEYS AT LAW<br>SANTA MONICA

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| | | | |
|---|---|---|---|
| | | | and improper lay opinion. |
| 30. | Defendants' Reply: | | |
| | Logix does not dispute any of the facts in this UF.  Logix argues only that the Individual Defendants may not have personally known the customers *before* they began working with them, a claim not made by Defendants in this particular UF. | | |
| 31. | Not a single account held by Logix transferred to Osaic, only accounts held by LPL transferred to Osaic.

*Evidence:* Janios Decl., ¶ 19 (Dkt. 89-17); Martinez Decl., ¶ 19 (Dkt. 89-18); Capodilupo Decl., Ex. 8 ("Securities and insurance offered through LPL or its affiliates are … Not Credit Union Deposits or Obligations") (Dkt. 89-10). | | Partially disputed.

This fact is not material to the present action.

All transferred accounts were held by individuals or entities who were first members of Logix. Accordingly, all customers who invest through LPL in connection with the Logix program are, in the first instance, Logix customers and members, and their relationship with LPL exists solely by virtue of their prior and ongoing relationship with Logix.

*Evidence:* Navarro Decl. ¶¶ 51-52. Objections to Defendants' Proffered Evidence: Misleading, incomplete. Fed. R. Evid. 106, 403. The assertion improperly conflates account custody with the underlying customer relationships and information at issue, and misleadingly implies that the absence of "Logix account" transfers negates the misappropriation of Logix's |

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

|  |  | |
|---|---|---|
|  |  | confidential information and customer relationships. The cited website disclosure is selectively quoted and incomplete. |
| 31. | Defendants' Reply:<br><br>Logix does not actually address or dispute the facts in this specific UF. Logix's superfluous allegations of whether the customers were "first members of Logix" or why the customers of LPL exist, are nonresponsive. Logix, therefore, concedes that no accounts transferred from Logix to Osaic. Indeed, Logix does not point to a single non-LPL account that transferred. | |
| 32. | In response to Plaintiff's discovery requests, Defendants have produced approximately 18,000 pages of documents, over the course of multiple stages (10,000 documents in March 2026, an additional 4,000 documents in April 2026, and their final production of 4,000 documents on May 18, 2026), including emails and text messages with customers, emails and text messages between the Defendants, photos on the Individual Defendants' phones, and any documents and communications which relate to the allegations in the Complaint.<br><br>*Evidence:* Capodilupo Decl., ¶ 19 (Dkt. 89-2). | Disputed to the extent the statement implies a complete record of Defendants' participation in discovery or their actual communications with each other and with customers. *See* Dkts. 81 (May 14, 2026 order) and 92 (Plaintiff's Motion to Compel and for Sanctions.<br><br>This fact is not material to the present action; immateriality notwithstanding, Logix submits that there is no genuine dispute necessary to be litigated as to this fact. Logix further maintains, and does not concede, that Defendants have not complied with their discovery obligations. (*See* Dkt. 92.) |
| 32. | Defendants' Reply:<br><br>Logix disputes only purported inferences that can be drawn from this UF, | |

42

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

but not the facts in the UF.  Moreover, Logix's repeated claim that Defendants have failed to comply with discovery are belied by the Court's May 14, 2026 Order denying, completely, Logix's motion to compel. Defendants have also opposed Logix's eleventh-hour effort to baselessly claim noncompliance with the Court's May 14 Order.  *See* Dkt. 93.

| 33. | LPL is a signatory to the Protocol for Broker Recruiting, which permits financial advisors who transition to a new brokerage firm to retain their customers' contact information.<br><br>***Evidence:*** Capodilupo Decl., ¶ 16 (Dkt. 89-2) and Ex. 12 (Dkt. 89-14). | Disputed.<br><br>The Protocol for Broker Recruiting (the "Protocol") only applies when, among other conditions, both firms involved are signatories to the Protocol. Logix is not, and has never been, a signatory to the Protocol. The FIS Registered Representative Agreements (the "Representative Agreements") entered into among Logix, LPL, and the Janios and Martinez (respectively) specifically provide that notwithstanding the Protocol, Logix has a "separate protectable business interest" in its confidential information, and the Individual Defendants expressly agreed to "waive any benefit" afforded him under the Protocol. Further, LPL has modified its participation in the Protocol to expressly states that it "will enforce the terms of agreements," like the Representative Agreements.<br><br>***Evidence:*** Navarro Decl. ¶¶ 66-68; Chinn-Liu Decl. ¶¶ 10-11.)<br><br>***Objections to Defendants' Proffered*** |

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

| | | |
|---|---|---|
| | | *Evidence:* Misstates evidence, lacks foundation, improper opinion, incomplete, best evidence. Fed. R. Civ. P. 56(c)(4); Fed. R. Evid. 106, 602, 701, 702, 1002. The assertion misstates the Protocol, which governs transitions between member firms and was expressly modified by LPL to preserve the enforcement of separate agreements with financial institutions like Logix. Capodilupo lacks personal knowledge of LPL's contractual modifications and is not qualified to offer expert testimony as to the scope or interpretation of the Protocol. The Protocol and LPL's written modification are the best evidence of their terms, and Defendants' selective presentation omits the modification altogether. |
| 33. | Defendants' Reply:<br><br>Nothing in Logix's response addresses or disputes the fact that LPL is a signatory to the Protocol, which is also publicly available information. *See* https://www.jsheld.com/markets-served/financial-services/broker-recruiting/the-broker-protocol. | |
| 34. | Defendants did not retain, disclose, use, or otherwise misappropriate Logix's confidential non-trade secret information, undermine Logix's business relationships, or engage in any "deceptive or misleading conduct to persuade customers and | Disputed.<br><br>While Logix does not concede that the information at issue is not a trade secret, the Individual Defendants admit taking Logix customer information—specifically, customers |

44

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| | |
|---|---|
| members to leave Logix and/or its partners," as alleged in paragraph 82 of the Complaint.<br><br>*Evidence:* Compl., ¶ 82; Dkt. 52, Page ID# 630; Janios Decl., ¶ 17 (Dkt. 89-17); Martinez Decl., ¶ 17 (Dkt. 89-18). | predisposed to invest. Audit trails produced by LPL pursuant to subpoena show that Janios and Martinez accessed Logix-derived customer materials, including spreadsheets titled "CLIENTS–JANIOS," "CLIENTS–AM [Anthony Martinez]," and "Client-Summary-2-3-2025," just weeks before their planned departures. Logix print logs, database access records, and related analyses further establish that they printed large volumes of customer documents, including member profiles, before leaving—conduct prohibited for financial consultants. Surveillance recordings from days before their departures depict the Individual Defendants printing documents, placing them into bags and briefcases, and photographing documents and Logix computer screens. They had planned their transition to Osaic weeks in advance without notice and, upon joining Osaic, immediately diverted Logix members en masse. To date, they have diverted approximately 137 clients—representing about 210 accounts—causing Logix to lose roughly $440,000 in annual management fees, with projected losses of up to $2,200,000 over time based on the accounts' expected lifespan and activity. |

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT



***Evidence:*** Dkt. 89-4 (the "Customer Lists"); Navarro Decl. ¶¶ 70-90, 92-98; Chin-Liu Decl. ¶¶ 7-8, 14.)

***Objections to Defendants' Proffered Evidence:*** Conclusory, improper legal conclusion, Fed. R. Civ. P. 56(c)(4); Fed. R. Evid. 701. The cited declarations offer a conclusory denial that constitutes an improper legal conclusion rather than admissible fact.

34. <u>Defendants' Reply:</u>

As previously stated in UF Nos. 3, 4 and 11, and as set forth in more detail in Defendants' Memorandum, the Individual Defendants were specifically asked in Interrogatory No. 2 to simply identify the information which they allege that the Defendants misappropriated, and provide a brief description of how.  In response, Logix merely made Rule 33(d) references to thousands of pages of documents, without articulating what that information supposedly contained or how the Defendants used it.  Logix's response to Interrogatory No. 2 shows, at best, only that the Individual Defendants regularly accessed and printed customer information in the normal course of their duties as LPL-registered financial advisors, and is insufficient at this stage of litigation.  Logix's attempts to retroactively supplement their response to Interrogatory No. 2 to manufacture a genuine dispute where none exists are prohibited as a matter of law.  *See, e.g.*, *Cambridge Elecs.*, 227 F.R.D. at 323–24; *Freeman Inv. Mgmt. Co., LLC v. Frank Russell Co.*, 2016 WL 5719819, at *11–12 (S.D. Cal. Sept. 30, 2016), *aff'd,* 729 F. App'x 590 (9th Cir. 2018) ("Plaintiff's attempt to revise its trade secret identification at [summary judgment was] simply too little too late.").  Moreover, even if Logix's late allegations were permissible, they still fail to satisfy Logix's burden to point to specific evidence from which a reasonable jury could conclude that Defendants misappropriated Logix's information.  Indeed,

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| | | |
|---|---|---|
| | Logix's response to this UF reiterates its claim that accessing and printing documents creates a genuine dispute of misappropriation. | |
| 35. | Defendants did not delete or destroy Logix's data as alleged in paragraph 60 of the Complaint.<br><br>***Evidence:*** Compl., ¶ 60; Dkt. 52, Page ID# 629; Janios Decl., ¶ 18 (Dkt. 89-17); Martinez Decl., ¶ 18 (Dkt. 89-18); Plaintiff's Response to Interrogatory No. 14 attached as Exhibit 1 to the Capodilupo Decl. (Dkt. 89-3). | Disputed.<br><br>Defendants have failed to produce clear and reliable metadata for key documents, including the photographs the Individual Defendants purportedly took before their departure and the so-called "Customer Lists." The Customer Lists do not match the documents identified in LPL's production or the client profiles and similar materials reflected in Logix's print and access logs. The limited metadata that has been produced shows a last modified date of March 2, 2026. Defendants' failure to produce these materials supports the inference that relevant Logix data was deleted or destroyed.<br><br>***Evidence:*** Chinn-Liu Decl. ¶ 15.<br><br>***Objections to Defendants' Proffered Evidence:*** Conclusory, lacks foundation, Fed. R. Civ. P. 56(c)(4); Fed. R. Evid. 602. The cited declarations offer a conclusory denial without foundation as to the disposition of materials retained on personal devices, including the photographs captured on the surveillance footage that Defendants have never produced. |

Hirschfeld Kraemer LLP
Attorneys At Law
Santa Monica

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

| | | |
|---|---|---|
| 35. | Defendants' Reply:<br><br>Logix points to no evidence of deleted documents.  Logix's entire claim is based on baseless speculation in a single declaration paragraph from counsel, claiming, without any evidence, that Defendants have failed to produce documents.  This does not satisfy Logix's burden at summary judgment.  Moreover, Logix has repeatedly claimed to have conducted forensic examination of the Individual Defendants' Logix computers (*see, e.g.,* Navarro Decl. ¶ 79) which would have produced evidence of deleting documents if any existed. | |
| 36. | Logix has no personal relationship with the Individual Defendants' customers with respect to their securities accounts.<br><br>***Evidence:*** Janios Decl., ¶ 4 (Dkt. 89-17); Martinez Decl., ¶ 4 (Dkt. 89-18); Capodilupo Decl. Exs. 7-9 (Dkt. 89-9 - Dkt. 89-11) | Disputed.<br><br>This fact is not material to the present action. The Individual Defendants were provided with investment clients through referrals generated by Logix. The Individual Defendants did not have relationships with these customers before their employment by Logix, and neither Janios nor Martinez brought any customer accounts with them to Logix. All transferred accounts were held by individuals or entities who were first members of Logix. Accordingly, all customers who invest through LPL in connection with the Logix program are, in the first instance, Logix customers and members, and their relationship with LPL exists solely by virtue of their prior and ongoing relationship with Logix. |

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| | | |
|---|---|---|
| | | *Evidence:* Navarro Decl. ¶¶ 51-57.<br><br>***Objections to Defendants' Proffered Evidence:*** Lacks foundation, improper opinion, misleading. Fed. R. Civ. P. 56(c)(4); Fed. R. Evid. 403, 602, 701. The cited declarations lack foundation as to Logix's institutional relationships with its members, and constitute improper lay opinion. The assertion misleadingly conflates "securities account" custody with the broader Logix–member relationships that are at issue, and ignores that the customers were referred to the Individual Defendants by Logix in the first instance. |
| 36. | *Defendants' Reply:*<br><br>Logix's response does not even allege, let alone point to evidence of, any relationship between Logix and customers with respect to their securities accounts.  For instance, Logix does not point to any individual at Logix who provided financial advisory services to clients.  The paragraphs cited in the Navarro Declaration state only that the customers were known to Logix by virtue of having credit union accounts with Logix. | |
| 37. | All financial advisory services provided to customers in this case by the Individual Defendants, were provided exclusively in the Individual Defendants' capacity as LPL-registered financial advisors.<br><br>*Evidence:* Capodilupo Decl. Exs. 7-9 | Partially disputed.<br><br>This fact is not material to the present action. The Individual Defendants entered into the Representative Agreements and provided financial advisory services by virtue of, and as part of their work |

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| | | |
|---|---|---|
| | (Dkt. 89-9 - Dkt. 89-11) | for, Logix. Under the Representative Agreements—to which Logix was a party—the Individual Defendants were permitted to act as "limited agent[s] to service customers of [Logix]" by soliciting purchases of products and services offered through LPL. The Individual Defendants were provided with investment clients through referrals generated by Logix.<br><br>*Evidence:* Navarro Decl. ¶¶ 41-44, 51-57.<br><br>***Objections to Defendants' Proffered Evidence:*** Incomplete, improper legal conclusion. Fed. R. Civ. P. 56(c)(4); Fed. R. Evid. 106, 701. The assertion is incomplete in that it ignores the FIS Agreements and Offer Letters that simultaneously bound the Individual Defendants to Logix and governed their use and disclosure of Logix's confidential information. The characterization of the Individual Defendants' "capacity" is an improper legal conclusion. |
| 37. | Defendants' Reply:<br><br>Logix's response does not make clear which parts of this UF are undisputed, and which parts it disputes.  Moreover, Logix fails to articulate or cite to evidence showing how any of the securities services provided by the Individual Defendants was done in their capacity as Logix employees, nor | |

Hirschfeld Kraemer LLP<br>Attorneys At Law<br>Santa Monica

50

could it, as it would require Logix to engage in the unlicensed provision of brokerage and investment advisory services in violation of the SEC.  Lastly, Logix acknowledges that securities services were provided through LPL.

[As stated in Defendants' Reply, Logix's so-called "Statement of Additional Material Facts and Evidence" violate L.R. 56-1, 2, and 3, and should, therefore, not be considered.  To the extent the Court holds otherwise, Defendants respectfully request that the Court advise them regarding the appropriate procedures for responding to a non-moving party's alleged additional undisputed facts and allow them time to comply.]

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

51

Dated:  June 22, 2026                    BOWDITCH & DEWEY LLP

By:  */s/Patrick M. Capodilupo*
      Patrick M. Capodilupo (*Pro Hac Vice*)

Attorneys for Defendants
OSAIC WEALTH, INC., JOHN JANIOS, and ANTHONY MARTINEZ

DANIEL H. HANDMAN (SBN 236345)
dhandman@hkemploymentlaw.com
HIRSCHFELD KRAEMER LLP
1299 Ocean Avenue, Suite 750
Santa Monica, California 90401
Telephone:  (310) 255-0705
Facsimile:   (310) 255-0986

Steven L. Manchel (*Pro Hac Vice*)
Patrick M. Capodilupo (*Pro Hac Vice*)
BOWDITCH & DEWEY LLP
75 Federal Street, Suite 1000
Boston, MA 02110
(617) 757-6500
(508) 929-3099 (fax)
smanchel@bowditch.com
pcapodilupo@bowditch.com
HIRSCHFELD KRAEMER LLP

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

## CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2026, I caused a copy of the foregoing to be served by email on all counsel of record, including the following:

Michael D. Wexler (*pro hac vice*)
mwexler@seyfarth.com
Besma Fakhri (*pro hac vice*)
bfakhri@seyfarth.com
233 South Wacker Drive, Suite 8000
Chicago, Illinois 60606-6448
Telephone: (312) 460-5000
Facsimile: (312) 460-7000

Sierra J. Chinn-Liu (SBN 322994)
schinnliu@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone: (310) 277-7200
Facsimile: (310) 201-5219

*Attorneys for Plaintiff*
LOGIX FEDERAL CREDIT UNION

/s/Patrick M. Capodilupo
Patrick M. Capodilupo

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT