SEYFARTH SHAW LLP
Michael D. Wexler (*pro hac vice*)
mwexler@seyfarth.com
Besma Fakhri (*pro hac vice*)
bfakhri@seyfarth.com
233 South Wacker Drive, Suite 8000
Chicago, Illinois 60606-6448
Telephone:  (312) 460-5000
Facsimile:   (312) 460-7000

Sierra J. Chinn-Liu (SBN 322994)
schinnliu@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:  (310) 277-7200
Facsimile:   (310) 201-5219

*Attorneys for Plaintiff*
LOGIX FEDERAL CREDIT UNION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOGIX FEDERAL CREDIT UNION,<br><br>Plaintiff,<br><br>v.<br><br>OSAIC WEALTH, INC.; JOHN JANIOS; ANTHONY MARTINEZ; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:25-cv-07788-RGK-MAR<br><br>**PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW (L.R. 16-4)**<br><br>Judge:  Hon. R. Gary Klausner<br>Crtrm:  850<br><br>Date Action Filed:  August 19, 2025<br>Trial Date:  August 4, 2026 |

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

# TABLE OF CONTENTS

I.  INTRODUCTION ...................................................................................................1

II. SUMMARY OF LOGIX'S CLAIMS AND KEY EVIDENCE IN SUPPORT (L.R. 16-4.1(A)-(C)) ..........................................................................2

III. DEFENDANTS' AFFIRMATIVE DEFENSES, ELEMENTS TO THOSE DEFENSES, AND KEY EVIDENCE OF LOGIX'S RESPONSES TO THOSE DEFENSES (L.R. 16-4.1(D)-(F))...............................................................7

IV. STATEMENTS FOR ALL THIRD PARTIES (L.R. 16-4.1(G)) ..........................14

V.  ANTICIPATED EVIDENTIARY ISSUES (L.R. 16-4.1(H)) ...............................14

VI. ISSUES OF LAW (L.R. 16-4.1(I))......................................................................14

VII. BIFURCATION (L.R. 16-4.3) ............................................................................14

VIII. JURY TRIAL (L.R. 16-4.4) ...............................................................................14

IX. ATTORNEYS' FEES (L.R. 16-4.5).....................................................................14

X.  ABANDONMENT OF ISSUES (L.R. 16-4.6) ......................................................15

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Alta Devices, Inc. v. LG Elecs., Inc.*,
343 F. Supp. 3d 868 (N.D. Cal. 2018)............................................................4

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)........................................................................................7

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)........................................................................................7

*Brownback v. King*,
592 U.S. 209 (2021)........................................................................................9

*ChromaDex, Inc. v. Elysium Health, Inc.*,
369 F. Supp. 3d 983 (C.D. Cal. 2019)........................................................2, 3

*Dairy Employees Union Local No. 17 v. Poel*,
2014 WL 12884088 (C.D. Cal. Sept. 15, 2014)............................................8

*DeSalvo v. Islands Restaurants, L.P.*,
2020 WL 403701 (C.D. Cal. July 16, 2020)..............................................9, 12

*Desert European Motorcars, Ltd. v. Desert European Motorcars, Inc.*,
2011 WL 3809933 (C.D. Cal. Aug. 25, 2011).............................................8

*Douglass v. Glenn E. Hinton Investments, Inc.*,
440 F.2d 912 (9th Cir. 1971).......................................................................10

*G&G Closed Circuit Events, LLC v. Alfaro*,
2023 WL 1803399 (E.D. Cal. Feb. 7, 2023)..............................................12

*J & J Sports Prods., Inc. v. Catano*,
2012 WL 5424677 (E.D. Cal. Nov. 6, 2012)................................................8

*Javo Beverage Co. v. California Extraction Ventures, Inc.*,
2019 WL 6467802 (S.D. Cal. Dec. 2, 2019)..............................................10

*JEHM, LLC v. Palmtree Clinical Research, Inc.*,
2018 WL 1991732 (S.D. Cal. Apr. 27, 2018)............................................10

*Khan v. Google*,
2024 WL 5220884 (C.D. Cal. Dec. 24, 2024)..............................................9

*LL B Sheet 1, LLC v. Lokutoff*,
362 F. Supp. 3d 804 (N.D. Cal. 2019)..........................................................7

*Mag Instrument, Inc. v. JS Prod., Inc.*,
595 F. Supp. 2d 1102 (C.D. Cal. 2008).........................................................8

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

*Mendiondo v. Centinela Hosp. Med. Ctr.*,
  521 F.3d 1097 (9th Cir. 2008) ...................................................................................7

*NovelPoster v. Javitch Canfield Grp.*,
  140 F. Supp. 3d 938 (N.D. Cal. 2014)........................................................................5

*Obesity Rsch. Inst., LLC v. Fiber Rsch. Int'l, LLC*,
  165 F. Supp. 3d 937 (S.D. Cal. 2016).........................................................................6

*Salomon & Ludwin, LLC v. Winters*,
  150 F.4th 268 (4th Cir. 2025) ..................................................................................13

*Space Data Corp. v. X*,
  No. 16-cv-03260-BLF, 2017 WL 5013363 (N.D. Cal. Feb. 16, 2017)........................4

*United States v. Acad. Mortg. Corp.*,
  2020 WL 7056017 (N.D. Cal. Dec. 2, 2020)................................................................8

*W. Air Charter, Inc. v. Schembari*,
  2018 WL 10157139 (C.D. Cal. Nov. 21, 2018) .........................................................11

**State Cases**

*GHK Assocs. v. Mayer Group, Inc.*,
  224 Cal. App. 3d 855 (Ct. App. 1990).......................................................................12

*HA & W Cap. Partners, LLC v. Bhandari*,
  816 S.E.2d 804 (2018) ...............................................................................................13

*Kwikset Corp. v. Super. Ct.*,
  51 Cal.4th 310 (2011) ..................................................................................................6

*Oasis W. Realty, LLC v. Goldman*,
  51 Cal. 4th 811, 124 Cal.Rptr.3d 256, 250 P.3d 1115 (2011) ................................2, 3

**Federal Statutes**

15 U.S.C. § 78cc ..............................................................................................................14

15 U.S.C. § 78cc(b)..........................................................................................................10

18 U.S.C. § 1836..........................................................................................................3, 10

18 U.S.C. § 1836(b)(3)(D) ...............................................................................................14

United States Code Title 15 Chapter 2B..........................................................................10

Securities Exchange Act of 1934 .....................................................................................10

**State Statutes**

Cal. Bus. & Prof. Code § 16600 ......................................................................................11

Cal. Bus. & Prof. Code § 16600(a)..................................................................................11

iii

Cal. Bus. & Prof. Code § 17200, et seq. ........................................................................ 6

Cal. Civ. Code § 3426.1, et seq. .................................................................................... 4

Cal. Civ. Code § 3426.7(b) ........................................................................................... 10

California Civil Code § 3426.4 ...................................................................................... 14

California Penal Code § 502 ......................................................................................5, 11

California Penal Code § 502(e)(2) ................................................................................. 14

California Uniform Trade Secrets Act ........................................................................4, 10

Defend Trade Secrets Act .............................................................................................. 3

**Rules**

Federal Rule of Civil Procedure 12(b)(6) ....................................................................... 7

Federal Rule of Civil Procedure 54 ............................................................................... 14

L.R. 16-4.1(i) ............................................................................................................... 14

L.R. 16-4.1(a)-(c) ........................................................................................................... 1

L.R. 16-4.1(d)-(f) ........................................................................................................... 7

L.R. 16-4.1(g) ............................................................................................................... 13

L.R. 16-4.1(h) ............................................................................................................... 14

L.R. 16-4.3 ................................................................................................................... 14

L.R. 16-4.4 ................................................................................................................... 14

L.R. 16-4.5 ................................................................................................................... 14

L.R. 16-4.6 ................................................................................................................... 15

**Other Authorities**

CACI No. 303 .............................................................................................................2, 3

CACI No. 1812 ............................................................................................................... 5

CACI No. 4401 ............................................................................................................... 4

iv

Pursuant to Local Rule 16-4, Plaintiff Logix Federal Credit Union ("Logix" or "Plaintiff") submits this Memorandum of Contentions of Fact and Law.

## I.      **Introduction**

This action arises from Defendants'[1] coordinated efforts to misappropriate Logix's confidential and trade secret information and use that information to divert Logix's members for their own financial benefit and unfairly compete with Logix. The Individual Defendants exploited access granted to them solely by virtue of their employment with Logix—where they were entrusted with servicing Logix members—to take proprietary member information and use it to compete unfairly against Logix in concert with Osaic.

The misappropriated information included, among other things, the identities of members inclined to invest substantial assets, as well as non-public details concerning client preferences, investment objectives, asset allocations, family circumstances, reinvestment instructions, and other sensitive data not available from public sources. Armed with this information, Defendants engaged in—and continue to engage in—unlawful conduct designed to solicit Logix's members and redirect their business.

The impact of Defendants' actions has been significant and ongoing. Since the Individual Defendants' abrupt resignation without notice on or about April 9, 2025, more than 100 Logix members, representing over 200 separate accounts, transferred their business to Defendants. This mass departure caused Logix substantial financial harm, as well as damage to its reputation, goodwill, and competitive position.

The evidentiary record supporting Logix's claims is robust and is set forth in detail in Logix's Opposition to Defendants' Motion for Summary Judgment and accompanying Statements of Material Facts (Dkt. 100). Consistent with Local Rule 16-4, Logix submits this Memorandum to briefly highlight the key evidence supporting its claims, without prejudice to its right to present all relevant evidence at trial.

---

[1] "Defendants" refers to Defendants Osaic Wealth, Inc. ("Osaic"), John Janios ("Janios"), and Anthony Martinez ("Martinez"). Janios and Martinez are collectively referred to as the "Individual Defendants."

## II.    Summary of Logix's Claims and Key Evidence in Support (L.R. 16-4.1(a)-(c))

Logix pleads and plans to pursue at trial the following claims:

### Claim 1: Breach of Janios's Confidentiality Agreements

Summary: Janios breached his offer letter with Logix, executed on or about October 24, 2013, and his FIS Registered Representative Agreement, to which Logix is a party, effective on or about February 15, 2018.

Elements:

(1) The existence of the contracts;

(2) Logix's performance or excuse for nonperformance;

(3) Janios's breach of the contracts; and

(4) Resulting damages to Logix.

*See* CACI No. 303; *ChromaDex, Inc. v. Elysium Health, Inc.*, 369 F. Supp. 3d 983, 987 (C.D. Cal. 2019) (quoting *Oasis W. Realty, LLC v. Goldman* , 51 Cal. 4th 811, 821, 124 Cal.Rptr.3d 256, 250 P.3d 1115 (2011)).

Key Evidence: Logix expects to present testimony and documentary evidence demonstrating that Janios—by his own admissions in these proceedings—took and used Logix-cultivated information regarding its members and used that information to solicit and generate business on behalf of himself and Osaic, in breach of his contractual obligations to Logix. Logix will further introduce evidence that, shortly before his abrupt resignation, Janios accessed and printed a substantial volume of Logix documents and data containing confidential customer information, including detailed member profiles and financial investing information. In addition, Logix intends to establish that Janios's misuse of Logix's confidential information directly caused significant damages to Logix, including the diversion of more than 100 members from Logix—along with the associated profits and future revenues—as a result of Janios's exploitation of that information.

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

**Claim 2: Breach of Martinez's Confidentiality Agreements**

Summary: Martinez breached his offer letter with Logix, executed on or about April 6, 2018, and his FIS Registered Representative Agreement, to which Logix is a party, effective on or about May 14, 2018.

Elements:

(1) The existence of the contracts;

(2) Logix's performance or excuse for nonperformance;

(3) Martinez's breach of the contracts; and

(4) Resulting damages to Logix.

*See* CACI No. 303; *ChromaDex, Inc. v. Elysium Health, Inc.*, 369 F. Supp. 3d 983, 987 (C.D. Cal. 2019) (quoting *Oasis W. Realty, LLC v. Goldman* , 51 Cal. 4th 811, 821, 124 Cal.Rptr.3d 256, 250 P.3d 1115 (2011)).

Key Evidence: Logix expects to present testimony and documentary evidence demonstrating that Martinez—by his own admissions in these proceedings—took and used Logix-cultivated information regarding its members and used that information to solicit and generate business on behalf of himself and Osaic, in breach of his contractual obligations to Logix. Logix will further introduce evidence that, shortly before his abrupt resignation, Martinez accessed and printed a substantial volume of Logix documents and data containing confidential customer information and financial investing information, including detailed member profiles. In addition, Logix intends to establish that Martinez's misuse of Logix's confidential information directly caused significant damages to Logix, including the diversion of more than 100 investment members from Logix—along with the associated profits and future revenues—as a result of Martinez's exploitation of that information.

**Claim 3: Misappropriation of Trade Secrets in Violation of the Defend Trade Secrets Act, 18 U.S.C. § 1836, et seq.**

Summary: Defendants misappropriated Logix's trade secrets in violation of the Defend Trade Secrets Act ("DTSA").

Elements (as to Each Defendant):

(1) Logix owned a trade secret;

(2) Defendant misappropriated the trade secret;

(3) Defendant's actions damaged Logix.

See CACI No. 4401; *Space Data Corp. v. X*, No. 16-cv-03260-BLF, 2017 WL 5013363, at *2 (N.D. Cal. Feb. 16, 2017) (citation omitted); *Alta Devices, Inc. v. LG Elecs., Inc.*, 343 F. Supp. 3d 868, 877 (N.D. Cal. 2018).

Key Evidence: Logix expects to present testimony and documentary evidence establishing that each Defendant misappropriated Logix's trade secrets, including its detailed, non-public member information—such as data concerning customers' investment preferences, objectives, assets and willingness to invest. Logix will show that this information was developed through substantial time, effort, and resources, is not publicly available, and holds significant competitive value by identifying prequalified, investment-ready clients. Logix will further demonstrate that it took reasonable measures to protect this information, including restricting access, employing technical safeguards, and requiring confidentiality agreements. Finally, Logix will present evidence that Defendants' misappropriation caused substantial harm, including the loss of more than 100 investment members—along with the associated profits and future revenues—resulting from Defendants' unauthorized use of its trade secrets.

**Claim 4: Misappropriation of Trade Secrets in Violation of the California Uniform Trade Secrets Act, Cal. Civ. Code § 3426.1, et seq.**

Summary: Defendants misappropriated Logix's trade secrets in violation of the California Uniform Trade Secrets Act ("CUTSA").

Elements (as to Each Defendant):

(1) Logix owned a trade secret;

(2) Defendant misappropriated the trade secret;

(3) Defendant's actions damaged Logix.

See CACI No. 4401; *Space Data Corp. v. X*, No. 16-cv-03260-BLF, 2017 WL

4

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

5013363, at *2 (N.D. Cal. Feb. 16, 2017) (citation omitted); *Alta Devices, Inc. v. LG Elecs., Inc.*, 343 F. Supp. 3d 868, 877 (N.D. Cal. 2018).

Key Evidence: Logix expects to present testimony and documentary evidence establishing that each Defendant misappropriated Logix's trade secrets, including its detailed, non-public customer information—such as data concerning customers' investment preferences, objectives, assets and willingness to invest. Logix will show that this information was developed through substantial time, effort, and resources, is not publicly available, and holds significant competitive value by identifying prequalified, investment-ready clients. Logix will further demonstrate that it took reasonable measures to protect this information, including restricting access, employing technical safeguards, and requiring confidentiality agreements. Finally, Logix will present evidence that Defendants' misappropriation caused substantial harm, including the loss of more than 100 investment members—along with the associated profits and future revenues—resulting from Defendants' unauthorized use of its trade secrets.

**Claim 5: Violation of California Penal Code § 502**

Summary: The Individual Defendants violated California Penal Code Section 502 by unlawfully accessing Logix's computer systems without authorization and destroying and/or removing data from those systems.

Elements (as to Each Individual Defendant):

(1) Defendant intentionally accessed Logix's computer;

(2) Defendant lacked authority to access the computer or exceeded granted authority to access the computer;

(3) Defendant obtained data from the computer; and

(4) The unauthorized access caused damages or loss.

*See* CACI No. 1812; *NovelPoster v. Javitch Canfield Grp.*, 140 F. Supp. 3d 938, 950 (N.D. Cal. 2014).

Key Evidence: Logix anticipates presenting both testimonial and documentary evidence establishing that the Individual Defendants accessed Logix's computer

5

systems—including its member databases—without authorization or in excess of their authorized access. This access was undertaken to obtain Logix's confidential investment-member information for the purpose of soliciting and diverting that business to themselves and Osaic. The evidence will include testimony from Logix personnel, as well as documents reflecting the Individual Defendants' access to Logix's databases and their subsequent printing and removal of sensitive materials, including member profiles. Logix will further present evidence demonstrating that the Individual Defendants' unauthorized access and misuse of Logix's databases proximately caused substantial harm to Logix, including the loss of more than 100 investment members and the corresponding loss of profits and anticipated future revenues.

**Claim 6: Unfair Competition in Violation of Cal. Bus. & Prof. Code § 17200, et seq.**

Summary: Defendants unfairly competed with Logix by taking, retaining, and/or using Logix's confidential information as part of a deliberate scheme to deprive Logix of the benefits of its own investment and efforts, steal the fruits of its labor, and gain an unfair advantage in the marketplace. Defendants used, and are using, Logix' confidential information to actively undermine Logix's customer and member relationships and divert accounts to a competing entity (Osaic), and the Individual Defendants engaged, and are engaging in, deceptive or misleading conduct in order to persuade customers and members to leave Logix and/or its partners.

Elements (as to Each Defendant):

(1) A loss or deprivation of money or property to Logix sufficient to qualify as injury; and

(2) That the economic injury was the result of the unfair business or practice or false advertising that is the gravamen of the claim.

*See Obesity Rsch. Inst., LLC v. Fiber Rsch. Int'l, LLC*, 165 F. Supp. 3d 937, 947 (S.D. Cal. 2016); *Kwikset Corp. v. Super. Ct.*, 51 Cal.4th 310, 322 (2011).

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

Key Evidence: Logix anticipates presenting both testimonial and documentary evidence at trial demonstrating that Defendants engaged in unfair competition through improper business practices, including the unauthorized access to and use of Logix's confidential information and proprietary database. Specifically, the evidence will show that Defendants exploited Logix's nonpublic and highly valuable customer investing information to systematically divert members and shift their business to the Individual Defendants and Osaic. Logix further expects to establish that the Individual Defendants, acting at the encouragement or direction of Osaic, exfiltrated and utilized Logix's confidential information to obtain an improper competitive advantage in soliciting investment clients. Finally, Logix will introduce evidence quantifying the damages resulting from Defendants' unfair, deceptive, and/or misleading business practices, including, but not limited to, the ill-gotten gains Defendants realized through their unlawful conduct.

## III. Defendants' Affirmative Defenses, Elements to Those Defenses, and Key Evidence of Logix's Responses to Those Defenses (L.R. 16-4.1(d)-(f))

Logix lists below and responds to the affirmative defenses asserted by Defendants in their Answer to Plaintiff's Complaint (Dkt. 54).

### 1. Failure to State a Claim.

Summary: Defendants allege that Logix's "Complaint fails, in whole or in part, to state a claim upon which relief can be granted."

Elements: Dismissal for failure to state a claim, under Federal Rule of Civil Procedure 12(b)(6) is "appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (a complaint need to contain "detailed factual allegations," but merely "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'") (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

7

Key Evidence: This is not a cognizable affirmative defense, but rather a parroting of the standard under Federal Rule of Civil Procedure 12(b)(6). *See LL B Sheet 1, LLC v. Lokutoff*, 362 F. Supp. 3d 804, 818  (N.D. Cal. 2019) ("[F]ailure to state a claim is not a proper affirmative defense."). In any event, Logix's claims have already withstood Defendants' Rule 12(b)(6) motion to dismiss. (Dkt. 52.) Moreover, as set forth in Section II above, the evidentiary record amply demonstrates that Logix's claims are both legally viable and supported by substantial facts.

### 2. Unclean Hands, Estoppel, Waiver, and/or Laches.

Summary: Defendants allege that "[t]he claims and requests for relief in the Complaint are barred, in whole or in part, by unclean hands, estoppel, waiver, and/or laches."

Elements: "The doctrine of unclean hands bars a plaintiff from seeking equitable relief only where some unconscionable act of [the plaintiff] has immediate and necessary relation to the equity that he seeks in respect of the matter in litigation." *Mag Instrument, Inc. v. JS Prod., Inc.*, 595 F. Supp. 2d 1102, 1110 (C.D. Cal. 2008). There is no evidence of this or detail.

Defendants' affirmative defense of "estoppel" fails as a matter of law because it does not identify which form of estoppel is being asserted. *See J & J Sports Prods., Inc. v. Catano*, 2012 WL 5424677, at *4 (E.D. Cal. Nov. 6, 2012) (striking defense of "estoppel" because it "fails to provide fair notice because [defendants] do not indicate which estoppel defense they are asserting (e.g., judicial estopped, collateral estoppel, equitable estoppel)."). None is identified.

As to waiver, the affirmative defense requires "a defendant to show that a plaintiff has 'intentionally relinquished or abandoned a known right.'" *United States v. Acad. Mortg. Corp.*, 2020 WL 7056017, at *3 (N.D. Cal. Dec. 2, 2020) (quoting *Desert European Motorcars, Ltd. v. Desert European Motorcars*, Inc., 2011 WL 3809933, at *4 (C.D. Cal. Aug. 25, 2011)). None is described.

8

As to laches, Defendants must establish "neglect or delay in bringing suit to remedy an alleged wrong, which taken together with lapse of time and other circumstances, causes prejudice to the adverse party and operates as an equitable bar." *Dairy Employees Union Local No. 17 v. Poel*, 2014 WL 12884088, at *6 (C.D. Cal. Sept. 15, 2014). Again, none is derailed.

Key Evidence: Defendants cannot satisfy the elements of any of these defenses. With respect to unclean hands, there is no evidence that Logix engaged in any "unconscionable" conduct, let alone conduct bearing an immediate relation to the claims at issue. To the contrary, the filing of this lawsuit is supported by Defendants' concerted and unlawful conduct, as detailed in Section II above.

The defenses of estoppel, waiver, and laches fail for similar reasons. Defendants have not even identified which estoppel theory they invoke, let alone adduced evidence to support it. Nor is there any evidence that Logix intentionally relinquished or abandoned a known right. Finally, Defendants cannot demonstrate any neglect or delay by Logix, or any resulting prejudice, sufficient to support laches.

The record instead demonstrates that Logix acted promptly and diligently. Logix filed this action within weeks of sending letters to Defendants reminding the Individual Defendants of their post-departure obligations, demanding that they cease conduct in violation of those obligations, and requesting the return of Logix's information and documents—demands to which Defendants did not meaningfully respond. On this record, Defendants' equitable defenses fail.

### 3.    Lack of Subject Matter Jurisdiction.

Summary: Defendants allege that "[t]he Court lacks subject matter jurisdiction over the claims in the Complaint."

Elements: Disposing of a case for lack of subject matter jurisdiction "is proper only when the claim is so . . . completely devoid of merit as not to involve a federal controversy." *Khan v. Google*, 2024 WL 5220884, at *8 (C.D. Cal. Dec. 24, 2024)

9

(quoting *Brownback v. King*, 592 U.S. 209, 217 (2021)) (internal quotation marks omitted).

Key Evidence: Lack of subject matter jurisdiction is not a proper affirmative defense. *DeSalvo v. Islands Restaurants, L.P.*, 2020 WL 403701, at *3 (C.D. Cal. July 16, 2020). In any event, there is no basis for such a contention here. Logix's Complaint "expressly states that resolution of its claims will require this Court to apply the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836, and thus presents a clear indication that it present[s] a federal question giving rise to federal subject-matter jurisdiction." *JEHM, LLC v. Palmtree Clinical Research, Inc.*, 2018 WL 1991732, at *3 (S.D. Cal. Apr. 27, 2018) (internal quotation marks omitted). Accordingly, Defendants' jurisdictional challenge is both procedurally improper and substantively baseless.

### 4.    15 U.S.C. § 78cc(b).

Summary: Defendants allege that "[t]he Agreements and the purported restrictions contained therein were illegal, void, and enforceable at inception, pursuant, at a minimum, to 15 U.S.C. §78cc(b)."

Elements: Section 78cc(b) applies to contracts "made in violation of this chapter or any rule or regulation thereunder." 15 U.S.C. § 78cc(b). The "chapter" referenced is Chapter 2B of Title 15 of the United States Code, commonly known as the Securities Exchange Act of 1934. Thus, § 78cc(b) applies specifically to "securities contracts." *Douglass v. Glenn E. Hinton Investments, Inc.*, 440 F.2d 912, 914 (9th Cir. 1971).

Key Evidence: As set forth more fully in Logix's Opposition to Defendants' Motion for Summary Judgment (Dkt. 100), Logix does not sell advisory services or investment products directly to its members. Instead, such products are offered through a registered third-party broker-dealer, LPL Financial LLC ("LPL"). Consistent with standard industry practice, Logix maintains a networking arrangement with LPL that complies with applicable FINRA rules and regulatory requirements. Under these circumstances, the contracts at issue are not "securities contracts" within the meaning of § 78cc(b), and that provision is therefore not implicated here.

10

### 5. Supersession.

Summary: Defendants allege, "Logix's claims are superseded by the California Uniform Trade Secrets Act."

Elements: The CUTSA "does not affect (1) contractual remedies, whether or not based upon misappropriation of a trade secret [or] (2) other civil remedies that are not based upon misappropriation of a trade secret." Cal. Civ. Code § 3426.7(b); *see also Javo Beverage Co. v. California Extraction Ventures, Inc.*, 2019 WL 6467802, at *4 (S.D. Cal. Dec. 2, 2019) ("Claims are not preempted . . . when based upon a broader spectrum of misconduct than misappropriation.").

Key Evidence: As demonstrated in Section II above, each of Logix's non–trade secret misappropriation claims—for breach of contract, violation of § 502, and unfair competition—is supported by facts distinct from those underlying its trade secret claim. These claims rest on a broader spectrum of misconduct—including Defendants' violation of contractual obligations, unauthorized use of Logix's databases, and unfair and deceptive conduct in diverting Logix's clients—that extends beyond mere misappropriation. Indeed, this Court has already rejected Defendants' supersession arguments as to these causes of action. (*See* Order on Defendants' Motion to Dismiss, Dkt. 52).

### 6. Cal. Bus. & Prof. Code § 16600.

Summary: Defendants allege that the "Complaint violates California Business and Professions Code Section 16600."

Elements: Section 16600 provides that a "contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void." Cal. Bus. & Prof. Code § 16600(a). "Employment restrictions that serve to protect a former employer's trade secrets, proprietary information, and confidential information are valid in California." *W. Air Charter, Inc. v. Schembari*, 2018 WL 10157139, at *13 (C.D. Cal. Nov. 21, 2018).

11

Key Evidence: Section 16600 is inapplicable here. As this Court has already recognized, "the law is clear that § 16600 can only apply to contractual claims." (Dkt. 52, Page ID# 628, n. 5). Moreover, this Court has expressly determined that the confidentiality provisions in the Individual Defendants' agreements with Logix are not so overbroad as to implicate § 16600. (*Id.*) Accordingly, Defendants cannot rely on § 16600 to invalidate the contractual protections at issue.

### 7.  Lack of Damages.

Summary: Defendants allege that "Logix has not suffered any damages, including without limitation, because Logix has no securities business, securities customers, or securities information and has not lost any credit union customers as a result of the allegations against Defendants."

Elements: Lack of damages is not a proper affirmative defense. *See DeSalvo*, 2020 WL 4035071, at *2 (explaining that a defense that identifies a purported defect in plaintiff's prima facie case "is not an affirmative defense"); *accord G&G Closed Circuit Events, LLC v. Alfaro*, 2023 WL 1803399, at *12 (E.D. Cal. Feb. 7, 2023) (concluding that lack of damages "is not a proper affirmative defense"). Moreover, California law "only requires some reasonable basis of computation of damages used," and damages may be recovered "even if the result reached is an approximation." *GHK Assocs. v. Mayer Group, Inc.*, 224 Cal. App. 3d 855, 874 (Ct. App. 1990) ("Where the *fact* of damages is certain, the amount need not be calculated with absolute certainty.") (emphasis in original).

Key Evidence: Defendants' assertion of "lack of damages" fails both procedurally and on the merits. As set forth more fully in Section II above, and in Logix's Opposition to Defendants' Motion for Summary Judgment (Dkt. 100), Defendants' conduct has caused substantial and quantifiable harm. Since the Individual Defendants' abrupt resignation from Logix, more than 100 Logix members, comprising over 200 separate accounts, have transferred their business to Defendants. This loss of member investing

12

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

relationships has resulted in significant damages to Logix, including lost profits and lost future revenues. Thus, Logix has plainly established recoverable damages.

### 8.    The Protocol for Broker Recruiting.

Summary: Defendants allege, "At all relevant times, Defendants conduct was in full compliance with all applicable contracts, laws, regulations, and industry standards, including without limitation the Agreements, Financial Industry Regulatory Authority ("FINRA") Rules, SEC laws, and the Protocol for Broker Recruiting, which compliance bars the claims and/or requests for relief in the Complaint."

Elements: The Protocol for Broker Recruiting (the "Broker Protocol") is a "*voluntary* agreement among firms in the financial services industry that allows a departing financial advisor, with written notice, to take certain client information with them when leaving one *member-firm* to join another *member-firm*." S*alomon & Ludwin, LLC v. Winters*, 150 F.4th 268, 271–72 (4th Cir. 2025) (emphasis added). Importantly, participation in the Broker Protocol does not insulate a signatory from liability for all conduct arising out of an advisor's transition. *See id.* (recognizing that, even under the Broker Protocol, advisors and member firms are not permitted to "raid" former firms); *HA & W Cap. Partners, LLC v. Bhandari*, 816 S.E.2d 804, 812 (2018) (the Broker Protocol recognizes that a firm "would continue to be free to enforce whatever contractual . . . restrictions exist on the solicitation of customers").

Key Evidence: As set forth more fully in Logix's Opposition to Defendants' Motion for Summary Judgment (Dkt. 100) and Logix's Motion in Limine No. 1 (Dkt. 104), the Broker Protocol and broker-dealer registration requirements are inapplicable here. Logix is not a signatory to the Broker Protocol, and LPL expressly modified its participation in the Broker Protocol to preserve the enforceability of financial institution confidentiality agreements. In addition, the Individual Defendants expressly "waived" any reliance on the Broker Protocol in their Representative Agreements.

Further, as discussed above, Logix does not sell securities or provide investment advisory services directly. Rather, it lawfully offers access to such services through LPL,

13

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

a registered broker-dealer, pursuant to a standard and permissible industry networking arrangement. Under these circumstances, Defendants cannot invoke the Broker Protocol to excuse or justify their conduct.

## IV. Statements for All Third Parties (L.R. 16-4.1(g))

There are no claims raised by third parties in this matter.

## V. Anticipated Evidentiary Issues (L.R. 16-4.1(h))

Evidentiary issues anticipated by Logix are set forth in its pending Motions *in Limine* (Dkts. 104-106). Logix further intends to request that the Court take judicial notice of LPL's letter clarifying its modified participation in the Broker Protocol (Dkt. 100-44), as it constitutes a quasi-public document appropriate for judicial notice.

## VI. Issues of Law (L.R. 16-4.1(i))

As set forth more fully in Logix's Motion in Limine No. 1 (Dkt. 104), the Broker Protocol, FINRA broker-dealer registration requirements, and 15 U.S.C. § 78cc are, as a matter of law, inapplicable and immaterial to the issues presented in this case. Accordingly, any evidence or argument concerning these matters should be categorically excluded at trial.

## VII. Bifurcation (L.R. 16-4.3)

Logix does not request the bifurcation of any claims or issues at trial.

## VIII. Jury Trial (L.R. 16-4.4)

The parties have requested a jury trial on all claims, and all relevant issues are triable to the jury.

## IX. Attorneys' Fees (L.R. 16-4.5)

Logix is entitled to recover its attorneys' fees and costs on its claims arising under CUTSA and the DTSA pursuant to California Civil Code § 3426.4 and 18 U.S.C. § 1836(b)(3)(D) if the jury finds that Defendants' misappropriation of trade secrets was willful and malicious. Logix is also entitled to recover its attorneys' fees and costs pursuant to the California Penal Code § 502(e)(2). Logix is also entitled to exemplary damages on its claims arising under the DTSA and CUTSA.

14

Logix made a timely demand for attorneys' fees in its Complaint. Upon prevailing at trial, Logix will file a timely motion to recover its attorneys' fees and all other recoverable costs of suit pursuant to Federal Rule of Civil Procedure 54.

## X.   <u>Abandonment of Issues (L.R. 16-4.6)</u>

Logix does not abandon any of its pleaded claims that survived Defendants' Motion to Dismiss.

DATED: June 29, 2026

Respectfully submitted,

SEYFARTH SHAW LLP

By:  /s/ *Sierra J. Chinn-Liu*

Michael D. Wexler (*pro hac vice*)
Sierra J. Chinn-Liu
Besma Fakhri (*pro hac vice*)

Attorneys for Plaintiff
LOGIX FEDERAL CREDIT UNION

15

326753307v.2

# <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned, counsel of record for Plaintiff Logix Federal Credit Union, certifies that this brief contains 4,170 words, which complies with the word limit and page count in the Local Rules and Judge Klausner's standing order dated June 2, 2026.

DATED:  June 29, 2026

By: /s/ *Sierra J. Chinn-Liu*
Michael D. Wexler (*pro hac vice*)
Sierra J. Chinn-Liu
Besma Fakhri (*pro hac vice*)

Attorneys for Plaintiff
LOGIX FEDERAL CREDIT UNION

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW