SEYFARTH SHAW LLP
Michael D. Wexler (*pro hac vice*)
mwexler@seyfarth.com
Besma Fakhri (*pro hac vice*)
bfakhri@seyfarth.com
233 South Wacker Drive, Suite 8000
Chicago, Illinois 60606-6448
Telephone:  (312) 460-5000
Facsimile:   (312) 460-7000

Sierra J. Chinn-Liu (SBN 322994)
schinnliu@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:  (310) 277-7200
Facsimile:   (310) 201-5219

*Attorneys for Plaintiff*
LOGIX FEDERAL CREDIT UNION

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOGIX FEDERAL CREDIT UNION,<br><br>Plaintiff,<br><br>v.<br><br>OSAIC WEALTH, INC.; JOHN JANIOS; ANTHONY MARTINEZ; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:25-cv-07788-RGK-MAR<br><br>**PLAINTIFF'S SURREPLY TO DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT (DKT. 108)**<br><br>Date Action Filed:  August 19, 2025 |

PLAINTIFF'S SURREPLY

## <u>PROPOSED SURREPLY</u>

**I.    DEFENDANTS' MISSTATEMENTS OF FACT REGARDING PLAINTIFF'S DISCOVERY RESPONSES AND DEFENDANTS' ACCESS TO DOCUMENTS REFERENCED IN PLAINTIFF'S OPPOSITION**

Defendants falsely represent in sections 3 and 4 of their reply that they were not provided information about the trade secrets underlying Plaintiff's claims, or documents and video cited in Plaintiff's opposition.

First, the trade secrets at issue were described in Plaintiff's Complaint, discovery responses, annotated supplemental discovery responses, and annotated with specific bates numbers in Rule 26(a) disclosures. The documents containing the referenced member and customer information were produced to Defendants and identified by bates number (*e.g.*, LOGIX_163747 – 167368).

Second, Exhibits J and K to the Navarro Declaration (Dkts. 102-9, 102-10) are summaries for the Court, not new documents, combining information contained in *already* produced documents – namely, logs documenting the Individual Defendants' accessing of customer information within Plaintiff's internal systems in the timeframe immediately preceding their departure (LOGIX_163744), logs documenting the Individual Defendants' printing activity immediately preceding their departure (LOGIX_000003, LOGIX_000093), and a spreadsheet identifying customers who transferred their business to Defendants after Janios' and Martinez' departure (LOGIX_167369). The analyses synthesizing this information have since also been produced (LOGIX_167372) in any event.

Third, Exhibits 30 and 31 to the Chinn-Liu Declaration (Dkts. 102-36, 102-37) were produced on June 12, 2026 to Plaintiff *and Defendants* by third-party LPL Financial LLC in response to a subpoena which was timely served and response sought to be compelled prior to June 3, 2026. *See* Dkt. 102-12 (para. 14).

Fourth, as for Defendants' novel and belated claims regarding the produced videos, Defendants made no effort, beyond amorphous demands for more video in conversations between counsel, to obtain (or articulate the relevance of) additional footage from

timeframes other than just prior to Janios' and Martinez' departure. Defendants have likewise offered no authority requiring Plaintiff to produce, or even maintain, entire days of footage from multiple locations, or support for their conclusion that such additional video would be anything other than superfluous and irrelevant. Defendants' "regular" activities with regard to hard copies of customer profile information or financial documents and use of same for client meetings bear no relation to their activities *just prior to and on their day of their abrupt departure*, and the fact that Defendants dispute what the videos show does not render them "incomplete."

## II. DEFENDANTS' NEW ARGUMENT REGARDING PURPORTED OVERLAP BETWEEN LOGIX AND OSAIC CUSTOMERS, AND CLAIMS OF OWNERSHIP AND OBSOLESCENCE OF LOGIX'S INFORMATION

For the first time in their reply, Defendants impermissibly advance new allegations attempting to explain their admitted improper retention of confidential information relating to Logix customers. Though Defendants previously represented in their motion and other documents that they retained *some* information (according to Defendants, the names and contact information contained in the "Customer List" documents they proposed as JANIOS0000001 and Martinez00000001), Defendants now appear to claim that they did not retain Logix customer information. Defendants now assert, without support, that the Logix customer information they have and use is solely the result of those customers also conducting business with Osaic.

Defendants go on to erroneously assert, also for the first time in their reply, that by virtue of performing their duties for Logix as Financial Advisors to the Logix members referred to them, the Individual Defendants "own" the relationships and business later converted to Osaic and Aristo, and any information they were given access to is "obsolete." As alleged, and corroborated by the member profiles and financial statements Logix produced, the customer information at issue was developed, maintained, and curated over time by Logix personnel. That Janios and Martinez were at one time expected to contribute to the process has no bearing on their novel claims of ownership, and certainly does not render the compilations obsolete. Tellingly, none of these new

2

arguments is accompanied by a supporting citation. *See* Dkt. 108, Page ID #4393-95. *And Defendants never produced in discovery the stolen Logix member profiles and investment information or any such alleged profiles from Osaic.*

## III. DEFENDANTS' NEW ARGUMENT MISCHARACTERIZING AUTHORITIES GOVERNING ARRANGEMENTS BETWEEN BROKER-DEALERS AND FINANCIAL INSTITUTIONS

Aside from failing to respond to the relevant discussion in Plaintiff's opposition, Defendants' characterization of the authorities in section 7 of their reply is inaccurate. Initially, the questions affecting Defendants' enforceability (and any attendant breach) argument do not start and end with "whether Logix was required to register as a broker-dealer with the SEC" or "whether Logix received securities-related compensation." It is irrelevant, inapplicable, and inaccurate.  In no scenario were Defendants free to undermine Logix's business and customer relationships, and steal or retain critical strategic information or sensitive personal and financial information. Additionally, Defendants' wishful thinking to reclassify Logix to justify their improper actions fails as their cited authorities are also incorrect.

First, Defendants point to a letter regarding the sale of nondeposit investments in which the NCUA clarified the intended effect, in terms of burden of compliance, of its guidance for federal credit unions involved in third party brokerage arrangements. *Compare* Dkt. 108, Page ID #4397 *with* 2011 WL 13572797, at *2 ("The intent of this recommendation is to ensure FCUs exercise prudent, independent oversight over the third party brokerage arrangement to help protect their members from potential abuse. The guideline is not intended to impose an investigatory or policing role on FCUs nor to encourage FCUs to engage in inappropriate self-remedy"). The referenced letter merely outlines the desired level of involvement, inapplicable here, of an FCU in supervising investment services provided to its members through a third party.

Second, Defendants similarly remove from context a subsequent letter from the NCUA offering guidance (which actually supports Plaintiff's authorities) to credit unions providing brokerage services through third-party arrangements. *Compare* Dkt. 108, Page

3

ID #4397 *with* 2010 WL 6661496, at *2 ("***The SEC*** permits credit unions to receive transaction-related compensation from the third party broker without triggering the broker-dealer registration requirements, as long as the brokerage arrangement adheres strictly to the terms of the Chubb Letter. . . . Although Regulation R does not apply to federal credit unions, [the] SEC has recognized that third party brokerage arrangements are permissible for federal credit unions") (emphasis added).

Defendants' motion for summary judgment is not well taken and its reply inaccurate and unsupportable.

DATED: July 1, 2026                    Respectfully submitted,

                                       SEYFARTH SHAW LLP


                                       By:  /s/ *Sierra J. Chinn-Liu*
                                            Michael D. Wexler (*pro hac vice*)
                                            Sierra J. Chinn-Liu
                                            Besma Fakhri (*pro hac vice*)

                                            Attorneys for Plaintiff
                                            LOGIX FEDERAL CREDIT UNION

4

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 11-6.1

The undersigned, counsel of record for Plaintiff LOGIX FEDERAL CREDIT UNION, certifies that this brief complies with the word limit of L.R. 11-6.1.

DATED:  July 1, 2026

By:  /s/ *Sierra J. Chinn-Liu*
Michael D. Wexler (*pro hac vice*)
Sierra J. Chinn-Liu
Besma Fakhri (*pro hac vice*)

Attorneys for Plaintiff
LOGIX FEDERAL CREDIT UNION

PLAINTIFF'S SURREPLY

326827254v.1